**Outten & Golden LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Linda A. Neilan (LN 4095)
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  212-245-1000

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

───────────────────────────────

CARLOS TORRES,
on behalf of himself and all others similarly
situated,

                        Plaintiff,

        -against-

GRISTEDE'S OPERATING CORP.; NAMDOR, INC.;
GRISTEDE'S FOODS, INC.; CITY PRODUCE
OPERATING CORP.; GRISTEDE'S FOODS NY, INC.,

                     Defendants.

───────────────────────────────

        ECF CASE 03 CV 3316 (RMB)

───────────────────────────────

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

       Plaintiff Carlos Torres (hereinafter "Torres" or "Plaintiff"), individually and on behalf of

all others similarly situated as class representative, by his attorneys Outten and Golden LLP,

alleges, upon personal knowledge as to himself and upon information and belief as to other

matters, as follows:

**PRELIMINARY STATEMENT**

1.      GRISTEDE'S OPERATING CORP., NAMDOR, INC., GRISTEDE'S FOODS, INC., PRODUCE OPERATING CORP., GRISTEDE'S FOODS NY, INC., (collectively, "Gristede's" or "Defendants") own and operate a chain of over 50 grocery stores throughout New York City, Westchester County, and Long Island.  Upon information and belief, Defendants employ thousands of workers in these stores.

2.      Upon information and belief, it is Gristede's policy to deprive its grocery store workers of wages to which they are entitled under the law.  Gristede's unlawful conduct includes, but is not limited to, requiring its workers to work without compensating them, and requiring its workers to work extensive overtime without paying them at a premium rate.

3.      Plaintiff, Carlos Torres, was a victim of Gristede's unlawful conduct.  Torres worked more than 10 hours per day, six days per week, almost every week of his tenure at Gristede's.  Torres was not compensated at all for some of the time that he worked and did not receive an overtime premium of time and a half for most of the hours that he worked in excess of forty hours per week.  For example, without compensation, Torres was required to arrive at work prior to the beginning of his regularly scheduled shifts to help prepare stores for grand openings. He was also required to work approximately an extra 15 to 45 unpaid minutes per day after his regularly scheduled shifts.  These examples are illustrative and are not intended to exhaustively catalogue the unpaid time that Gristede's required Torres to work for Gristede's benefit.  Upon information and belief, Defendants routinely deprived many other current and former employees, similarly situated to Torres, of their lawful wages as well.

2

4.      Defendants have willfully committed widespread violations of the Fair Labor Standards Act and the New York Labor Law by failing to pay their employees for all hours that they worked, and failing to pay their employees for overtime hours worked in excess of 40 hours per week at a rate of one and one half times their regular rate of pay.

## NATURE OF THE ACTION

5.      This action is brought to recover unpaid wages owed to Torres and all other similarly situated current and former employees of Defendants as well as injunctive and declaratory relief against Defendants' unlawful actions, and attorneys' fees and costs.

6.      Torres brings this action on behalf of himself and all similarly situated current and former employees of Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and specifically the collective action provision of FLSA 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants, that have deprived Torres and others similarly situated of their lawful wages.

7.      Torres also brings this action on behalf of himself, and a class of similarly situated current and former employees of Defendants, pursuant to Fed. R. Civ. Proc. 23, for unpaid wages, including but not limited to unpaid overtime premium wages for their work beyond 40 hours per week, pursuant to the New York Labor Law Article 6 §§ 190 et seq. and Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

9.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

10.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a).  Defendants are subject to personal jurisdiction in the State of New York.

## THE PARTIES

### The Plaintiff

11.     Torres is an adult individual who, at all times relevant to this complaint, has been a resident of the State of New York.  Torres is a resident of New York City.

12.     Torres was an hourly employee of Defendants from approximately October 2002 through approximately February 20, 2004.

### The Defendants

13.     Upon information and belief, Gristede's is a domestic corporation doing business within the City and County of New York, and maintains corporate headquarters within the City and County of New York at 823 Eleventh Avenue, New York, NY 10019.

14.     Upon information and belief, Gristede's maintains control, oversight, and direction over the operation of its facilities, including their employment practices.

