**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Linda A. Neilan (LN 4095)
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS TORRES, RUBEN MORA, BOBBY IRIZARRY, LEWIS CHEWNING, GILBERTO SANTIAGO, WILLIAM HELWIG ROBERT MISURACA, JOSEPH CREMA, MARIO DIPRETA, VICTOR PHELPS, JOSELITO AROCHO, ALFRED CROKER, DANIEL SALEGNA, FRANK DELEON, and ROBERT PASTORINO, on behalf of themselves and all others similarly situated, <br><br>                    Plaintiffs, <br><br>          -against- <br><br> GRISTEDE'S OPERATING CORP.; NAMDOR, INC.; GRISTEDE'S FOODS, INC.; CITY PRODUCE OPERATING CORP.; GRISTEDE'S FOODS NY, INC., JOHN CATSIMATIDES, JAMES MONOS, and GALO BALSECA, <br><br>                    Defendants. | No. 04 CV 3316 (RMB)(AJP) <br><br> ANSWER TO DEFENDANT GRISTEDE'S COUNTERCLAIMS |

Plaintiffs CARLOS TORRES and LEWIS CHEWNING, by their attorneys Outten & Golden LLP, hereby answer the counterclaims brought in Defendants GRISTEDE'S OPERATING CORP.; NAMDOR, INC.; GRISTEDE'S FOODS, INC.; CITY PRODUCE OPERATING CORP.; and GRISTEDE'S FOODS NY, INC.'s, May 24, 2005, Answer to Third Amended Complaint ("the Answer") as follows:

1. Responding to paragraph number 63 of the Answer: This paragraph sets forth mere legal argument and conclusion to which no response is required. To the extent such paragraph could be construed to set forth factual allegations requiring a response, such allegations are denied.

2. Responding to paragraph number 64 of the Answer: Admit that Carlos Torres was employed by Gristede's and was required to a certain extent to adhere to lawful company rules and policies. The remaining allegations in this paragraph are denied.

3. Responding to paragraph number 65 of the Answer: All allegations in this paragraph are denied.

4. Responding to paragraph number 66 of the Answer: All allegations in this paragraph are denied.

5. Responding to paragraph number 67 of the Answer: All allegations in this paragraph are denied.

6. Responding to paragraph number 68 of the Answer: This paragraph sets forth mere legal argument and conclusion to which no response is required. To the extent such paragraph could be construed to set forth factual allegations requiring a response, such allegations are denied.

7. Responding to paragraph number 69 of the Answer: All allegations in this paragraph are denied.

8. Responding to paragraph number 70 of the Answer: This paragraph sets forth mere legal argument and conclusion to which no response is required. To the extent

such paragraph could be construed to set forth factual allegations requiring a response, such allegations are denied.

9. Responding to paragraph number 71 of the Answer: This paragraph sets forth mere legal argument and conclusion to which no response is required. To the extent such paragraph could be construed to set forth factual allegations requiring a response, such allegations are denied.

10. Responding to paragraph number 72 of the Answer: Admit that Lewis Chewning was employed by Gristede's and was required to a certain extent to adhere to lawful company rules and policies. The remaining allegations in this paragraph are denied.

11. Responding to paragraph number 73 of the Answer: All allegations in this paragraph are denied.

12. Responding to paragraph number 74 of the Answer: All allegations in this paragraph are denied.

13. Responding to paragraph number 75 of the Answer: All allegations in this paragraph are denied.

14. Responding to paragraph number 76 of the Answer: This paragraph sets forth mere legal argument and conclusion to which no response is required. To the extent such paragraph could be construed to set forth factual allegations requiring a response, such allegations are denied.

15. Responding to paragraph number 77 of the Answer: This paragraph sets forth mere legal argument and conclusion to which no response is required. To the extent

such paragraph could be construed to set forth factual allegations requiring a response, such allegations are denied.

## AFFIRMATIVE DEFENSES

Without assuming any unnecessary burdens of proof, Carlos Torres and Lewis Chewning hereby assert the following affirmative defenses:

1. The counterclaims fail to state a cognizable cause of action.

2. The counterclaims fail to state a claim upon which relief can be granted.

3. The counterclaims fail basic rules of pleading, to wit: they fail to set forth a short and plain statement of any recognizable common-law or statutory claim under law that would entitle Gristede's to relief, in accordance with the minimal, baseline requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure.

4. The court lacks jurisdiction over the subject matter of the counterclaims.

5. The counterclaims are barred by whatever statute of limitations might apply to them, were they in fact legal claims.

6. The counterclaims are barred by the doctrine of laches.

7. The counterclaims are barred by the doctrine of unclean hands.

8. Other affirmative defenses that cannot be determined from the face of the counterclaims may apply. Torres and Chewning reserve their right to supplement this pleading.

Dated: June 10, 2005  **OUTTEN & GOLDEN LLP**
       New York, NY

/s/ Justin M. Swartz
Justin M. Swartz

Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Linda A. Neilan (LN 4095)
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000
Fax: 212-977-4005