Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Linda A. Neilan (LN 4095)
Molly A. Brooks (MB 2360)
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
(212) 245-1000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| CARLOS TORRES, RUBEN MORA, BOBBY IRIZARRY, LEWIS CHEWNING, GILBERTO SANTIAGO, WILLIAM HELWIG, ROBERT MISURACA, JOSEPH CREMA, MARIO DIPRETA, VICTOR PHELPS, JOSELITO AROCHO, ALFRED CROKER, DANIEL SALEGNA, FRANK DELEON, and ROBERT PASTORINO, on behalf of themselves and all others similarly situated, | **No. 04 CV 3316 (PAC)** |

Plaintiffs, -

against-

GRISTEDE'S OPERATING CORP.; NAMDOR, INC.; GRISTEDE'S FOODS, INC.; CITY PRODUCE OPERATING CORP.; GRISTEDE'S FOODS NY, INC., JOHN CATSIMATIDIS, JAMES MONOS, and GALO BALSECA,

Defendants.

---

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' EVIDENTIARY MOTIONS IN LIMINE

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................. 1

ARGUMENT ................................................................................................................... 1

I.   Defendants Should Not Be Permitted To Introduce Information Not Relevant to
     Plaintiffs' Claims or Defendants' Defenses. ....................................................... 1

     A.  Evidence that Plaintiffs' Counsel Has Brought Other Lawsuits Against Defendants Is
         Not Relevant and Should Be Excluded. ....................................................... 1

     B.  Evidence Regarding Arrests or Criminal Convictions Is Not Relevant and Should Be
         Excluded. ............................................................................................. 3

     C.  Evidence Regarding Plaintiffs' Immigration Status Is Irrelevant, Unfairly Prejudicial,
         and Should Be Excluded. ......................................................................... 5

     D.  References to the Outstanding Motion and the Facts Underlying the Motion
         Regarding David L. Crawford, an Expert in an Unrelated Case, Should Be Excluded
         as Irrelevant. ........................................................................................ 6

         1.  The Court should not permit Gristede's to introduce the June 2007 email sent by
             Dr. 2. Crawford's assistant because the email is irrelevant and/or unduly
             prejudicial ...................................................................................... 7

         2.  The Court should not permit Gristede's to elicit testimony concerning Gristede's
             false accusation in the Duling lawsuit that counsel tampered with Dr. Crawford's
             expert report ................................................................................... 8

         3.  The Court should not permit Gristede's to introduce testimony from the
             Duling matter concerning Ms. Lupinetti's role in preparing the expert report in
             that case ........................................................................................ 9

II.  Defendants Should Not Be Permitted to Elicit Testimony that Dr. Crawford Used an
     Assistant in Performing His Work. ................................................................... 10

III. Defendants Should Not Be Permitted To Call as Witnesses Persons They Have Failed To
     Timely Identify or Disclose. .......................................................................... 10

IV.  Defendants Should Not Be Permitted To Present Evidence That They Prevented Plaintiffs
     From Obtaining During Discovery. ................................................................... 13

     A.  Defendants Should Not Be Allowed to Offer Evidence of Reasons That They Made
         Edits to Time Records. ........................................................................... 13

     B.  Defendants Should Not Be Allowed to Offer or Refer to the Handwritten Faxed
         Timesheets. .......................................................................................... 16

C.  Defendants Should Not Be Allowed to Offer Evidence of Policies Regarding "Off-The-Clock" Work.................................................................................................. 17

V.  Defendants Should Not Be Permitted To Introduce Evidence that Would Unnecessarily Confuse the Jury as to Issues Already Decided by the Court. ......................................... 17

A.  Evidence Regarding the Allegations Underlying Defendants' Dismissed Counterclaims Against Plaintiffs Torres and Chewning Is Not Relevant and Should Be Excluded. ...................................................................................................... 17

B.  Evidence Refuting Material Issues Already Decided by the Court Should Be Excluded. ...................................................................................................... 19

CONCLUSION.................................................................................................................... 20

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Design Strategies, Inc. v. Davis*,
    367 F. Supp. 2d 630 (S.D.N.Y. 2005)..................................................................................13

*Duling v. Gristede's Operating Corp.*,
    No. 06 CV 10197 (S.D.N.Y.).................................................................................6, 7, 8, 9

*Dura Auto. Sys. v. CTS Corp.*,
    285 F.3d 609 (7th Cir. 2002) .............................................................................................9, 10

*Goldfinger v. Polynesian Res.*,
    869 F.2d 1497 (9th Cir. 1989) ...............................................................................................11

*Greenfield v. City of New York*,
    No. 99 Civ. 2330, 2000 WL 124992 (S.D.N.Y. Feb. 3, 2000) ................................................2

*Hayashi Ya II, Inc.*, 08 Civ. 6071, 2009 U.S. Dist. LEXIS 12963 (S.D.N.Y. Jan. 30,
    2009) ....................................................................................................................................19

*Heatherly v. Zimmerman*,
    15 F.3d 1159 (D.C. Cir. 1993) ...............................................................................................11

*Huddleston v. United States*,
    485 U.S. 681 (1988).................................................................................................................4

*Kargo Global, Inc. v. Advance Magazine Publrs., Inc.*,
    06 Civ. 550, 2007 U.S. Dist. LEXIS 57320 (S.D.N.Y. Aug. 6, 2007) ...................................12

*Liu v. Donna Karan Int'l Inc.*,
    207 F. Supp. 2d 191 (S.D.N.Y. 2002)......................................................................................6

*Lubanski v. Coleco Indust. Inc.*,
    929 F.2d 42 (1st Cir. 1991).....................................................................................................11

*McNabola v. Chicago Transit Auth.*,
    10 F.3d 501 (7th Cir. 1993) ....................................................................................................16

