# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARLOS TORRES, RUBEN MORA,
BOBBY IRIZARRY, LEWIS CHEWNING,
GILBERTO SANTIAGO,
WILLIAM HELWIG, ROBERT MISURACA,
JOSEPH CREMA, MARIO DIPRETA,
VICTOR PHELPS, JOSELITO AROCHO,
ALFRED CROKER, DANIEL SALEGNA,
FRANK DELEON, and ROBERT PASTORINO,
on behalf of themselves and all others similarly
situated,

              Plaintiffs, -

    against-


GRISTEDE'S OPERATING CORP.; NAMDOR, INC.;
GRISTEDE'S FOODS, INC.; CITY PRODUCE OPERATING
CORP.; GRISTEDE'S FOODS NY, INC., JOHN
CATSIMATIDIS, JAMES MONOS, and GALO BALSECA,

              Defendants.

**No. 04 CV 3316 (PAC)**

**PLAINTIFFS' PROPOSED
JURY INSTRUCTIONS**

---

## <u>PLAINTIFFS' PROPOSED PRELIMINARY JURY INSTRUCTION A</u>

### Nature of the Case

We are now going to begin the trial of the case that you have heard some details about during the jury selection process. This case is primarily about Gristede's grocery store employees' claims that Gristede's violated federal and state wage payment laws by failing to pay them properly for certain hours that they claim to have worked and failing to pay them at all for other hours they claim to have worked. Defendants deny that they violated federal or state law.

The employees also claim that Defendants engaged in fraud. This claim is related to time records that the employees claim are false.

Two employees, Carlos Torres and Lewis Chewning, also seek individual damages for retaliation. These damages are based on the fact that Defendants sued Mr. Torres and Mr. Chewning in retaliation for Mr. Torres and Mr. Chewning bringing this lawsuit and that the claims Defendants brought against them were baseless and without merit.

You will hear evidence about two groups of employees – Co-Managers and Department Managers. Please be careful to distinguish between these two groups when you are listening to testimony and reviewing evidence.

Authority: 29 U.S.C. §§ 201 *et seq.* and § 215; N.Y. Lab. Law Art. 6 §§ 190 *et seq.*, Art. 7 § 215, Art. 19 §§ 650 *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

## PLAINTIFFS' PROPOSED PRELIMINARY JURY INSTRUCTION B

### Class Action and Collective Action

This is a class action. This means that the Plaintiffs brought this lawsuit on behalf of themselves and other Gristede's workers whom they claim were affected by the same unlawful pay policies and practices and are entitled to damages.

In 2006, I granted the Plaintiffs' motion to "certify" the class. This means that I concluded, based on several factors, including the number of class members and the fact that they were all affected by the same Gristede's pay policies and practices, that it would be more efficient and just for the Court's rulings, and your verdict, to affect the entire class, not just the Plaintiffs who filed the case.

Throughout the trial and in my instructions to you, I will use the terms "Plaintiffs" and "Class Members" interchangeably.

This case is also a "collective action," in addition to being a "class action." The main difference between the two is the way in which a plaintiff becomes a member of the lawsuit. In a

class action, a plaintiff is automatically a member of the class unless he or she affirmatively "opts out" in writing.  By contrast, in a collective action, a plaintiff must affirmatively "opt in" by signing a consent form in order to become a member of the collective.

Although you might hear the terms "opt-in plaintiff" or "class member," you should not be concerned with this distinction and should treat all Plaintiffs the same.

Authority: *Torres v. Gristede's Operating Corp.*, 04 Civ. 3316, 2006 U.S. Dist. LEXIS 74039 (S.D.N.Y. Sept. 26, 2006); 29 U.S.C. § 216(b); Fed. R. Civ. P. 23.

## PLAINTIFFS' PROPOSED PRELIMINARY JURY INSTRUCTION C

### Plaintiffs' Claims and Defendants' Defenses

Plaintiffs' Contentions

Plaintiffs contend that Defendants violated the Fair Labor Standards Act and the New York Labor Law by engaging in a pattern and practice of failing to pay Plaintiffs and the Class Members for time that they worked for Defendants' benefit.  Defendants accomplished this by (1) shaving time from Plaintiffs' and Class Members' time records; (2) allowing Plaintiffs and Class Members to work "off-the-clock" without compensation; (3) failing to pay Plaintiffs and Class Members for compensable work time, including for breaks of 20 minutes or less; and (4) inserting incorrect start and end times when Plaintiffs and Class Members failed to punch into and out of the time-clock.  Plaintiffs claim that these unlawful practices are consistent with, and pursuant to, Defendants' unlawful policy of failing to pay for overtime work that had not been approved in advance.

In addition, Plaintiffs contend that the Defendants violated Fair Labor Standards Act and the New York Labor Law by failing to keep and preserve accurate time records.

