# Exhibit D

## PRELIMINARY INSTRUCTIONS BEFORE TRIAL

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case. By your verdict you will decide the disputed issues of fact. I will decide all questions of law and procedure that arise during the trial, and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.

The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was. Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.

On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish, during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

**Notetaking permitted:**

If you would like to take notes during the trial you may do so. On the other hand, of course, you are not required to take notes if you do not want to. That will be left up to you, individually. If you do decide to take notes, do not try to write everything down because you will get so involved in notetaking that you might become distracted from the ongoing proceedings. Just make notes of names, or dates and places - - things that might be difficult to remember. Also, your notes should be used only as aids to your memory, and, if your memory should later differ from your notes, you should rely upon your memory and not your notes. If you do not take notes, you should rely upon your own independent recollection or memory of

what the testimony was and you should not be unduly influenced by the notes of other Jurors. Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

**Notetaking Not Permitted:**

A question sometimes arises as to whether individual members of the Jury will be permitted to take notes during the trial. The desire to take notes is perfectly natural especially for those of you who are accustomed to making notes because of your schooling or the nature of your work or the like. It is requested, however, that Jurors not take notes during the trial. One of the reasons for having a number of persons on the Jury is to gain the advantage of your several, individual memories concerning the testimony presented before you; and, while some of you might feel comfortable taking notes, other members of the Jury may not have skill or experience in notetaking and may not wish to do so.

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions. Reserve your judgment until you have heard all of the testimony and evidence, the closing arguments or summations of the lawyers, and my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case. You should also avoid seeing or hearing any television or radio comments about the trial.

In addition, you must not visit any of the Gristede's supermarkets involved in this case unless I later instruct you to do so.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or

other comment I may make that I have any opinions on the merits of the case favoring one side or the other. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows: In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements." The Plaintiffs will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiffs' "case in chief." When the Plaintiff finishes (by announcing "rest"), the Defendants will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial. The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.

I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides. So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CARLOS TORRES, RUBEN MORA, BOBBY IRIZARRY, LEWIS CHEWNING, GILBERTO SANTIAGO, WILLIAM HELWIG, ROBERT MISURACA, JOSEPH CREMA, MARIO DIPRETA, VICTOR PHELPS, JOSELITO AROCHO, ALFRED CROKER, DANIEL SALEGNA, FRANK DELEON, and ROBERT PASTORINO, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | No. 04 Civ. 3316 (PAC) |
| -against- | |
| GRISTEDE'S OPERATING CORP.; NAMDOR, INC.; GRISTEDE'S FOODS, INC.; CITY PRODUCE OPERATING CORP.; GRISTEDE'S FOODS NY, INC., JOHN CATSIMATIDES, JAMES MONOS, and GALO BALSECA, | |
| Defendant. | |

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

Now that you have heard all of the evidence and each of the arguments of the attorneys, it becomes my duty to give you the Court's final instructions as to the law that is applicable to the case and which will guide you in your decisions.

All of the instructions of law given to you by the Court – those given to you at the beginning of the trial, those given to you during trial, if any, and these final instructions- must guide and govern your deliberations.

The instructions I am about to give you are in writing, and you will have them in the jury room as you discuss the case in your deliberations. (if they each have a copy- also, you each have a copy in front of you now.  If you follow along, please read with me and not ahead of me.)

**Functions of the Court and Jury:**

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job and yours alone.  Your second duty is to apply the law and the Court

gives you to the facts as you find them.  You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be governed by sympathy, prejudice, or public opinion.  All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you.  If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

Remember that anything the lawyers say is not evidence in the case.  Nothing I have said during this trial or in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is.  It is not my function to determine facts, but rather yours.  And it is your own recollection and interpretation of the evidence that controls.

You were chosen as jurors for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the plaintiffs, and the denial of these allegations by the defendants.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  Corporations are entitled to the same fair trial at your hands as a private individual.  All persons, including corporations stand equal before the law and are to be dealt with as equals in a court of justice.

