# RED APPLE GROUP

Refining  
Real Estate  
Supermarkets  
Aviation  
Finance

Tel: 212-956-5770 Ext. 1211  
212-974-0780  
Fax: 212-974-0786  
212-262-4979

**NICHOLAS C. KATSORIS**  
General Counsel

March 1, 2010

**Via Facsimile to 212-805-6304**  
Honorable Paul A. Crotty  
United States District Judge  
United States District Court  
Southern District of New York  
500 Pearl Street, Room 735  
New York, NY 10007

Re:   *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316 (PAC)

Dear Judge Crotty:

As counsel for Defendants we write, with the Court's permission, to provide a short supplement to our Memorandum of Law in Opposition to Plaintiffs' Motion for Partial Summary Judgment on Individual Liability as to John Catsimatidis previously submitted on June 1, 2009. (Docket 334).

In the nine months since briefing was completed, not a single decision has been issued that held a person similar to Mr. Catsimatidis, individually liable as an employer under the FLSA or the sections of the NYLL applicable to this matter. Throughout, Plaintiffs have incorrectly argued that Mr. Catsimatidis should be found individually liable based on a series of conclusory allegations that Mr. Catsimatidis, as CEO, theoretically possessed the power to control employees. Pls. Br. at 10. This same generalization likely applies to any company president, but a theoretical power is not significant to invoke personal responsibility under the FLSA. The

economic realities test, which is applicable in the Second Circuit, looks to determine whether an individual is an employer under the FLSA based on a totality of the circumstances and requires a fact-intensive inquiry. Plaintiffs' overbroad and conclusory statements regarding Mr. Catsimatidis are insufficient to impose individual liability.

Since the parties filed their briefs, many decisions have been issued denying summary judgment on the issue of individual liability under the FLSA. See Tracy v. NVR, Inc., 2009 U.S. Dist. LEXIS 102960 (W.D.N.Y. Nov. 5, 2009) (finding that mere boilerplate allegations that an individual meets various prongs of the economic realities test are insufficient to establish that an individual is an employer under the FLSA); Shim v. Millennium Group, 2009 U.S. Dist. LEXIS 124107 (E.D.N.Y. Oct. 2, 2009) (finding that "threadbare allegations are insufficient to establish individual liability under either the FLSA or the New York Labor Law"). Other courts have denied summary judgment where an issue of fact existed. Indeed, in Dantuono v. Davis Vision, Inc., the Eastern District of New York found issues of fact and denied summary judgment even where the individual in question admitted to making the decision to fire the plaintiff, and to supervising and controlling plaintiff's schedule and conditions of employment, but denied any ownership interest. Dantuono v. Davis Vision, Inc., 2009 U.S. Dist. LEXIS 122119 (E.D.N.Y. Dec. 29, 2009) (determining whether an individual is considered an employer and thus individually liable under the New York Human Rights Law). As the Court explained the economic realities test requires a fact-intensive inquiry of *all of the factors under the economic realities test*, and summary judgment on individual liability should not be granted where only some of the prongs of the test are met. Id. See also Hui Lin v. Great Rose Fashion, Inc., 2009 U.S. Dist. LEXIS 46726 (E.D.N.Y. June 2, 2009) (denying defendants' motion to dismiss for lack of standing, the Court considered whether defendants were employers under the FLSA and

noting that additional discovery was needed to fully evaluate under the economic realities test). Cf. Padilla v. Manlapaz, 643 F. Supp. 2d 302 (E.D.N.Y. 2009) (granting plaintiff summary judgment on individual liability where facts relevant to question of whether individual is an employer under the New York Labor Law are *not in dispute*).