## CLASS ALLEGATIONS

15.     Plaintiff brings his FLSA claims on behalf of himself and all similarly situated persons who work or have worked for Gristede's as department managers, night managers, assistant managers (or in other similar job titles) and/or hourly-rate positions in its retail grocery stores (the "FLSA Class") who did not receive overtime premium pay for all hours worked in excess of 40 in the work week.  Gristede's store managers are excluded from the FLSA Class definition.

16.    Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate plaintiffs, and as such, notice should be sent to the FLSA Class.  There are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA who would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable and can be located through Defendants' records.

17.    Plaintiff brings New York Labor Law claims on his own behalf and on behalf of a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of "all full-time employees (i.e., employees who are regularly scheduled to work at least 35 hours in the work week) who have been, or will be, employed by Gristede's in its retail grocery stores in New York State who failed to receive all statutorily-required compensation for all hours worked and/or all statutorily-required overtime premium pay for hours worked in excess of 40 in the work week ("Rule 23 Class").

18.    The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Gristede's.

19.    The claims of Plaintiff are typical of the claims of the Rule 23 Class.

20.    Plaintiff will fairly and adequately protect the interests of the Rule 23 Class.

21.    Gristede's has acted or refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

22.     There are questions of law and fact common to this Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

(a)     whether Gristede's has failed to keep true and accurate time records for all hours worked by Plaintiff and the Rule 23 Class;

(b)     what proof of hours worked is sufficient where employers fail in their duty to maintain true and accurate time records;

(c)     whether Gristede's has failed to compensate Plaintiff and the Rule 23 Class for all of the work that it required and permitted them to perform;

(d)     whether Gristede's has failed to compensate Plaintiff and the Rule 23 Class for work performed in excess of 40 hours per workweek with overtime premium wages;

(e)     whether Gristede's has engaged on a pattern, practice, or policy of encouraging the Rule 23 Class to work off the clock, refusing to pay the Rule 23 Class for hours worked, and/or failing to pay the Rule 23 Class an overtime premium;

(f)     whether Defendant failed and/or refused to pay Plaintiff and the Rule 23 Class overtime pay for hours worked in excess of 40 hours per work week within the meaning of the New York Labor Law Article 6 §§ 190 et seq. and Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142; and

(g)     the nature and extent of Class-wide injury and the appropriate measure of damages for the class.

23.     The claims of the Plaintiff are typical of the claims of the Rule 23 Class he seeks to represent.  Plaintiff and the Rule 23 Class work or have worked for Gristede's in its retail grocery stores and have not been compensated for all of the work that they have performed for the benefit of Gristede's.  Plaintiff and the Rule 23 Class have not been paid a premium for the hours that they worked in excess of forty hours per week.  Plaintiff and the Rule 23 Class have suffered damages, including but not limited to lost regular and overtime compensation, resulting from Gristede's wrongful conduct.  Gristede's acted and refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

24.     Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.

25.     Plaintiff has retained counsel competent and experienced in complex class actions and in labor and employment litigation.

26.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Gristede's common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

7

## CLASSWIDE FACTUAL ALLEGATAIONS

27.     When Plaintiff and the members of the Rule 23 Class and the FLSA Class ("Class Members") accepted employment with Gristede's, they were hired to work at fixed hourly wage rates.

28.     All of the work that Plaintiff and the Class Members have performed has been assigned by Gristede's and/or Gristede's has been aware of all of the work that Plaintiff and the Class Members have performed.

29.     As part of its regular business practice, Gristede's has regularly required, suffered, or permitted its employees, including Plaintiff and the Class Members, to work prior to and after their scheduled shifts.  This work has been integral to Gristede's business.

30.     As part of its regular business practice, Gristede's has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and the New York Labor Law.  This pattern or practice includes but is not limited to:

       a.     willfully failing to record all of the time that its employees, including Plaintiff and the Class Members, have worked for the benefit of Gristede's.

       b.     willfully failing to compensate and/or credit its employees, including Plaintiff and Class Members, for all of the hours that they have worked for the benefit of Gristede's.

       c.     willfully failing to pay its employees, including Plaintiff and the Class Members, a premium for hours that they worked in excess of 40 hours per week.

31.     Upon information and belief, Gristede's unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of attempting to minimize labor costs by violating the FLSA and the New York Labor Law.