*Moore v. Freeman*,
    355 F.3d 558 (6th Cir. 2004) ..................................................................................................19

*Morgan v. Commercial Union Assurance Companies*,
    606 F. 2d 554 (5th Cir. 1979) .................................................................................................11

*Outley v. City of New York*,
    837 F.2d 587 (2d Cir. 1988).................................................................................................2, 4

*Parrish v. Sollecito*,
    280 F. Supp. 2d 145 (S.D.N.Y. 2003)......................................................................................19

*Raysor v. Port Authority,*
    768 F.2d 34 (2d Cir. 1985), *cert. denied,* 475 U.S. 1027 (1986)..............................................2

*Rengifo v. Erevos Enters.,* 06 Civ. 4266, , 2007 U.S. Dist. LEXIS 19928 (S.D.N.Y. Mar.
    20, 2007) ......................................................................................................................6

*Sines v. Serv. Corp. Int'l*,
    03 Civ. 5465, 2006 U.S. Dist. LEXIS 82164...........................................................................19

S*tover v. Northland Group, Inc.*,
    05-CV-0476E, 2007 U.S. Dist. LEXIS 49029 (W.D.N.Y. July 6, 2007) .................................13

*Topo v. Dhir*,
    210 F.R.D. 76 (S.D.N.Y. 2002) ..............................................................................................6

*Torres v. Gristede's Operating Corp.*,
    04 Civ. 3316, 2008 U.S. Dist. LEXIS 66066 (S.D.N.Y. Aug. 28, 2008) .........................18, 20

*United States v. Lamy*,
    521 F.3d 1257 (10th Cir. 2008) ...............................................................................................3

*United States v. Pascarella*,
    84 F.3d 61 (2d Cir. 1996) ........................................................................................................3

*Wolkowitz v. Lerner*,
    No. SA CV 07-777, 2008 U.S. Dist. LEXIS 34698 (C.D. Cal. April 21, 2008) .................9, 10

*Young v. Calhoun,*
    No. 85 Civ. 7584, 1995 WL 169020 (S.D.N.Y. Apr. 10, 1995)................................................2

**STATUTES**

New York Labor Law ........................................................................................................3, 5, 20

**RULES**

FED. R. CIV. P. 26 .......................................................................................................... passim

FED. R. CIV. P. 37 ...................................................................................................................13

FED. R. EVID. 401 ...................................................................................................................1

FED. R. EVID. 402 .......................................................................................................... passim

FED. R. EVID. 403 .......................................................................................................... passim

FED. R. EVID. 404 .............................................................................................................2, 3, 4

FED. R. EVID. 609................................................................................................................................4

## INTRODUCTION

Plaintiffs submit this memorandum of law in support of their motion *in limine* to exclude inadmissible evidence, evidence Defendants failed to timely disclose during discovery and pre-trial proceedings, and evidence that would unnecessarily confuse the jury regarding matters already decided by this Court, all of which Defendants have suggested they will seek to introduce at trial.

## ARGUMENT[1]

### I.    Defendants Should Not Be Permitted To Introduce Information Not Relevant to Plaintiffs' Claims or Defendants' Defenses.

As a threshold matter, evidence must be relevant.  Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  FED. R. EVID. 401.  Irrelevant evidence is inadmissible.  *See* FED. R. EVID. 402.  Even if evidence is relevant, however, it may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  FED. R. EVID. 403.

### A.    Evidence that Plaintiffs' Counsel Has Brought Other Lawsuits Against Defendants Is Not Relevant and Should Be Excluded.

Plaintiffs believe that Defendants will seek to introduce evidence or otherwise make known to the jury that Outten & Golden LLP ("O&G") has litigated other lawsuits against Defendants in an effort to suggest that O&G is litigious against Defendants.  The Court should exclude any reference to the fact that other O&G clients have filed lawsuits against Defendants or that O&G has represented other clients in cases against Defendants.

---

[1]    As the Court is familiar with the facts underlying this matter from the parties' summary judgment briefings, Plaintiffs include only those facts directly relevant to their motion *in limine* here.

First, evidence of litigiousness is plainly inadmissible "character" evidence under Rule 404(b) of the Federal Rules of Evidence.   FED. R. EVID. 404(b) (evidence of other acts is inadmissible to "prove the character of a person in order to show action in conformity therewith").  Evidence of prior litigation is inadmissible to prove "that a plaintiff has a character trait for litigiousness and acted in conformity with that trait in the present lawsuit." *Greenfield v. City of New York,* No. 99 Civ. 2330, 2000 WL 124992, at *12 (S.D.N.Y. Feb. 3, 2000); *see also Outley v. City of New York,* 837 F.2d 587, 591-95 (2d Cir. 1988) (reversing judgment for defendants where trial court erroneously admitted evidence showing that plaintiff brought prior suits and permitted defendants' argument that plaintiff was "a perpetual litigant"); *Raysor v. Port Authority,* 768 F.2d 34, 40 (2d Cir. 1985) (excluding questions about past lawsuits because plaintiff's "litigiousness may have some slight probative value, but that value is outweighed by the substantial danger of jury bias against the chronic litigant"), *cert. denied,* 475 U.S. 1027 (1986); *Young v. Calhoun,* No. 85 Civ. 7584, 1995 WL 169020, at *6 (S.D.N.Y. Apr. 10, 1995) (excluding evidence of litigiousness, unless defense could show that prior lawsuits were fraudulent).

Moreover, Plaintiffs' litigiousness is not even at issue – Plaintiffs' counsel is the target of the expected attacks.  O&G's participation in other cases against Defendants, however, is simply not relevant to any issue in this lawsuit.