Plaintiffs also claim that Defendants engaged in fraud by presenting Plaintiffs and Class

3

Members with paystubs indicating that Plaintiffs and Class Members worked fewer hours than they actually worked. According to Plaintiffs, this uniform practice of underrepresenting the number of hours that Plaintiffs and Class Members worked in writing on their paystubs warrants a presumption of reliance on the part of Plaintiffs and Class Members. Plaintiffs and Class Members seek damages, including punitive damages, for the harm they suffered as a result of the fraud.

Two of the Plaintiffs – Mr. Torres and Mr. Chewning – claim that they are entitled to punitive, emotional distress, and other compensatory damages for Defendants' violations of the anti-retaliation provisions of the Fair Labor Standards Act and the New York Labor Law.

The Plaintiffs seek to hold liable three individual Defendants, in addition to the corporate Defendants. These individuals are John Catsimatidis, James Monos, and Galo Balseca. The Plaintiffs contend that these individuals may be held individually liable because they acted as "employers" who "employed" Plaintiffs and the Class Members within the meaning of the Fair Labor Standards Act and the New York Labor Law during the Class Period.

[Defendants' Contentions]

I will explain exactly what the parties will have to show to prove their claims and defenses in the final instructions I give you at the end of the case.

Authority: 29 U.S.C. §§ 201 *et seq.* and § 215; N.Y. Lab. Law Art. 6 §§ 190 *et seq.*, Art. 7 § 215, Art. 19 §§ 650 *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2; *Torres v. Gristede's Operating Corp.*, 04 Civ. 3316, 2008 U.S. Dist. LEXIS 66066 (S.D.N.Y. Aug. 28, 2008).

4

# PLAINTIFFS' PROPOSED PRELIMINARY JURY INSTRUCTION D

## Prior Rulings

Earlier in this case, Plaintiffs filed a "motion for summary judgment." In this motion, they asked me to rule on certain factual and legal issues based on the evidence they submitted to me. I made certain rulings in response to Plaintiffs' motion that you are required to accept as true.

First, it is not your job to determine whether the Class Members are eligible for overtime compensation. I have already ruled that the Class Members are "non-exempt" employees under the Fair Labor Standards Act and the New York Labor Law. This means that they are entitled to receive overtime compensation for any hours that they worked in excess of 40 hours in a workweek.

I also ruled that the Class Members worked overtime for which they were not paid. It is your job to determine how much Gristede's owes them.

Second, I ruled that Gristede's had a policy not to pay the Class Members for overtime hours they worked for which they had not obtained prior authorization or approval. I also ruled that this policy is against the law.

I also found that Gristede's store managers observed class members' overtime work and reviewed their time records after the fact in order to change recorded hours for payroll purposes – in other words, to eliminate the overtime work from their time records.

I ruled that, at trial, Gristede's will have an opportunity to present evidence that the Unauthorized Overtime Policy was not the reason it deleted work time from the Class Members' records, just as Plaintiffs will have the opportunity to prove that it was.

Third, I found that Gristede's violations of the Fair Labor Standards Act and the New

York Labor Law were not made in good faith or based on a reasonable belief that they were lawful, and that were willful.

Fourth, on April 22, 2005, after Plaintiffs filed this lawsuit, Gristede's sued Plaintiffs Carlos Torres and Lewis Chewning. I ruled that, by doing so, Gristede's illegally retaliated against Mr. Torres and Mr. Chewning. I ruled that the claims Gristede's filed were "so flimsy that they must have been made for another purpose: to punish the Individual Plaintiffs for joining the FLSA suit and having the temerity to name certain Gristede's officers."

I also found that the claims Mr. Torres and Mr. Chewning were completely baseless, had no credible evidentiary support, and failed to state a cause of action. By countersuing Mr. Torres and Mr. Chewning, Gristede's sent them and other actual and potential class members a strong message that, by initiating and/or maintaining claims against Gristede's, they would be subject to burdensome countersuits.

Mr. Torres and Mr. Chewning are entitled to relief for Gristede's retaliatory conduct. One of your jobs in this case is to determine what relief to award Mr. Torres and Mr. Chewning.

Authority: *Torres v. Gristede's Operating Corp.*, 04 Civ. 3316, 2008 U.S. Dist. LEXIS 66066 (S.D.N.Y. Aug. 28, 2008).

6

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 1

### Role of the Court

Members of the Jury, my charge to you on the law is lengthy and covers many points. You must listen closely. I will send one copy of these instructions into the jury room for you to have in your deliberations.

We are now approaching the most important part of this case: your deliberations. You have heard all of the evidence in this case, as well as the final arguments of the lawyers for the parties. Before you deliberate, it is my duty to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them. Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

In listening to these instructions now and reviewing them later in the jury room, you should not single out any instruction as alone stating the law, but you should consider my instructions as a whole.