When a corporation is involved, of course, it may act only through people as its employees.  In general, an employee of a corporation may bind the corporation by his or her acts and declarations made while acting within the scope of authority delegated to him or her by the corporation or partnership.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

During this trial, I have asked a witness a question myself.  Do not assume that because I asked questions I hold nay opinion on the matters I asked about, or on what the outcome of the case should be.

**What is Evidence in the Case:**

As stated earlier, it is your duty to determine the facts, and in doing so, you must consider only the evidence I have admitted in the case. The term "evidence" includes sworn testimony of the witnesses, sworn testimony read to you from depositions, the exhibits admitted in evidence, and the stipulations. A stipulation is an agreement between both sides that certain facts are true. I have taken judicial notice of certain facts, and you must accept those facts as proven.

In determining whether a fact has been proven, you should consider all of the evidence bearing on the questions regardless of who introduced it.

During the trial, certain testimony was presented to you by the reading of a deposition. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

**What is not Evidence in the Case:**

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. Lawyers have a duty to object when they believe a question is improper and you should not be influenced by the objection or my ruling on it.

The lawyer's opening statements and closing arguments to you are not evidence. The purpose of these statements is to point out those things that are most significant or most helpful to their side of the case, and in doing so, call your attention to certain facts or inferences that otherwise might escape your notice.

In the final analysis, it is your own recollection and interpretation of the evidence that controls. What the layers say is not binding upon you. If the evidence as you remember it differs from what the lawyer has said, your memory is what counts.

Any evidence as to which an objection was sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded. Unless, you are otherwise instructed, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Each party is entitled to have the case decided solely on the evidence that applies to that party. You must consider the evidence consider the evidence concerning _____ only in the case against Mr. Catsimatidis/Mr. Monos/Mr. Balseca/Gristede's Defendants.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.  In our lives we often look at one fact and conclude from it that another fact exists.  A jury is allowed to make reasonable inferences.  Any inference you make must be reasonable and must be based on the evidence in the case.

**Limited Purpose Evidence:**

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose.  You must consider this evidence only for the limited purpose for which it was admitted.

**Spoliation/Destruction of Evidence:**

Plaintiff contends that Defendant at one time possessed [describe evidence allegedly destroyed].   However, Defendant contends that [evidence never existed, evidence was not in its possession, evidence was not destroyed, loss of evidence was accidental, etc.].

You may assume that such evidence would have been unfavorable to Defendant only if you find by a preponderance of the evidence that:

(1) Defendant intentionally [destroyed the evidence] [caused the evidence to be destroyed]; and

(2) Defendant [destroyed the evidence] [caused the evidence to be destroyed] in bad faith.

**Notes:**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**Translators:**

You should consider only the evidence provided through the official interpreter. Although some of you may know [language(s) used], it is important that all jurors consider the

same evidence. Therefore, you must base your decision on the evidence presented in the English translation.

**Summaries:**

### Stipulated

The parties agree that [describe summary in evidence] accurately summarizes the contents of documents, records, or books. You should consider these summaries just like all of the other evidence in the case.

### Not Stipulated

Certain [describe summary in evidence] is/are in evidence. [The original materials used to prepare those summaries also are in evidence.] It is up to you to decide if the summaries are accurate.

**Demonstrative Exhibits:**

Certain [describe demonstrative exhibit, e.g., models, diagrams, devices, sketches] have been shown to you. Those [short description] are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

**Deciding What to Believe:**

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, by the manner in which the witness testifies, by the character of the testimony given, or by evidence to the contrary of the testimony given.

While you must consider all of the evidence in the case, you need not accept all the evidence as true or accurate. You should carefully scrutinize all of the testimony, given the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.

Consider each witness's intelligence, motive, state of mind, demeanor, and manner while on the stand. Consider the witness' ability to observe the matter about which the witness has testified, whether the witness impresses you as having an accurate recollection of these matters and the reasonableness of the witness's testimony in light of all the evidence in the case.