In Tracy v. NVR, Inc., no individual liability for a Vice-President of Human Resources was found where, as in this case, plaintiffs did not allege that they or anyone else were hired by that individual, and refused to allow plaintiff to add other executives to the case. See Tracy v. NVR, Inc., 2009 U.S. Dist. LEXIS 102960 at 7-9 (W.D.N.Y. Nov. 5, 2009) (concurring with the magistrate judge's finding that amending the complaint to add the corporate defendant's chairman and CEO would be futile because plaintiff fails to allege sufficient operational control or involvement). The Tracy Court concluded that the plaintiff's blanket assertions that the individual's ability to exercise his supposed policy-setting powers in some way that impacted their employment were insufficient to impose liability on the individual. See id. at 7-8. The Court emphasized that "bare allegations of an individual's control over employee-plaintiffs that are based solely upon the individual's job title and presumed duties are insufficient to establish that the individual is an 'employer' under Herman's economic reality test." Id. at 7 (citing Herman v. RSR Sec. Services Ltd., 172 F.3d 132 (2d Cir. 1999); Bravo v. Eastpoint Int'l, Inc., 2001 U.S. Dist. LEXIS 3647 (S.D.N.Y. Mar. 30, 2001); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The same result should attach here.

In Shim v. Millennium Group, the Court denied plaintiffs' motion seeking to impose individual liability on three corporate directors/officers, one of whom was the president and chief executive officer of a corporate defendant, explaining that vague boilerplate allegations that allege in a conclusory fashion that plaintiffs worked under the individual are insufficient to

3

establish individual liability under the FLSA and the NYLL. 2009 U.S. Dist. LEXIS 124107 (E.D.N.Y. Oct. 2, 2009). Subsequently plaintiffs were granted a default judgment and individual liability was imposed, but only because the defendants did not interpose an answer denying the allegations and as such were deemed to have admitted plaintiffs' claims. Shim, 2010 U.S. Dist. Lexis 6407 (E.D.N.Y. 2010).

Plaintiffs' motion here is subject to the same type of facts, as no evidence has been presented that Mr. Catsimatidis actually hired or fired a single store employee, that he determined the rate or method of payment of a single store employee, or that he was involved in supervising and/or controlling the work schedule or conditions of employment of a single store employee, at any time, in any store, during the entire eleven year period from 1998 to the present, therefore Plaintiffs' request for partial summary judgment for individual liability as to Mr. Catsimatidis should be denied. Defs. Br. at 5-13.

After the briefs in this matter were submitted the parties prepared for trial. In all the trial preparation nothing came to light to refute, undermine or negate Defendants' central position that Mr. Catsimatidis had no involvement with the plaintiffs, particularly for the time period from 2000 forward. Therefore, while Plaintiffs are the moving party on this matter, Defendants respectfully request that this Court exercise its power to grant Mr. Catsimatidis summary judgment on his individual liability, *sua sponte*, at the very least from 2000 forward.

It has long been the law of the Second Circuit that "as long as some party has made a motion for summary judgment, a court may grant summary judgment to a non-moving party, provided that party has had a full and fair opportunity to meet the proposition that there is no genuine issue of material fact to be tried." First Fin. Ins. Co. v. Allstate Interior Demolition Corp., 193 F.3d 109 (2d Cir. N.Y. 1999); see Coach Leatherware Co. v. AnnTaylor, Inc., 933

4

F.2d 162 (2d Cir. N.Y. 1991) (noting that as long as "the facts before the district court were fully developed so that the moving party suffered no procedural prejudice," granting of summary judgment *sua sponte* in favor of the non-moving party, is an "accepted method of expediting litigation"); <u>Hollings v. TransactTools, Inc.</u>, 128 Fed. Appx. 820 (2d Cir. N.Y. 2005) (affirming district court's decision to grant defendants summary judgment *sua sponte*, dismissing plaintiff's claim). The issue of Mr. Catsimatidis's individual liability is fully briefed and it is respectfully requested that this Court grant Mr. Catsimatidis summary judgment *sua sponte*.

Respectfully submitted,

Emily Pankow

cc:  Justin M. Swartz, Esq. (by facsimile and email)
     Molly Brooks, Esq. (by facsimile and email)
     Kevin J. Nash, Esq. (by facsimile and email)
     Nicholas C. Katsoris, Esq. (by facsimile and email)
     Christopher A. Parlo, Esq. (by facsimile and email)