32.     Gristede's unlawful conduct has been widespread, repeated, and consistent.

8

## INDIVIDUAL FACTUAL ALLEGATIONS

### Background, Duties, and Compensation

33.     Plaintiff Carlos Torres was hired by Gristede's in approximately October 2002 as an hourly, non-union employee.

34.     Torres worked for Gristede's from approximately October 2002 through approximately February 20, 2004.

35.     Torres's duties included, but were not limited to helping to prepare stores for their grand openings, working as a cashier, working in the dairy department, building displays, stocking shelves, unpacking boxes, stacking merchandise, cleaning, and unloading trucks.

36.     When representatives of the union were in one of the stores in which Torres worked, Torres's supervisors told him to stay in the office so that the union representatives would not see a non-union member doing union work.  When the union representatives left the store, the supervisors then told Torres to go back to performing his duties.

37.     During his entire tenure at Gristede's, Torres's effective hourly rate was $11.00.

38.     In approximately April 2003, Torres requested a raise.  Instead of increasing his hourly rate, Gristede's began to pay him a $100.00 bonus for most (but not all) pay periods.

39.     The $100.00 bonus was not linked to the number of hours that Torres worked.

### Torres was Not Paid for Many of the Hours that he Worked

40.     During his tenure at Gristede's, Torres worked in at least 5 Gristede's stores.

41.     Gristede's pattern or practice of violating the FLSA and the New York Labor Law, as described in this Complaint, affected Torres in each store in which he worked.

42.     Consistent with Gristede's pattern or practice described in this Complaint, Torres was not paid for many of the hours that he worked.

43.     The hours that Torres worked but for which he was not paid include, but are not limited to the following:

(a)     hours that Torres was required to worked prior to the beginning of his regularly scheduled shifts to help prepare stores for grand openings.

(b)     hours that Torres worked when he was required to work an extra 15 to 45 unpaid minutes per day after his regularly scheduled shifts.

44.     Between approximately May 2003 and November 2003, Torres was required to work double shifts on many Wednesdays, from 6:00 AM through 10:00 PM.  Some of the extra time that Torres worked often did not appear in his next paycheck.  Only after repeated complaints, and sometimes weeks of waiting, was Torres compensated for some of this time.

45.     Gristede's failure to pay Torres for all hours that he worked was willful.  Indeed, one of Torres's managers commented that even if Torres worked 90 hours in a week, Gristede's would only pay him for the 60 hours for which he was scheduled to work.

**Gristede's Failed to Keep Accurate Records**

46.     Upon information and belief, consistent with its pattern or practice, Gristede's did not keep accurate records of the hours that Torres worked.

**Torres was Not Paid a Premium for Overtime**

47.     Consistent with Gristede's pattern or practice, Torres was regularly required to work in excess of 40 hours per week without being paid an overtime premium.

48.     Gallo Baseca ("Baseca"), one of Torres's supervisors, told Torres that Gristede's does not pay overtime premiums to its workers except for work performed on Sundays.

49.     Gristede's failure to pay Torres an overtime premium for his work in excess of 40 hours per week was willful.

**Torres was Terminated in Retaliation for Complaining About Unpaid Wages**

50.     Torres complained to his supervisors that he had not been paid wages that he was due.

51.     Soon after some of his complaints, and in retaliation for his complaints, Gristede's brought false charges against Torres, suspended him without pay, terminated him, and otherwise retaliated against him.

### FIRST CAUSE OF ACTION
**(Fair Labor Standards Act)**
**(Brought on Behalf of Plaintiff and all Class Members)**

52.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

53.     Gristede's has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

54.     Plaintiff hereby consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

55.     At all times relevant, Plaintiff was engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

56.     The overtime wage provisions set forth in § 206 and § 207 of the FLSA, and in Article 19 of the New York Labor Law, and the wage payment provisions set forth in Article 6 of the New York Labor Law, apply to Gristede's as an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

57.     Gristede's violations of the FLSA, as described in this Complaint have been willful and intentional.  Gristede's has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

11

58.     Because of Gristede's willful violations of the FLSA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

59.     As a result of Gristede's willful violations of the FLSA, Plaintiff and all others similarly situated have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 206 et seq.