If Defendants are allowed to introduce evidence of, or refer to, O&G's representation of other clients against Defendants, Plaintiffs will seek to introduce evidence demonstrating that all of the other lawsuits are meritorious, which would waste time and resources.

**B.    Evidence Regarding Arrests or Criminal Convictions Is Not Relevant and Should Be Excluded.**

The Court should exclude any evidence relating to criminal convictions, arrests, or criminal backgrounds (collectively "criminal history") of any Plaintiff or Class Member (collectively "Plaintiff" or "Plaintiffs").  This evidence should be excluded because it is character evidence, which is generally inadmissible under Federal Rule of Evidence 404; it is not relevant to this lawsuit; and its prejudicial impact outweighs any hypothetical probative value and would unnecessarily confuse the jury.

General character evidence, including "[e]vidence of a person's character or a trait of character[,] is not admissible for the purpose of proving action in conformity therewith."  FED. R. EVID. 404(a).  Furthermore, evidence of specific "crimes, wrongs, or acts" extrinsic to the current action are also not admissible "to prove the character of a person in order to show action in conformity therewith."  FED. R. EVID. 404(b); 2-404 WEINSTEIN'S FEDERAL EVIDENCE § 404.02 (2009).

With the Class including over 350 individuals, it is likely that certain Plaintiffs have a criminal history that is completely unrelated to the issues in this lawsuit.  Evidence of their criminal histories or reference to them is inadmissible and should be excluded as character evidence under Rule 404(b).  *United States v. Lamy*, 521 F.3d 1257, 1265 (10th Cir. 2008) (evidence of plaintiff's criminal past "is generally inadmissible under" FED. R. EVID.  404(b)).

Though Rule 404(b) contains an exception to its broad prohibition on character evidence for evidence that is both relevant and not overly prejudicial, *United States v. Pascarella*, 84 F.3d 61, 69 (2d Cir. 1996), that exception does not apply here.  First, Plaintiffs' criminal histories are not relevant to the determination of this action for unpaid overtime under the FLSA and NYLL.  Character evidence is only relevant if it provides "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  FED. R. EVID. 404(b);

3

*Huddleston v. United States*, 485 U.S. 681, 685 (1988) (applying FED. R. EVID. 404(b) to prohibit "the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case such as motive, opportunity, or knowledge"); *Outley*, 837 F.2d at 592 (holding that the relevance portion of the Rule 404(b) inquiry involves considering "whether the evidence fits within the exceptions listed in the rule").  Defendants cannot show that any of those reasons apply.  Furthermore, such evidence would be highly prejudicial and unnecessarily confusing for the jury under Rule 403, since it has nothing to do with the issues to be tried.

To the extent Defendants attempt to sneak in evidence of criminal history under Rule 609, which allows evidence of certain types of criminal history to be used to impeach a witness, those efforts must also fail.  As a threshold matter, Rule 609 only applies to two narrow categories of evidence – 1) evidence that the witness has been convicted of a crime only if "the crime was punishable by death or imprisonment in excess of one year" and that evidence passes muster under Rule 403; or 2) evidence that the witness has been convicted of a crime "if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness."  FED. R. EVID. 609(a).  Even if the evidence of a conviction falls under either of these categories, another caveat applies – more than ten years cannot have elapsed since the date of the conviction or the "release of the witness from the confinement imposed for that conviction, whichever is the later date . . . ."  FED. R. EVID. 609(b).

Even if a plaintiff or class member has been convicted of any crime "punishable by death or imprisonment in excess of one year[,]" any crime that implicated "dishonesty or false statement[,]" or any crime within the last ten years, evidence of the convictions must be excluded

4

because it cannot pass muster under Rule 403, as described above.   Evidence of such criminal history would be both prejudicial to the Plaintiffs and confusing for the jury.

Therefore, Defendants should be prohibited from introducing any evidence relating to the criminal history of any Plaintiff.  In the event Defendants plan to introduce such evidence, they should be required to disclose it now to provide Plaintiffs with the opportunity to object.  An objection or motion to strike such testimony at trial is insufficient because the jury would have already heard the question and the damage would already be done.

### C.    Evidence Regarding Plaintiffs' Immigration Status Is Irrelevant, Unfairly Prejudicial, and Should Be Excluded.

Plaintiffs' complaint alleges violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").  Plaintiffs claim that Defendants violated the FLSA and NYLL by engaging in a pattern and practice of failing to pay Plaintiffs for time that they worked for Defendants' benefit.  Defendants accomplished this by (1) shaving time from Plaintiffs' records; (2) allowing Plaintiffs to work "off-the-clock" without compensation; (3) failing to pay Plaintiffs for compensable work time, including for breaks shorter than 20 minutes; and (4) inserting incorrect start and end times when Class Members failed to punch.  Plaintiffs' immigration status has nothing to do with these claims and, therefore, should be excluded as irrelevant.  *See* FED. R. EVID. 402.

Furthermore, even if the Court were to find that Defendants' inquiry into Plaintiffs' immigration status was somehow relevant, "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury" and such information should be excluded.  FED. R. EVID. 403.  Indeed, Defendants' inquiry into Plaintiffs' immigration status would only serve to harass and intimidate Plaintiffs from pursuing their claims and distract the jury from the claims at issue in this case – Plaintiffs' wage and hour claims.  In cases similar to this one involving claims under the FLSA and NYLL, courts have routinely granted protective

5

orders to workers and precluded inquiry into their immigration status. *See Rengifo v. Erevos Enters..,* 06 Civ. 4266, , 2007 U.S. Dist. LEXIS 19928, at \*\*3-6 (S.D.N.Y. Mar. 20, 2007) (issuing protective order where disclosure of plaintiff's immigration status "would have an intimidating effect on [his] willingness to assert his workplace rights"); *Liu v. Donna Karan Int'l Inc.*, 207 F. Supp. 2d 191, 193 (S.D.N.Y. 2002) ( "…even if [discovery of workers' immigration status] were relevant… the risk of injury to the plaintiffs if such information were disclosed outweighs the need for its disclosure"); *Topo v. Dhir*, 210 F.R.D. 76 (S.D.N.Y. 2002) (granting protective order and refusing defendants' discovery request to inquire into immigration status because of *in terrorem* effect, even when status may be relevant).