The law that governs this case has a number of facets. In an effort to assist you, your verdict in this case will be by a special verdict form. This form will contain a series of questions to be answered by you in the jury room, principally by "Yes" or "No" answers. I will distribute the special verdict form to you now because it may assist you in following these instructions.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 2

### Role of the Jury

Your duty is to decide the fact issues in the case. You are the sole and exclusive judges

of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in testimony; you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence. None of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is evidence. You should bear in mind that a question put to a witness is never evidence. It is only the answer that is evidence. You may not consider any answer that I have directed you to disregard. I remind you that nothing I have said during the trial or will say during these instructions is evidence except for the facts that I have already found, which you must accept as true. Similarly, the rulings I have made during the trial are not any indication of my views of what your decision should be.

The evidence before you consists of the answers given by witnesses, the exhibits that were received in evidence, deposition testimony that was read into the record, expert testimony, the stipulations that were read, and the facts that I told you that I found in connection with Plaintiffs' motion for summary judgment.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 3

### Role of Counsel

It is the duty of the attorneys for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. You should not harbor any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 4

### Burden of Proof – Preponderance of the Evidence

This is a civil case. Accordingly, the Plaintiffs have the burden of proving the elements of their claims by a preponderance of the credible evidence. To establish by a "preponderance of the evidence" simply means that something is more likely so than not so. A preponderance of the evidence means the greater weight of the evidence.

If you find that the credible evidence on a given issue is evenly divided between the parties – "that it is equally probable that one side is right as it is that the other side is right" – then you must decide that issue against the party having the burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence; the party must prove the fact at issue by a preponderance of the evidence.

On the other hand, the party with the burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what that party claims is more likely true than not true – then that fact will have been proved by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish its claim by a preponderance of the evidence, you must decide against that party on the issue you are considering.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 5

### Direct and Circumstantial Evidence

There are two types of evidence that you may properly use in reaching your verdict –

9

direct evidence and circumstantial evidence. Direct evidence is evidence that proves a disputed fact directly. For example, where a witness testifies to what he or she saw, heard or did, that is called direct evidence. Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.

To give a simple example, suppose that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. Then, later as you were sitting here, someone walked in with a dripping wet umbrella, and soon after, another person also entered with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom to see if it is raining. You have no direct evidence of that fact. But, on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to conclude that it had begun raining. That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact. The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you can consider either or both and can give them such weight as you conclude is warranted.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 6

### Depositions

Some of the testimony before you is in the form of depositions that have been read into evidence. A deposition is simply a procedure where the attorneys for one side may question a witness or an adverse party under oath before a court stenographer prior to trial. This is part of pretrial discovery. You may consider the deposition testimony that was read here in court according to the same standards you would use to evaluate the testimony of a witness given at

trial.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 7

### Witness Credibility

You have had the opportunity to observe all the witnesses. How do you evaluate the credibility or believability of those witnesses? The answer is that you use your plain common sense. Was the witness candid, frank, and forthright? Or, did the witness appear evasive as if he or she was trying to hide something? How much you choose to believe a witness may be influenced by the witness's bias. Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth; or, does the witness have some bias, prejudice or hostility that may have caused the witness – consciously or not – to give you something other than a completely accurate account of the facts.

If you find that a witness willfully testified falsely, that is always a matter of importance that you should weigh carefully. If you find that any witness has lied under oath, you should view the testimony cautiously and weigh it with great care. It is, however, for you to determine how much of the witness' testimony, if any, you wish to believe.

Thus, there is no magical formula by which you can evaluate testimony. You determine for yourself every day and in a multitude of circumstances the reliability of statements made to you by others. You may consider the interest of any witness in the outcome of this case, and this is true regardless of who called or questioned the witness.

Indeed, the issue of credibility may, but need not, be decided in an all-or-nothing fashion. If you find that a witness testified falsely in one part you still may accept his or her testimony in other parts, or you may disregard all of it. That is a determination entirely for you, the jury.

11

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 8

### Prior Inconsistent Statements

Evidence that at some other time a witness, not a party to this action, has said or done something which is inconsistent with the witness's testimony at the trial, may be considered for the purpose of judging the credibility of the witness. It may never be considered as evidence of proof of the truth of any such statement. If you find that the witness made an earlier statement that conflicts with the witness's trial testimony, you may consider that fact in deciding how much of the witness's trial testimony, if any, to believe.

Where parties to the case, such as Plaintiffs or any of Defendants' officers or managers, by such statement or other conduct admit some fact or facts against their own interests, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by them, as well as for the purpose of judging their credibility as witnesses.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; and whether the witness had an explanation for the inconsistency and, if so, whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all of the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all, or part of, the witness's testimony.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 9

### Missing Witnesses

Neither Plaintiff nor Defendant is required to call any particular person as a witness. However, the failure to call a certain person as a witness, including the failure to call an expert witness, may be the basis for an inference against the party not calling the witness. However, as I will explain later in Jury Instruction No. 24, you should not draw a negative inference from the fact that not all of the Plaintiffs testified because, in class actions such as this, it is typical for only a small portion of the class to testify.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 10

### Duty to Deliberate/Unanimous Verdict

Shortly, you will go into the jury room to begin your deliberations. It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 11

### Right to See Exhibits and Hear Testimony; Communications with Court

Your first duty in the jury room is to elect one member of the jury as your foreperson

13

who will be responsible for communicating by note with the Court. All notes are to be signed by the foreperson and submitted in a sealed envelope to the Marshal.