Also, consider any relation each witness might bear to either side of the case, the manner in which each witness might be affected by the verdict, the ability and opportunity the witness had to see, hear, or know the things that the witness testified about and the extent to which, if at all, each witness is either supported by or contradicted by the other evidence in the case.

In weighing the effect of any discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from an innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you think it deserves. You may, in short, accept or reject the testimony of any witness in whole or in part. In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

The law does not require any party to call as a witness all persons who may have been present at the time and place involved in the case, or who may appear to have some kind of knowledge of the matters at issue in this trial. Nor does the law require any party to produce as exhibits, all papers and things mentioned as evidence in the case.

**Impeachment of a Witness:**

A witness may be discredited or "impeached" by : (1) contradictory evidence. (2) a showing that he or she testified falsely concerning a matter, or (3) evidence that at some other time the witness has said or done something- or failed to say or do something- that is inconsistent with the witness' present testimony. If you believe that a witness has been impeached, then it remains your province to give the testimony of witness the credibility or weight, if any, it deserves.

When any witness is questioned about an earlier statement that he or she may have made, or earlier testimony that he or she may have given, such questioning is permitted to aid you in evaluating the truth or accuracy of his or her testimony at the trial. In addition, if that earlier statement was made under oath and is inconsistent with the witness' testimony at trial, you may consider that earlier sworn statement as evidence of the truth of the earlier statement. Whether

or not such prior statements of a witness are, in fact, consistent or inconsistent with his or her trial testimony is entirely for you to determine.

_____ was mentioned at trial but did not testify. You may, but are not required to, assume that _____'s testimony would have been unfavorable to Plaintiff/Defendant.

Also, it is proper for a lawyer to meet with any witness in preparation for trial.

**Expert Witness:**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

You have heard a witness give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

When a witness has been or will be paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such a witness where court testimony is given with regularity and represents a significant portion of the witness' income.

**Direct & Circumstantial:**

There are generally, two types of evidence from which a jury may properly find the truth as to the facts of a case.  One is direct evidence, such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence, such as the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence,

both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make.

As a general rule, the law makes no distinction between the weight to be given to either direct or circumstantial evidence, but requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

**Burden of Proof:**

The burden is on the plaintiff in a civil action such as this to prove every essential element of the Plaintiffs claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A preponderance of the evidence means that when you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately. You must give separate consideration to each claim and each party in this case. Although there are 4 [if all corporate defendants are lumped] defendants, it does not follow that if one is liable, any of the others is also liable. Also, although there are 15 named plaintiffs, it does not follow that if one is successful; the others are, as well.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them; however in considering a specific claim against a specific defendant, you must not consider evidence admitted only against other defendants, or only as to other claims.

[If summary judgment is awarded to Defendant Catsimatidis] John Catsimatidis is no longer a defendant in this case. You should not consider any claims against Mr. Catsimatidis. Do not speculate on the reasons. You should decide this case as to the remaining parties.

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression, "if you find" or "if you decide," I mean that you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

If the proof should fail to establish any essential element of the Plaintiffs' claim by a preponderance of the evidence, then the Plaintiffs have failed to carry their burden of proof by a preponderance of the evidence and you must return a verdict for the Defendants.

**Fair Labor Standards Act:**

This action is comprised of two separate claims: (1) the failure to pay overtime wages; and (2) the failure to pay for "off-the-clock" work.

The overtime wage claim portion of this case arises under the Fair Labor Standards Act ("FLSA" or "the Act"), the federal law that provides for the payment of time and a half overtime pay. The Plaintiffs claim that the Defendants did not pay the Plaintiffs the overtime pay required by law. The Plaintiffs also claim that they worked off the clock and were not compensated for this time.