60.     As a result of the unlawful acts of Gristede's, Plaintiff and the FLSA Class have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
**(New York Labor Law: Unpaid Wages)**
**(Brought on Behalf of Plaintiff and all Class Members)**

61.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

62.     At times relevant to this action, Plaintiff was an employee and Gristede's has been an employer within the meaning of the New York Labor Law §§ 190, 651(5).

63.     Gristede's willfully failed to record, credit, or compensate all work performed by its employees at the agreed rate, including Plaintiffs and the Class Members.

64.     By Gristede's failure to pay Plaintiffs and the Class Members their wages for all hours worked at the agreed rate, it has willfully violated the New York Labor Law Article 6, §§ 190 et seq., and Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations.

65.     Due to Gristede's violations of the New York Labor Law, Plaintiff and the Class Members are entitled to recover from Gristede's, their unpaid wages, reasonable attorneys' fees and costs of the action, and other relief pursuant to New York Labor Law Article 6, §§ 190 <u>et seq.</u>, and Article 19, §§ 650 <u>et seq.</u>

**<u>THIRD CAUSE OF ACTION</u>**
**(New York Labor Law: Unpaid Overtime Premium Hourly Wages)**
**(Brought on Behalf of Plaintiff and all Class Members)**

66.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

67.     By Gristede's failure to pay Plaintiff and the Class Members an overtime premium for hours worked in excess of 40 hours per week, it has willfully violated the New York Labor Law Article 6 §§ 190 <u>et seq.</u>, and Article 19, §§ 650 <u>et seq.</u>, and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

68.     Due to Gristede's violations of the New York Labor Law, Plaintiff and the Class Members are entitled to recover from Gristede's their unpaid overtime premium wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and notice and an opportunity for class members, after the determination of class-wide liability and of individual back pay and interest, to intervene in this action or to file their own suits and petition individually for liquidated damages, and other relief pursuant to New York Labor Law Article 6, §§ 190 <u>et seq.</u>, and Article 19, §§ 650 <u>et seq.</u>

13

## FOURTH CAUSE OF ACTION
### (New York Labor Law)
### (Brought by Plaintiff Torres Individually)

69.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70.     Torres complained to Gristede's, his employer, about its violations of Article 6 of the New York Labor Law.

71.     Gristede's violated N.Y. Labor Law § 215.  Gristede's and/or its agent(s) and/or its officer(s) discharged Torres and otherwise retaliated against him because of his complaints about Gristede's violations of Article 6 of the New York Labor Law.

72.     Torres is entitled to reinstatement to his former position with restoration of seniority, payment of lost compensation, compensatory damages, liquidated damages, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Torres, individually and on behalf of all other similarly situated persons, prays for the following relief:

A.     That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Gristede's as non-exempt employees. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages.

B.  Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

C.  Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E.  Designation of Representative Plaintiff Carlos Torres as representative of the Class, and counsel of record as Class Counsel;

F.  Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 6, §§ 190 et seq., and Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations;

G.  Unpaid regular wages at the agreed rate and overtime premium pay pursuant to N.Y. Lab. Law Art. 6, §§ 190 et seq., Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations;

H.  Pre-judgment interest;

I.  An injunction requiring Defendants to pay all statutorily-required wages pursuant to the New York Labor Law;

J.  After the determination of class-wide liability, of individual damages, and of Defendants' liability for back pay, notice to class members of the opportunity to intervene in this action or to file separate actions to recover liquidated damages under Article 19, § 681(1) and Article 6 § 198 (1-a) of the New York Labor Law.

K.  Attorneys' fees and costs of the action; and

L.  Such other relief as this Court shall deem just and proper;

**AND**,

**WHEREFORE**, Torres, individually, prays for the following relief:

A.     Reinstatement to his former position with restoration of seniority;

B.     Payment of lost compensation;

C.     Compensatory, punitive, and liquidated damages;

D.     Reasonable attorneys' fees and costs; and

E.     Such other relief as this Court shall deem just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated:          April 30, 2004

Respectfully submitted,

**OUTTEN & GOLDEN LLP**

By:

_____
Justin M. Swartz (JS 7989)

Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Linda A. Neilan (LN 4095)
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  212-245-1000
**Attorneys for Plaintiff and the Putative Class**