Because Plaintiffs' immigration status is not relevant to the claims and defenses of this lawsuit, and inquiry regarding Plaintiffs' immigration status would only serve to intimidate the Plaintiffs, confuse the issues, and distract the jury, such information should be excluded.

**D.      References to the Outstanding Motion and the Facts Underlying the Motion Regarding David L. Crawford, an Expert in an Unrelated Case, Should Be Excluded as Irrelevant.**

The Court should exclude all references to, and underlying facts regarding, the motion to strike the expert report of David L. Crawford, Plaintiffs' expert in this case ("*Duling* Motion"), that Defendants filed in an unrelated case, *Duling v. Gristede's Operating Corp*., No. 06 CV 10197 (S.D.N.Y.), a gender discrimination putative class action.  As none of the facts or allegations involved in that motion is relevant to this case and their introduction would unduly prejudice the Plaintiffs and risk misleading the jury, Plaintiffs request that the Court exclude all references to the *Duling* Motion and order Defendants to refrain from mentioning any facts or allegations regarding that motion.  All references to the *Duling* Motion should be excluded as inadmissible under Rules 402 and 403.  For the Court's reference, and by way of example,

6

Plaintiffs identify below three examples of information Defendants are likely to attempt to present as evidence, and which should be excluded.

1.    <u>The Court should not permit Gristede's to introduce the June 2007 email sent by Dr. Crawford's assistant because the email is irrelevant and/or unduly prejudicial.</u>

The Court should not admit into evidence or permit Defendants to elicit or introduce any testimony regarding a June 2007 email in which Dr. Crawford's assistant, Tabatha Lupinetti, stated that she did not "trust these people," referring to one of the *Duling* plaintiffs' attorneys, who is no longer with O&G.  With respect to the email, Dr. Crawford explained in his deposition in the *Duling* case that Ms. Lupinetti did not have any "concern[s] about working with [plaintiffs' counsel] per se."  (Crawford Tr.[2] 37:12-23.)  Rather, Ms. Lupinetti's only gripe was that she found the "personal manner" of one of the *Duling* plaintiffs' attorneys "sometimes offensive."  (*Id.*)

The email is not relevant in the *Duling* matter and is certainly not relevant here.  First, the email does not cast doubt on the admissibility or credibility of Dr. Crawford's expert report in this case; it merely reflects a personal gripe that one of his assistants had with one particular attorney in the *Duling* matter.  Second, that attorney does not represent Plaintiffs in this case.

Even if the email were relevant, which it is not, its probative value is substantially outweighed by the danger of unfair prejudice.  *See* FED. R. EVID. 403.  The email's unflattering remark about one of Plaintiffs' attorneys may cause the jury to form a bias against Plaintiffs or their attorneys in this case.  Admission of the email also risks diverting the jury's attention from Plaintiffs' credibility, to Plaintiffs' attorneys' credibility, which is not at issue here.

---

[2]    Refers to the Deposition Transcript of David L. Crawford, Ph. D., dated January 23, 2009, at Swartz Dec. Ex. 16.

Accordingly, the Court should exclude the email, as well as any testimony regarding the *Duling* Motion or lawsuit, or concerning the email.

> 2.    The Court should not permit Gristede's to elicit testimony concerning Gristede's false accusation in the *Duling* lawsuit that counsel tampered with Dr. Crawford's expert report.

The Court should not permit Gristede's to elicit testimony regarding its false accusation in the *Duling* lawsuit that plaintiffs' counsel in that case inappropriately influenced the conclusions reached by Dr. Crawford in his expert report in that case. Pursuant to Rules 402 and 403, this accusation and any references to it should be excluded because the accusation is false, irrelevant and would likely confuse the jury regarding Dr. Crawford's report in this case.

The record in *Duling* shows just how false Gristede's accusation is. Dr. Crawford testified to the following regarding the process of finalizing his expert report in *Duling*:

Q:    Did [plaintiff's counsel] give you feedback on those reports?

A:    Yes.

Q:    Did she ask you to make changes to the reports?

A:    She did not ask me to make changes to the report. We discussed that she gave me information that may have caused me to make changes in the report, but she did not ask me to make any changes.

Q:    Did she ask you to conduct any additional analyses?

A:    Not that I recall.

(Crawford Tr. 28:6-18.) Counsel's interactions – supplying additional information and giving feedback – are in no way improper. In fact, the Federal Rules of Civil Procedure contemplate that counsel and their retained expert may communicate about the analyses the expert has performed and even "provid[e] assistance to [the] expert[] in preparing the report." FED. R. CIV. P. 26(a)(2)(B) advisory committee's notes (1993 Amendments). Defendants should not be permitted to elicit testimony at trial to support its baseless accusation against Plaintiffs' counsel

8

in *Duling* or attempt to impugn the reputations of Plaintiffs' counsel in this case.

Moreover, the line of questioning is irrelevant here because Defendants have not alleged that Plaintiffs' counsel inappropriately influenced Dr. Crawford's conclusions and different attorneys represent Plaintiffs in this case.  Furthermore, the probative value of the testimony, if any, is substantially outweighed by its potential to prejudice the jury's evaluation of Dr. Crawford's testimony and report.  Therefore, the Court should not permit Defendants to question Dr. Crawford or any other witnesses about any alleged tampering in the *Duling* matter, or make any reference to Gristede's baseless accusation.