If during your deliberations you want to see any of the exhibits, you may request that they be sent to you in the jury room. A list of exhibits received in evidence will be forwarded to you in the jury room. You can also request to have any of the testimony read.

Your requests should be made to me in writing, signed by your foreperson, and given to the Marshal. I will respond to any questions or requests you have as promptly as possible, by having you return to the courtroom so that I can address you in person. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 12

### Return of Verdict

After you have reached a verdict, your foreperson will fill out the jury verdict form that will be given to you, sign and date it, and advise the Marshal that you are ready to return to the courtroom.

I stress that each of you should be in agreement with the verdict. Once your verdict is announced by your foreperson in open court, and officially recorded, it cannot ordinarily be revoked.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 13

### Compensable Work Time

An employer is responsible for compensating an employee for all work the employer suffers or permits the employee to work. Work is physical or mental exertion primarily for the benefit of the employer and the business.

An employer cannot escape its obligation to compensate overtime work merely by

14

making a rule that prohibits employees from working more than forty hours per week. If an employer has knowledge that an employee is working hours over forty per week, it must compensate that employee even where the employer has not authorized the employee to work or does not desire the work. Even where work is unauthorized or undesired, it is the duty of management to exercise its control and see that the work is not performed if it does not want it to be performed.

Authority: 29 U.S.C. § 203(g); 29 C.F.R. § 785.13; *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 598 (1944) (defining work as "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business"); *Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 288 (2d Cir. 2008) (an employer "with knowledge of its employees' overtime work cannot insulate itself simply by promulgating a maximum forty-hour workweek policy"); *see Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 148 (2d Cir. 2008) (an employee who works more than forty hours per week does not waive her right to overtime under the FLSA by being aware of her employer's maximum forty-hour policy).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 14

### Meal Periods

A meal period must be counted as time worked if, during the meal period, an employee performs duties predominantly for the benefit of the employer.

Authority: *Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58, 64 (2d Cir. 1997) (the FLSA "require[s] compensation for a meal break during which a worker performs activities predominantly for the employer").

15

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 15

### Break Periods

Break periods of 20 minutes or less must be counted as hours worked. Therefore, in determining the number of hours that Plaintiffs' worked, you must include time spent taking breaks of 20 minutes or less, even if they punched out for these breaks.

Authority: 29 C.F.R. § 785.18; *Martin v. Waldbaum, Inc.*, CV 86-0861, 1992 U.S. Dist. LEXIS 16007, at *6 (E.D.N.Y. Oct. 16, 1992) (holding "as a matter of law, that breaks of less than twenty minutes are compensable"); *Schwertfeger v. Village of Sauk Village,* No. 99 C 6456, 2001 U.S. Dist. LEXIS 3516, at **17-18 (N.D. Ill. Mar. 23, 2001) (employer must compensate employees for rest breaks); *Dole v. Enduro Plumbing, Inc.*, No. 88-7041-RMT, 1990 U.S. Dist. LEXIS 20135, at *18 (C.D. Cal. Oct. 16, 1990) ("[s]hort rest or coffee breaks are not excludable as such from work time and must be compensated as hours worked").

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 16

### Damages Generally

You may award only those damages which the Plaintiffs have proven by a preponderance of the evidence. Any damages that you may choose to award must be based on the evidence presented at trial. You cannot award damages based on speculation or sympathy.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 17

### Damages - No Double Recovery

If you find that Gristede's violated more than one law, but the resulting injury was no greater than it would have been had Defendants committed only one violation, you should award an amount of damages no greater than you would award if Defendants had committed only a single violation. If, on the other hand, Defendants committed more than one violation and you

16

can identify separate injuries resulting from the separate violations, you should award an amount of damages equal to the total of the damages you believe will fairly and justly compensate Plaintiffs for the separate injuries they have suffered.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 18

### Calculating Damages for Unpaid Wages

You must determine the total amount of unpaid wages, if any, that Gristede's owes the Class Members from April 25, 1998 through the present. In making this determination, you may rely on time records that you believe are accurate, the testimony of witnesses including expert witnesses, and any other evidence presented during the trial.

You will be given a verdict form on which you must indicate the total amount of Unpaid Wages, if any, that you find Gristede's owes the Class Members for each year. Unpaid Wages consist of unpaid Overtime Wages and unpaid Non-Overtime Wages.