Defendants deny that the Plaintiffs are entitled to additional overtime wages because they were already compensated for all their time worked and many if not all were paid overtime during their employment at Gristedes. Defendants also deny that Plaintiffs are entitled to additional wages for hours worked off-the-clock that they were not compensated for. Defendants contend that they have paid Plaintiffs for all time worked.

In order to prevail on these claims, the Plaintiffs must prove each of the following facts by a preponderance of the evidence:

    1) That the Plaintiffs were employed by the Defendant during the time period involved;

    2) That the Plaintiffs were employees;

    3) That the Plaintiffs worked overtime hours;

    4) That the Plaintiffs worked while they were technically off the clock; and

    5) That the Defendant failed to pay the Plaintiffs overtime pay as required by law; and/or

    6) That the Defendant failed to pay the Plaintiffs for all of their hours worked, required by law.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

The parties have stipulated or agreed to the first two facts –that the Plaintiffs were employees of Gristede's during the relevant time period—and you should consider it as established.

With respect to the third fact, the Fair Labor Standards Act requires an employer to pay its employees at a rate of at least one and one-half times their regular rate for time worked in any one work week over 40 hours. This is commonly known as time-and-a-half pay for "overtime" work.

The employee's "regular rate" during a particular week is the basis for calculating any overtime pay due to the employee for that week. The "regular rate" for a week is determined by dividing the first 40 hours worked into the total wages paid for those 40 hours. The overtime rate then, would be one and one-half of that rate and would be owing for each hour in excess of 40 hours during the work week.

**The verdict:**

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without compromising your individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room, you must select one of your number to act as foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

The fact that the Court has instructed you as to the proper measure of damages should not be considered as intimating any view of the Court as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of the Plaintiffs from a preponderance of the evidence in the case, in accordance with the other instructions.

**Verdict Forms:**

Forms of verdict have been prepared for your convenience.  You will take the verdict forms to the jury room, and when you have reached a unanimous agreement as to your verdict, you will all sign and date the form which sets forth the verdict upon which you unanimously agree, and then return with your verdict to the courtroom.

It is proper to add the caution that nothing said in these instructions and nothing in any form verdict prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what the Court thinks you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

**Communication with the Court:**

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with the Court by any means other than I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, and you are divided on a verdict, you should not indicate in your note what your numerical division is.

**Disagreement among Jurors:**

The verdict[s] must represent the considered judgment of each juror. Your verdict[s], whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**Duty To Deliberate When Only The Plaintiff Claims Damages:**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## IN-TRIAL INSTRUCTIONS; CAUTIONARY INSTRUCTIONS

**Cautionary Instruction Before Recess:**

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

**Evidence Admitted Only Against One Party:**

Some of the evidence in this case is limited to one of the parties, and cannot be considered against the others. Each party is entitled to have the case decided solely on the evidence which applies to that party.

The evidence you [are about to hear/just heard] can be considered only in the case against [name party].

**Stipulated Testimony:**

The parties have stipulated or agreed what [name 's] testimony would be if [name] were called as a witness. You should consider that testimony in the same way as if [name] had given the testimony here in court.

**Stipulations of Fact:**

The parties have stipulated, or agreed, that [stipulated fact] . You must now treat this fact as having been proved for the purpose of this case.

**Deposition as Substantive Evidence:**

A deposition is the sworn testimon y of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of [Witness], which was taken on [date], is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**Cross Examination of Character Witness:**

The questions and answers you have just heard were permitted only to help you decide what this witness really knew about the reputation of [Name] for truthfulness. You may not use the questions and answers you have just heard for any other purpose.

**Summaries:**

### Stipulated

The parties agree that [describe summary in evidence] accurately summarizes the contents of documents, records, or books. You should consider these summaries just like all of the other evidence in the case.

### Not Stipulated

Certain [describe summary in evidence] is/are in evidence. [The original materials used to prepare those summaries also are in evidence.] It is up to you to decide if the summaries are accurate.

**Judge's Comments to Lawyer:**

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.