3.    The Court should not permit Gristede's to introduce testimony from the *Duling* matter concerning Ms. Lupinetti's role in preparing the expert report in that case.

The Court should not permit Defendants to introduce testimony from the *Duling* lawsuit that they claim shows that Ms. Lupinetti ran the analyses on which Dr. Crawford's conclusions are based.  Though Defendants contend that the testimony undermines the reliability of Dr. Crawford's findings, it is irrelevant to this lawsuit, would likely confuse the issues for the jury and should be excluded under Rules 402 and 403.

While Gristede's may ask Dr. Crawford about the preparation of his report in this case, testimony from the *Duling* lawsuit – a completely unrelated matter – concerning the preparation of an entirely different expert report is not relevant.  The testimony also risks misleading the jury because it wrongly implies that experts may not rely on assistants in preparing their analyses. *See, e.g., Wolkowitz v. Lerner*, No. SA CV 07-777, 2008 U.S. Dist. LEXIS 34698, at *10 (C.D. Cal. April 21, 2008) ("[A]n expert may use assistants in performing his work, so long as those assistants do not 'exercise professional judgment that is beyond the expert's ken.'") (quoting *Dura Auto. Sys. v. CTS Corp.*, 285 F.3d 609, 613 (7th Cir. 2002)).  Because this *Duling*

9

testimony is irrelevant and likely to confuse the jury, Plaintiffs respectfully request that the Court exclude it and all references to it during the trial.

## II.    Defendants Should Not Be Permitted to Elicit Testimony that Dr. Crawford Used an Assistant in Performing His Work.

The Court should prohibit any attempt to elicit testimony and any reference to the fact that Dr. Crawford worked with an assistant in this case.  Such references would mislead the jury because it would wrongly imply that Dr. Crawford did something wrong by allowing his assistant to press the buttons on the computer.  *See, e.g., Wolkowitz v. Lerner*, No. SA CV 07-777, 2008 U.S. Dist. LEXIS 34698, at \*10 (C.D. Cal. April 21, 2008) ("[A]n expert may use assistants in performing his work, so long as those assistants do not 'exercise professional judgment that is beyond the expert's ken.'") (quoting *Dura Auto. Sys. v. CTS Corp.*, 285 F.3d 609, 613 (7th Cir. 2002)).

## III.    Defendants Should Not Be Permitted To Call as Witnesses Persons They Have Failed To Timely Identify or Disclose.

During discussions regarding the parties' proposed pre-trial order, defense counsel informed Plaintiffs' counsel that Defendants will not identify many of the witnesses they intend to call in their case in chief based on their misguided claim that these witnesses could be considered "rebuttal" witnesses and need not be disclosed.   (Swartz Dec. ¶ 1.)  Defense counsel attempted to justify this position by claiming that, because Defendants do not know which witnesses Plaintiffs intend to call and do not know the substance of Plaintiffs' witnesses' testimony, Defendants cannot identify their witnesses until after Plaintiffs' witnesses' testimony. (*Id.*).

Defendants' argument wholly ignores the fact that Plaintiffs have timely complied with all of their disclosure obligations under Rule 26 of the Federal Rules of Civil Procedure, and Defendants have long been aware of the possible universe of Plaintiffs' potential witnesses.  (*Id.*

10

¶ 2; Swartz Dec. Ex. 2 (Plaintiffs' Responses to Defendants' First Set of Interrogatories); Ex. 3

(Plaintiffs' Second Supplemental Responses to Defendants' First Set of Interrogatories); Ex. 4

(Plaintiffs' Third Supplemental Responses to Defendants' First Set of Interrogatories); Ex. 5

(Plaintiffs' Fourth Supplemental Responses to Defendants' First Set of Interrogatories); Ex. 1

(Plaintiffs' Initial Disclosures Pursuant to Fed. R. Civ. P. 26 (a)(1).)  Every fact witness listed on

Plaintiffs' section of the pre-trial order was a past or present Gristede's employee identified

during discovery or in the pre-trial order.  (Swartz Dec. ¶ 3.)  If Defendants do not now know

precisely what these witnesses may testify to, Defendants can only blame their own failure to

serve appropriate interrogatories or take these witnesses' depositions.  Moreover, Plaintiffs'

witnesses' testimony is no secret.  The issues in this case are straightforward.  After years of

discovery, class certification briefing, and summary judgment briefing, Defendants have known

for many months what the testimony will be.

Defendants' attempt to conceal the names of its witnesses by calling them "rebuttal"

witnesses also misconstrues the meaning of "rebuttal."  *See Lubanski v. Coleco Indust. Inc.*, 929

F.2d 42, 47 (1st Cir. 1991) ("Rebuttal is a term of art, denoting evidence introduced by a plaintiff

to meet new facts brought out in [the] opponent's case in chief."), *Goldfinger v. Polynesian Res.*,

869 F.2d 1497, 1497 (9th Cir. 1989) ("Rebuttal evidence is evidence introduced by a plaintiff to

meet new facts brought out in a defendant's case-in-chief."), *Heatherly v. Zimmerman*, 15 F.3d

1159, 1159 (D.C. Cir. 1993) ( "Rebuttal is a term of art, denoting evidence introduced by a

plaintiff to meet new facts brought out by [the] opponent's case in chief.").

Defendants' effort to mask their improper surprise witnesses is also highly prejudicial.