Overtime Wages are wages for hours worked over forty in a work week and are calculated by multiplying the number of hours worked in excess of forty by one and half times the regular rate of pay. (Jury Instruction No. 25 explains what I mean by "regular rate of pay").

Non-Overtime wages are wages for hours worked up to and including forty in a work week and are paid at the regular rate of pay.

Authority: 29 U.S.C. § 207(a); 29 C.F.R. §§ 778.107, 778.108.

## PROPOSED JURY INSTRUCTION NO. 19

### Accurate Time Records

Time records are accurate if they reflect the precise amount of time each employee worked each day. Time records are inaccurate if they only estimate the amount of time each employee worked each day.

17

Authority: *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 683-84, 690-91 (1946) (holding that "[o]nly when [time clocks] accurately reflect the period worked can they be used as an appropriate measurement of the hours worked" and noting that defendant's time clocks were not accurate because they rounded each worker's time to the quarter hour); 29 C.F.R. §§ 516.2(a)(7) (setting forth employer's duty under the FLSA to keep and maintain records of "hours worked each workday"); N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.6(a)(4) (setting forth employer's duty under the NYLL to establish and maintain records of "the number of hours worked daily").

## PROPOSED JURY INSTRUCTION NO. 20

### Employer's Obligation to Keep and Preserve Accurate Time Records

Under the FLSA and NYLL, it is the employers' obligation to make sure that it keeps accurate records of time worked.  An employer cannot shift this obligation to its employees.  It can make a rule that employees record all time worked but ultimately it is the employer's responsibility to make sure that the employees follow the rule and that all work time is recorded accurately.

Authority: *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) ("it is the employer who has the duty . . . to keep proper records of . . . hours . . . ."); *Reich v. Waldbaum, Inc.*, 833 F. Supp. 1037, 1042 (S.D.N.Y. 1993) (rejecting defendant's argument that it was the plaintiffs' failure to use its time-keeping system properly that caused its records to be inaccurate), rev'd on other grounds, 52 F.3d 35 (2d Cir. 1995); 29 C.F.R. §§ 516.2(a)(7), 516.5(a); 12 N.Y.C.R.R. § 142-2.6(a)(4).

## PROPOSED JURY INSTRUCTION NO. 21

### Employer's Obligation to Ensure Accurate Recordkeeping

In determining whether Gristede's satisfied its record-keeping obligations, you should not consider evidence suggesting that Class Members failed to punch the time-clock properly. It was Gristede's obligation to make sure they did. Likewise, in determining how much, if any, work Class Members performed that Gristede's time records do not reflect, you should not consider any evidence suggesting that Plaintiffs and Class Members failed to punch the time-clock properly. It was Gristede's obligation to make sure that all of Plaintiffs and Class Members work time was recorded and compensated. You are not to hold any failure in this regard against the Plaintiffs and Class Members.

Authority: *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) ("it is the employer who has the duty . . . to keep proper records of . . . hours . . . ."); *Reich v. Waldbaum, Inc.*, 833 F. Supp. 1037, 1042 (S.D.N.Y. 1993) (rejecting defendant's argument that it was the plaintiffs' failure to use its time-keeping system properly that caused its records to be inaccurate), rev'd on other grounds, 52 F.3d 35 (2d Cir. 1995); 29 C.F.R. §§ 516.2(a)(7), 516.5(a); 12 N.Y.C.R.R. § 142-2.6(a)(4).

## PROPOSED JURY INSTRUCTION NO. 22

### Consequences of Inaccurate Time Records

If you determine that Gristede's time records for all or part of the period between April 25, 1998 and the present are inaccurate or that they do not accurately reflect all of the hours that Plaintiffs and the Class Members worked, then Plaintiffs and the Class Members can meet their burden to prove the hours they worked by presenting evidence that raises a just and reasonable inference of the amount and extent of their work. The Class Members' recollections of the hours

19

they worked can be sufficient to meet this burden. The Class Members are not required to prove the exact number of hours they worked.

Once the Class Members have presented testimony or other evidence from which you reasonably infer the amount and extent of their work, the burden shirts to Gristede's to rebut the Class Members' evidence by proving the precise amount of work that Class Members performed or negating the reasonableness of the Class Members' evidence.

If Gristede's cannot satisfy this burden, you must accept the Class Members' evidence concerning the hours they worked, even though the result is only approximate, and even if the award appears somewhat generous. In other words, you must give the Class Members the benefit of the doubt.

Authority: *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946); *Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 335, 338 n.17 (S.D.N.Y. 2005); *Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58, 69, 70 n.3 (2d Cir. 1997) ("A rule preventing employees from recovering for uncompensated work because they are unable to determine precisely the amount due would result in rewarding employers for violating [the] law.") (citing *Mt. Clemens*, 328 U.S. at 687); *Herman v. Hector I. Nieves Transport, Inc.*, 91 F. Supp. 2d 435, 446-47 (D.P.R. 2000) ("To rebut Plaintiff's evidence, Defendants must produce a precise accounting of hours worked by their employees.")