As the Fifth Circuit ruled in *Morgan v. Commercial Union Assurance Companies*, 606 F. 2d 554,

556 (5th Cir. 1979), " . . . a defense witness whose purpose is to contradict an expected and

anticipated portion of the plaintiff's case in chief can never be considered a 'rebuttal witness,' or

11

anything analogous to one."

Here, Defendants have known the names of all of Plaintiffs' witnesses, have deposed some of them, and have had the opportunity to depose the others. Because all of Plaintiffs' witnesses are past or present Gristede's employees, Defendants could have easily determined the witnesses' titles and where they worked through Defendants' own records. From that information, and the fact that the issues in this case concern Plaintiffs' claim that Defendants shaved time records, improperly added "punches" to reduce the hours Plaintiffs worked, and knowingly pressured or "allowed" them to work off the clock to avoid paying them overtime, Defendants have been well aware of what to "expect" and "anticipate" from these witnesses' testimony. Defendants have also been in a position to find witnesses to counter this testimony if such witnesses exist, and any representation to the contrary is simply not credible.

Moreover, if Defendants wanted to know exactly what Plaintiffs' witnesses will testify to, they could have simply served targeted interrogatories or noticed these witnesses for deposition. Defendants did neither. Defendants' failure to take discovery should not now be rewarded by allowing Defendants to engage in trial by ambush. *Kargo Global, Inc. v. Advance Magazine Publrs., Inc.*, 06 Civ. 550, 2007 U.S. Dist. LEXIS 57320, at \*13 (S.D.N.Y. Aug. 6, 2007) ("The rules are designed to avoid surprise or trial by ambush.") (citation omitted).

Plaintiffs have appropriately and timely disclosed the identities of all their witnesses. Had Defendants opted to take these witnesses' depositions or serve interrogatories about them, Defendants could have easily determined what to expect and anticipate in these witnesses' trial testimony. Therefore, Plaintiffs respectfully request that the Court preclude from testifying at trial any person who Defendants failed to identify as possible witnesses during discovery, including but not limited to Chris McCrae, Joseph Saglimbene, Daniel Matko, Laurence Zarcone, and Rosemary Sweeney – all individuals whom Defendants identified for the first time

12

on May 29, 2009.  (Swartz Dec. Ex. 13 (Defendants' Witness List).)  In the alternative, Plaintiffs request that the Court order any persons who appear on Defendants' section of the pre-trial order and were not timely disclosed during discovery to be deposed by Plaintiffs and with such depositions scheduled at Plaintiffs' convenience, including after hours and weekends.

## IV.   Defendants Should Not Be Permitted To Present Evidence That They Prevented Plaintiffs From Obtaining During Discovery.

Defendants should be barred from offering evidence and testimony regarding topics on which they refused to disclose information during discovery.  A party that does not disclose evidence or witnesses in response to properly-served discovery requests is barred from offering such evidence at trial.  *See* FED. R. CIV. P. 37(c)(1) ("A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."); *Design Strategies, Inc. v. Davis*, 367 F. Supp. 2d 630, 634-36 (S.D.N.Y. 2005) (finding that preclusion of evidence requested in interrogatory requests was mandatory because of plaintiff's lack of a "substantial justification for its failure to disclose the required discovery"); S*tover v. Northland Group, Inc.*, 05-CV-0476E, 2007 U.S. Dist. LEXIS 49029, at *9 (W.D.N.Y. July 6, 2007) ("absent a showing of substantial justification for their failure to disclose these records, defendant should be precluded from introducing evidence . . . not disclosed in response to defendant's Rule 26 obligations or plaintiff's request for production of such documents.").

### A.   Defendants Should Not Be Allowed to Offer Evidence of Reasons That They Made Edits to Time Records.

Defendants should be barred from offering evidence of the reasons that they made edits to individual Class Members' time records because they refused to answer Plaintiffs' interrogatory requesting information about such edits.  A party that does not disclose evidence or witnesses in response to properly-served discovery requests is barred from offering such

13

evidence at trial.  *Id.*  Here, Plaintiffs served several interrogatories requesting information about edits to time records.

In Plaintiffs' Second Set of Interrogatories Post Summary Judgment Decision, Plaintiffs asked,

> 2.    For each edit made to the Class Members time records produced by Defendants, including but not limited to documents produced by Defendants that are entitled "Time & Attendance – Employee Timecard Report," <u>identify each and every reason for the edit</u>.  Deposition testimony indicates that an asterisk ("*") appears next to timer entries on Time & Attendance – Employee Timecard Reports to indicate that an edit was made to the entry.  This interrogatory includes but is not limited to each and every reason for each edit indicated by an asterisk.  A demonstrative example is attached hereto as Exhibit B.

(Swartz Dec. Ex. 9 (Plaintiffs' Second Set of Interrogatories Post Summary Judgment Decision) No. 2 (emphasis added).  In its response, Gristede's did not provide any reasons for any edits.[3]  (Swartz Dec. Ex. 10 (Gristede's Defendants' Answers to Plaintiffs' Second Set of Post-Summary Judgment Interrogatories, Response to Interrogatory) No. 2.)

In the alternative, if the Court allows Defendants to offer evidence of the reasons that they made edits to individual Class Members' time records despite Defendants' failure to disclose these reasons during discovery, any testimony Defendants offer regarding such edits should be limited to testimony from three payroll department employees:  Debbie Cusan, Denise Washington, and Daisy Mateis, the only witnesses Defendants disclosed in response to Plaintiffs' properly served interrogatories.  Gristede's should not be allowed to call any store managers to testify about editing time records.

In Plaintiffs' Third Set of Interrogatories Post Summary Judgment Decision, Plaintiffs

14

asked,

> 1.  For all individuals who made edits to all employee timesheets for Class Members produced by Defendants, <u>identify by Bates stamp number which employee timesheets each individual edited</u>.