## PROPOSED JURY INSTRUCTION NO. 23

### Consequences of No Time Records

If you determine that no time records exist for all or a part of the period between April 25, 1998 and the present, then you may determine the amount of time that the Class Members worked based on any evidence that raises a just and reasonable inference of the amount and

20

extent of their work, including any existing time records and witness testimony.

Authority: *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946); *Reich v. Waldbaum*, Inc., 833 F. Supp. 1037, 1048 (S.D.N.Y. 1993), rev'd on other grounds, 52 F.3d 35 (2d Cir. 1995); *Brown v. L & P Indus.*, 2005 U.S. Dist. LEXIS 39920, 12-14 (E.D. Ark. Dec. 21, 2005) (Plaintiff "met her burden of establishing the total amount of time she worked by her testimony and by reference to the available time-clock records, as one may reasonably infer that she worked similar hours, on average, during most weeks").

## PROPOSED JURY INSTRUCTION NO. 24

### No Need for Every Class Member to Testify

You may award damages to all of the Plaintiffs based upon the testimony of the Plaintiffs who testify at trial and any other evidence presented at the trial.  It is typical in class actions for only a small portion of the class to testify.  You should not draw any negative inference from the fact that all of the Class Members did not testify.

Authority: *Grochowski v. Phoenix Contr.,* 318 F.3d 80, 88 (2d Cir. 2003) ("[N]ot all employees need testify in order to prove FLSA violations or recoup back-wages, the plaintiffs must present sufficient evidence for the jury to make a reasonable inference as to the number of hours worked by the non-testifying employees"); *Reich v. S. New England Telecomms. Corp.,* (plaintiffs "need not present testimony from each underpaid employee . . . . However, [they] must produce sufficient evidence . . . to show the amount and extent of [unpaid] work 'as a matter of just and reasonable inference'") (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)); *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1296-98 (3d Cir. 1991) ("It is not necessary for every single affected employee to testify in order to prove violations or to recoup back wages."); *Brock v. Norman's Country Market, Inc.*, 835 F.2d 823, 828 (11th Cir.

21

1988) ("The fact that several employees do not testify does not penalize their claim; it is clear that each employee need not testify in order to make out a prima facie case of the number of hours worked as a matter of 'just and reasonable inference.'") (internal quotation marks omitted).

## PROPOSED JURY INSTRUCTION NO. 25

### Regular Rate of Pay

The regular rate of pay of an employee is determined by dividing his or her total compensation in any workweek by the total number of hours worked by him or her in that workweek for which he was actually paid.

In calculating the regular rate of pay, you must include any bonuses that the Plaintiffs were paid if you determine that the bonus was either (1) non-discretionary, or (2) intended to compensate hazardous, arduous or dirty work. A discretionary bonus is one that is solely within the discretion of the employer, including the amount of the bonus, and not according to a prior agreement, contract, or promise. If the employer promises in advance to pay a bonus, the bonus is not discretionary. Any bonus that is the result of a collective bargaining agreement is not a discretionary bonus and must be included in the regular rate of pay.

Authority: 29 U.S.C. § 207(e), 29 C.F.R. §§ 779.109, 779.207(b), 779.208, 779.209(a), 779.211.

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 26

### No Offsets for Bonuses

You may not offset any bonuses that Gristede's paid to Class Members during their employment from the amount of damages you determine they are owed.

Authority: 29 U.S.C. § 207(h); 29 C.F.R. §§ 778.201(c), 778.207(a), 778.208, 778.211; *Scott v. City of New York*, 592 F. Supp. 2d 475, 484-85 (S.D.N.Y. 2008) ("surplus overtime

premium payments, which may be credited against overtime pay . . . may not be carried forward or applied retroactively to satisfy an employer's overtime pay obligation in future or past pay periods") (citation omitted); *Harold Levinson Assoc., Inc. v. Chao*, No. 01-6105, 2002 U.S. App. LEXIS 9796, at *8 n.3 (2d Cir. May 22, 2002) (declining to award credits for overtime payments throughout a period longer than a workweek); *Howard v. City of Springfield*, 274 F.3d 1141, 1148 (7th Cir. 2001) (To allow an employer to take a credit would provide the employer with a "windfall," and would place it "in a substantially better position than if it had complied with the overtime requirements of the FLSA all along").

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 27

### Elements of Fraud

You must determine whether Gristede's engaged in fraud. The elements of fraud are: (1) a misrepresentation or omission of material fact; (2) which the Defendants know to be false; (3) which the Defendants made with the intention of inducing reliance; (4) upon which any Plaintiff reasonably relied; and (5) which caused injury to any Plaintiff.