(Swartz Dec. Ex. 11 (Plaintiffs' Third Set of Interrogatories Post Summary Judgment Decision) No.1 (emphasis added).)

Gristede's responded, "The only individuals who have made changes to employee timesheets are members of the payroll department (Debbie Clusan, Denise Washington and Daisy Mateis)."  (Swartz Dec. Ex. 12 (Gristede's Defendants' Answers to Plaintiffs' Third Set of Post-Summary Judgment Interrogatories) No. 1.)

Also, in Plaintiffs' Third Set of Interrogatories, Plaintiffs asked,

> 4.  Identify all . . . <u>store managers with knowledge of Defendants' . . . practices</u> . . . <u>regarding editing of employee time records</u>, including but not limited to altering, deleting, or otherwise changing time records to eliminate overtime.

(Swartz Dec. Ex. 6 (Plaintiffs' Third Set of Interrogatories) No. 4 (emphasis added).)

In its response, Gristede's wrote, "No such individuals exist because Gristede's does not and did not have Practices (sic.) for editing time sheets to eliminate overtime."  (Swartz Dec. Ex. 7 (Gristede's Defendants' Answers to Plaintiffs' Third Set of Interrogatories) No. 4.)  Gristede's reaffirmed this answer a few years later.   (Swartz Dec. Ex. 8 (Gristede's Defendant's Supplemental Answers to Plaintiffs' Pre-Summary Judgment Interrogatories) No. 4.)

Having affirmatively stated that nobody other than Ms. Clusan, Ms. Washington, and Ms. Mateis made changes to employee timesheets, and failed to identify any store managers who know of Defendants' editing practices, Defendants should not be allowed to elicit testimony that anybody else made such edits or changes, or reasons for edits or changes made by others,

---

[3]  Instead, it provided some non-responsive information about store managers having made notations on faxes.  (Swartz Dec. Ex. 10 (Gristede's Defendants' Answers to Plaintiffs' Second

including store-level witnesses.  Allowing Defendants to change course at this late stage would be unfairly prejudicial to Plaintiffs because Plaintiffs reasonably relied on their representations. *See McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 518 (7th Cir. 1993) (a party cannot take one position in discovery then change it at trial).

### B.      Defendants Should Not Be Allowed to Offer or Refer to the Handwritten Faxed Timesheets.

Defendants should be barred from offering or referring to certain handwritten faxed timesheets numbered 10,000 through 31,958 because they refused to identify the authors of these documents during discovery.

In Plaintiffs' Third Set of Interrogatories Post Summary Judgment Decision, Plaintiffs asked,

2.      For each document numbered 10,000 through 31,958, identify the author(s) of all handwritten notations . . .

(Swartz Dec. Ex. 11 (Plaintiffs' Third Set of Interrogatories Post Summary Judgment Decision) No. 2.)

Gristede's responded that it "cannot possibly identify the author of every handwritten notation," and did not even attempt to do so.  It simply concluded, "Gristede's believes that the store manager made the notation on the faxes for the employees of that particular store."  (Swartz Dec. Ex. 12 (Gristede's Defendants' Answers to Plaintiffs' Third Set of Post-Summary Judgment Interrogatories, Response to Interrogatory) No. 2.)  Without the specific identities of the authors, however, Plaintiffs could not depose them or informally interview them about what they wrote. Any use of, or reference to, these documents would be unfairly prejudicial to Plaintiffs.

---

Set of Post-Summary Judgment Interrogatories, Response to Interrogatory) No. 2.)

**C.      Defendants Should Not Be Allowed to Offer Evidence of Policies Regarding "Off-The-Clock" Work.**

Defendants should be barred from offering evidence of or referring to any policies or practices regarding "off-the-clock" work because they refused to identify any witnesses with knowledge of such policies or practices during discovery.

In Plaintiffs' Third Set of Interrogatories, Plaintiffs asked,

5.      Identify all individuals at the corporate level and all store managers with knowledge of Defendants' policies, practices, procedures, or plans regarding forcing or permitting employees to work outside of their scheduled shifts without compensation.

(Swartz Dec. Ex. 6 (Plaintiffs' Third Set of Interrogatories) No. 5.)

In its response, Gristede's wrote, "No such individuals exist because Gristede's does not and did not have Practices to force (sic.) employees to work outside scheduled shifts without compensation."  (Swartz Dec. Ex. 7 (Gristede's Defendants' Answers to Plaintiffs' Third Set of Interrogatories, Response to Interrogatory) No. 5.)  Gristede's reaffirmed this answer a few years later.  (Swartz Dec. Ex. 8 (Gristede's Defendant's Supplemental Answers to Plaintiffs' Pre-Summary Judgment Interrogatories, Supplemental Response) No. 5.)  Allowing evidence of polices or practices regarding "off-the-clock" work would be unfairly prejudicial to Plaintiffs because Plaintiffs could not depose them or informally interview witnesses about such policies or practices.

**V.      Defendants Should Not Be Permitted To Introduce Evidence that Would Unnecessarily Confuse the Jury as to Issues Already Decided by the Court.**

**A.      Evidence Regarding the Allegations Underlying Defendants' Dismissed Counterclaims Against Plaintiffs Torres and Chewning Is Not Relevant and Should Be Excluded.**

On April 22, 2005, Defendants filed counterclaims against Plaintiffs Torres and Chewning.  (Answer to Second Amended Complaint ¶¶ 58-65, Docket Entry # 95.)  Defendants' spurious counterclaims included claims that Plaintiff Torres allegedly sexually harassed

17

coworkers and falsified information on his employment application, and that Plaintiff Chewning engaged in credit card fraud. (*Id.*) Defendants offered no evidence supporting either claim. On August 28, 2008, this Court granted Plaintiffs' motion for summary judgment on these counterclaims after reviewing the "manifestly deficient evidentiary record" Defendants had presented to support these claims. *Torres v. Gristede's Operating Corp.*, 04 Civ. 3316, 2008 U.S. Dist. LEXIS 66066, at *57 (S.D.N.Y. Aug. 28, 2008). This Court also granted Plaintiffs' motion for summary judgment on the individual retaliation claims of Plaintiffs Torres and Chewning, finding that "no reasonable jury could conclude on the basis of the evidence presented that the counterclaims were brought for any legitimate, non-retaliatory purpose." *Id.* at *69.