Authority: *Wynn v. AC Rochester*, 273 F.3d 153, 156 (2d Cir. 2001) (*citing Lama Holding Co. v. Smith Barney, Inc.*, 88 N.Y.2d 413, 421 (1996)).

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 28

### Fraud: Misrepresentation

A misrepresentation includes failing to fully disclose facts of a material nature where there exists a duty to speak.

Authority: *Am. Baptist Churches of Metro. N.Y. v. Galloway*, 271 A.D.2d 92 (N.Y. App. Div. 2000).

23

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 29

### Fraud: Presumption of Reliance

When a defendant makes uniform written misrepresentations, this may raise a presumption of reliance. If you believe that Gristede's made misrepresentations, and that the misrepresentations were uniform and written, you may determine that all of the Class Members relied on them, not just the Class Members who testified.

Authority: *Weinberg v. Hertz Corp.,* 116 A.D.2d 1, 7 (N.Y. App. Div. 1986), *aff'd,* 69 N.Y.2d 979 (1987); *King v. Club Med, Inc.,* 76 A.D.2d 123, 127-128 (N.Y. App. Div. 1980); *Ackerman v. Price Waterhouse,* 252 A.D.2d 179, 197-98 (N.Y. App. Div. 1998); *Moore v. Painewebber, Inc.,* No. 96 CIV 6820, 97 CIV 4757, 2001 U.S. Dist. LEXIS 2325, at **10-12 (S.D.N.Y. Mar. 7, 2001).

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 30

### Damages – Fraud and Retaliation

Plaintiffs Torres and Chewning seek compensatory damages and punitive damages for their retaliation claims. Plaintiffs and the Class Members seek economic damages and punitive damages for fraud. I will discuss each of type of damages separately.

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 31

### Retaliation – Economic Damages

You may award Plaintiffs Torres and Chewning economic damages for the amount of legal fees they accrued in defending the retaliatory and frivolous counterclaims Defendants filed against them.

Authority: 29 U.S.C. § 216(b); N.Y. Lab. L. Art. 7 § 215(2).

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 32

### Retaliation – Compensatory Damages

You may award Plaintiffs Torres and Chewning compensatory damages for injuries such as emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life. There is no requirement that a claim of emotional distress be supported by proof of expenses, lost earnings, or specifically measurable damages. No expert testimony is necessary to prove such harm, and you may rest your findings solely on testimony.

Authority: 29 U.S.C. § 216(b); N.Y. Lab. L. Art. 7 § 215(2); *Ting Yao Lin v. Hayashi Ya II, Inc.*, 08 Civ. 6071, 2009 U.S. Dist. LEXIS 12963, at **26-28 (S.D.N.Y. Jan. 30, 2009) (awarding emotional distress damages to plaintiffs in NYLL retaliation action based on their testimony alone); *Oi Kwan Lai v. Eastpoint Int'l, Inc.*, 99 CIV. 2095, 2002 U.S. Dist. LEXIS 2987, at **3-4 (S.D.N.Y. Feb. 22, 2002) (approving award of emotional distress damages to plaintiffs in FLSA retaliation action); *Moore v. Freeman*, 355 F.3d 558, 564 (6th Cir. 2004) (upholding award of $40,000 to plaintiff in FLSA retaliation action based on evidence that the stress of losing his job demoralized him, strained his relationships with his wife and children, and negatively affected his sleeping habits and appetite).

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 33

### Fraud – Compensatory Damages

You may award Plaintiffs and the Class Members compensatory damages for the actual economic losses they sustained as a direct result of Defendants' fraud. Actual economic loss is the difference between the position Plaintiffs and the Class Members would have been in had Defendants not committed the fraud and the position they are in now.

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 34

### Retaliation – Punitive Damages

You may award Plaintiffs Torres and Chewning punitive damages for their retaliation claims. Punitive damages are not available for their unpaid wage claims under the FLSA and NYLL. The purpose of punitive damages is to punish a defendant for malicious or reckless acts and thereby to set an example in order to deter the defendant and others from committing similar acts in the future. Punitive damages are intended to protect the community and to be an expression of the jury's indignation at the misconduct. There is no exact rule by which to determine the amount of punitive damages. In this regard, the wealth of Defendants is relevant to the assessment of punitive damages.

To recover punitive damages, Plaintiffs Torres and Chewning must show by a preponderance of the evidence that Defendants acted with malice or reckless indifference to their protected rights under the law. An act is malicious or reckless if it is done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the act on the rights of others.

Authority: 29 U.S.C. § 216(b); N.Y. Lab. L. § 215; *Sines v. Serv. Corp. Int'l*, 03 Civ 5465, 2006 U.S. Dist. LEXIS 82164, at \*\*4-6, 10 (S.D.N.Y. Nov. 8, 2006) (citing with approval Seventh Circuit precedent holding that punitive damages are available to plaintiffs who prove retaliation under the FLSA and affirming jury's $130,000 punitive damages award); *Parrish v. Sollecito*, 280 F. Supp. 2d 145, 162 (S.D.N.Y. 2003) (the standard for awarding punitive damages is whether defendants acted "with malice or [] reckless indifference to the federally protected rights of an aggrieved individual"); F. O'Malley, et al., Federal Jury Practice and

26

Instructions § 171.94 (5th ed. 2007) (punitive damages) (modified).