Despite the Court's clear opinion that the facts underlying Defendants' counterclaims are without merit as a matter of law, Plaintiffs believe that Defendants may seek to elicit testimony, introduce evidence of, or otherwise refer to the facts they alleged in their counterclaims. As the Court has already ruled on this matter, *id.* at **57, 69, and any evidence regarding Defendants' counterclaims would only serve to unnecessarily confuse the jury, FED. R. EVID. 403, Plaintiffs respectfully request that the Court order Defendants to refrain from mentioning or suggesting any of the facts underlying their dismissed counterclaims.

Furthermore, the facts underlying the counterclaims are irrelevant to the inquiry the jury must undertake to determine the amount of damages owed to Plaintiffs Torres and Chewning for their individual retaliation claims. The jury need not consider the facts underlying Defendants' counterclaims; the Court already engaged in that inquiry and found "no real evidence of the Individual Plaintiffs' alleged misconduct . . . ." *Id.* at *53. What is at issue now is simply the harm that these specious counterclaims caused Plaintiffs Torres and Chewning, and how malicious or reckless Defendants' conduct was in asserting the claims. *See Ting Yao Lin v.*

18

*Hayashi Ya II, Inc.*, 08 Civ. 6071, 2009 U.S. Dist. LEXIS 12963, at **26-28 (S.D.N.Y. Jan. 30, 2009) (approving award of punitive damages to plaintiffs in FLSA retaliation action based on plaintiffs' testimony that they were "upset" and "in low spirits" after being unlawfully terminated); *Sines v. Serv. Corp. Int'l*, 03 Civ. 5465, 2006 U.S. Dist. LEXIS 82164, at **3-6, 10 (S.D.N.Y. Nov. 8, 2006) (upholding jury's award of $130,000 in punitive damages after finding that defendant retaliated against the plaintiff by suspending him).

Therefore, in order to determine the amount of damages to which Plaintiffs Torres and Chewning are entitled, the jury need only be instructed that they may award Plaintiffs compensatory damages based on their testimony alone for injuries such as emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life and may award them punitive damages if the evidence shows that Defendants acted maliciously or recklessly by utterly disregarding the potential consequences of their acts on the rights of Plaintiffs. *See Moore v. Freeman*, 355 F.3d 558, 564 (6th Cir. 2004) (upholding award of $40,000 to plaintiff in FLSA retaliation action based on evidence that the stress of losing his job demoralized him, strained his relationships with his wife and children, and negatively affected his sleeping habits and appetite); *Parrish v. Sollecito*, 280 F. Supp. 2d 145, 162 (S.D.N.Y. 2003) (the standard for awarding punitive damages is whether defendants acted "with malice or [] reckless indifference to the federally protected rights of an aggrieved individual").

### B. Evidence Refuting Material Issues Already Decided by the Court Should Be Excluded.

The Court's August 28, 2008 Order and Opinion granting Plaintiffs' partial motion for summary judgment in large part, resolving several factual and legal issues   Plaintiffs request that the Court bar Defendants from mentioning or otherwise suggesting that these issues are unresolved, and from offering evidence on them.

19

First, the Court has already found that Gristede's maintained an "Unauthorized Overtime Policy" that "is unlawful under both FLSA and NYLL . . . ." *Torres*, 2008 U.S. Dist. LEXIS 66066, at \*\*34-36.  While Plaintiffs must refer to the Unauthorized Overtime Policy to prove that Gristede's Unauthorized Overtime Policy was the reason Defendants deleted recorded work time, Defendants should be prohibited from denying the existence of their Unauthorized Overtime Policy or suggesting that it did not exist.

Second, the Court has already found as a matter of law that Plaintiffs were not salaried employees "within the contemplation of the FLSA," *id.* at \*16; that "Defendants cannot claim the [white collar] exemption," *id.* at \*29; that Plaintiffs are non-exempt employees entitled to overtime compensation, *id.* at \*30; and that "Plaintiffs are entitled to liquidated damages as a matter of law," *id.* at \*40.  Since the Court has already decided these issues, Plaintiffs respectfully request that the Court order Defendants to refrain from suggesting or eliciting testimony that Plaintiffs were salaried employees or supervisory employees, or employees not entitled to overtime.  Furthermore, Plaintiffs request that the Court order Defendants to refrain from suggesting or eliciting testimony that their unlawful actions "were conducted in 'good faith' and upon a 'reasonable' belief of lawfulness[.]"  *Id.* at \*\*5-6, 40.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their motions *in limine*.

Dated:       New York, New York
             June 2, 2009

                                        Respectfully submitted,
                                        **OUTTEN & GOLDEN LLP**
                                        By:
                                        /s/ Justin M. Swartz_____
                                        Justin M. Swartz (JS 7989)

                                        Adam T. Klein (AK 3293)

20

Justin M. Swartz (JS 7989)
Linda A. Neilan (LN 4095)
Molly A. Brooks (MB 2350)
**Outten & Golden LLP**
3 Park Avenue, 29th Floor New York, New
York 10016 (212) 245-1000

Attorneys for Plaintiffs and the Class

21