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 35

### Fraud – Punitive Damages

You may award punitive damages to Plaintiffs and the Class Members for their fraud claims if you find that Defendants' wrong is highly morally culpable.

Authority: New York Pattern Jury Instruction, Civil, PJI 3:20 (2009).

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 36

### Retaliation and Fraud – Nominal Damages

If Plaintiffs Torres and Chewning have not shown any injury or any actual damages to warrant an award of compensatory damages for retaliation, then you must return an award of nominal damages of an amount not to exceed one dollar.   The same standard applies with respect to Plaintiffs' and Class Members' fraud claim.

Nominal damages must be awarded when a defendant has deprived a plaintiff of a right but a plaintiff has suffered no actual damages as a natural consequence of that deprivation. The mere fact that a deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation.

Authority: F. O'Malley, et al., Federal Jury Practice and Instructions § 171.93 (5th ed. 2001) (Nominal damages) (modified); *Robinson v. Cattaraugus County*, 147 F.3d 153, 162 (2d Cir. 1998).

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 37

### Nominal Damages and Punitive Damages

You may award punitive damages even if you otherwise award only nominal damages.

Authority: *Provost v. City of Newburgh*, 262 F.3d 146 (2d Cir. 2001) (affirming $10,000

punitive damages award against each of two defendants where jury found only nominal compensatory damages of $ 1 against each defendant); *Shea v. Galaxie Lumber & Constr. Co.*, 152 F.3d 729, 735-36 (7th Cir. 1998) ("punitive damages may be awarded on an FLSA § 216(b) retaliation claim even without a separate award of compensatory damages"); *Paul v. Hearst Corp.*, 261 F. Supp. 2d 303, 307-08 (3d Cir. 2002) ("courts have allowed awards of punitive damages where the actual damages were nominal or nonexistent").

## <u>PROPOSED JURY INSTRUCTION NO. 38</u>

### Individual Liability

An individual – not just a company – may be held liable for unpaid wages if that individual is an "employer" within the meaning of the FLSA and NYLL.  Under the FLSA and NYLL, an individual is an employer if that person possesses the power to control a group of employees.  A person can be an employer even where his or her control over the employees in question is restricted, indirect, or exercised only occasionally.

You may also consider several other factors in determining whether an individual is an employer under the FLSA and NYLL.  No single factor is controlling.  The factors are: whether he or she (1) has the power to hire and fire the employees, (2) has the power to supervise and control employee work schedules or the power to supervise or control employees' conditions of employment, (3) has the power to determine employees' rate and method of payment, and (4) has the power to maintain employment records.  You may determine that an individual is an employer without finding that he or she meets any or all of these factors.  The overarching concern is whether the individual possessed the power to control the workers in question.

In determining whether an individual is an employer, you may also consider whether the individual has operational control of the corporation, possesses an ownership interest in it,

28

controls significant functions of the business, or determines the employees' salaries and makes hiring decisions. Again, an individual need not meet all of these factors or any of them in order to be an employer if the individual has the power to control the workers in question.

Authority: *Herman v. RSR Sec. Servs. Ltd.,* 172 F.3d 132, 139-140 (2d Cir. 1999) (The "overarching concern" when determining individual liability is "whether the alleged employer possessed the power to control the workers in question"); *Ansoumana v. Gristede's Operating Corp.,* 255 F. Supp. 2d 184, 192 (S.D.N.Y. 2003) ("Officers and owners of corporations may be deemed employers under the FLSA where the individual has overall operational control of the corporation, possesses an ownership interest in it, controls significant functions of the business, or determines the employees' salaries and makes hiring decisions.") (internal quotation marks omitted).

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 39

### Integrated Enterprise Liability

Two or more entities can share liability for FLSA and NYLL violations if they are part of a "single integrated enterprise." Separate corporations under common ownership and management are considered a single integrated enterprise. In determining whether entities are part of a single integrated enterprise, you may also consider interrelation of operations, common management, centralized control of labor relations, the use of shared office facilities and equipment, and connections between or among enterprises.

Authority: *Arculeo v. On-Site Sales & Mktg., LLC,* 425 F.3d 193, 198 (2d Cir. 2005); *Lihli Fashions Corp., Inc. v. NLRB,* 80 F.3d 743, 747 (2d Cir. 1996); *La Barbera v. Cretty Enters., Inc.,* Nos. 03-6112, 04-5178, 2007 U.S. Dist. LEXIS 87560, at **5-6 (E.D.N.Y. Nov. 28, 2007).