USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01 JUN 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS TORRES, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GRISTEDE'S OPERATING CORP., et al.,<br><br>Defendants. | Case No. 04-CV-3316 (PAC) |
| OSCAR AMARO, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GRISTEDE'S OPERATING CORP., et al.,<br><br>Defendants. | Case No. 08-CV-8531 (PAC) |
| DAVID BARRETO, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GRISTEDE'S OPERATING CORP., et al.,<br><br>Defendants. | Case No. 08-CV-9627 (PAC) |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY /pc
APPROVAL OF CLASS SETTLEMENT AND APPROVING OF PLAINTIFFS'
PROPOSED NOTICE OF SETTLEMENT**

The above-entitled matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Settlement and Approving of Plaintiffs' Proposed Notice of Class Action Settlement and Fairness Hearing ("Motion for Preliminary Approval") (Docket No. 354 ).

## I. Background

1. Plaintiff Carlos Torres filed *Torres v. Gristede's Operating Corp.*, 04 Civ. 3316 (PAC) ("*Torres*") on April 30, 2004. Through three amended complaints, Plaintiff added fourteen additional named plaintiffs, three individual defendants, and claims for retaliation.

2. The court granted class certification and authorized collective action notice on September 29, 2006, and appointed Outten & Golden LLP as Class Counsel. *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316, 2006 U.S. Dist. LEXIS 74039, at *2-3 (S.D.N.Y. Sept. 29, 2006).

3. On August 28, 2008, the court granted partial summary judgment in Plaintiffs' favor on liability on certain overtime claims, dismissing Defendants' good faith defense, finding Defendants' violations willful, and finding in two Plaintiffs' favor on their individual retaliation claims. *Torres v. Gristede's Operating Corp.*, 04 Civ. 3316, 2008 U.S. Dist. LEXIS 66066, at *5-6 (S.D.N.Y. Aug. 28, 2008).

4. Two additional lawsuits, *Amaro v. Gristede's Operating Corp.*, No. 08 Civ. 8531 (PAC) ("*Amaro*"), filed on October 6, 2008, and *Barreto v. Gristede's Operating Corp.*, No. 08 Civ. 9627 (PAC) ("*Baretto*"), filed on November 7, 2008, brought wage and hour claims similar to those pled in *Torres* on behalf of individuals who did not opt-into *Torres* by the deadline to do so.

5. On February 18, 2009, Plaintiffs filed *a motion* for summary judgment as to the individual liability of Defendant John Catsimatidis.

6. After a period of damages discovery, *Torres* was almost ready for trial, which was set to begin on June 15, 2009. On June 5, 2009, the parties notified the court that they had reached a $3,530,000 settlement for the class claims. The $3,530,000 settlement amount did not include attorneys' fees and costs, which the parties will negotiate separately and litigate if

2

necessary.

7. Over the next nine months, the parties negotiated the terms of the Joint Stipulation of Settlement and Release ("Settlement Agreement"), attached to the Declaration of Justin M. Swartz ("Swartz Declaration") as Exhibit G.

## II. Preliminary Approval of Settlement

8. The parties' proposed settlement resolves all claims in *Torres*, *Baretto*, and *Amaro* (collectively the "Litigation").

9. The Plaintiffs in all three cases allege that Gristede's failed to pay its department managers and co-managers overtime compensation due under the Fair Labor Standards Act, 29 U.S.C. §§ 209 et seq. ("FLSA") and the New York Labor Law §§ 650-665 ("NYLL").

10. The Settlement Agreement creates a fund of $3,530,000 ("Fund") that resolves all claims in the Litigation except claims for attorneys' fees and costs. Plaintiffs in *Torres* are prevailing parties in the Litigation and are entitled to an award of attorneys' fees and costs in addition to the Fund. Plaintiffs are also entitled to attorneys' fees and costs in addition to the Fund for the *Amaro* and *Barreto* actions. The amount of the fees and costs will be determined through an agreement of the parties, if possible. Corporate Defendants are jointly and severally liable for attorneys' fees and costs, and John Catsimatidis is jointly and severally liable only if he is found by the Court to be individually liable.

11. According to the allocation formula set forth in the Settlement Agreement ("Allocation Formula"), class members are allocated points based on the number of workweeks they were employed during the applicable limitations period and their job titles. The claims administrator will divide the total number of points for each class member by the total number of points for all class members. This will yield the percentage of the net settlement fund that each class member will receive. The claims administrator then will multiply each class members'

3

portion of the net settlement fund by the net settlement fund to determine the amount to be paid to each class member.

12. Preliminary approval, which Plaintiffs seek here, is the first step in the settlement process. It allows notice to be issued to the class and for class members to object to or opt-out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the class members' input.

13. The approval of a proposed class action settlement is a matter of discretion for the trial court. *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1998); *Clark v. Ecolab, Inc.*, No. 07 Civ. 8623 (PAC), No. 04 Civ. 4488 (PAC), No. 06 Civ. 5672 (PAC), 2009 U.S. Dist. LEXIS 108736 at *13-14 (S.D.N.Y. Nov. 17, 2009). In exercising this discretion, courts should give "proper deference to the private consensual decision of the parties." *Clark*, 2009 U.S. Dist. LEXIS 108736, at *14 (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1988)). "In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation ..." *Clark*, 2009 U.S. Dist. LEXIS 108736, at *14 (internal citation omitted).

14. Preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties. *Clark*, 2009 U.S. Dist. LEXIS 108736, at *14-15 (citing Herbert B. Newberg & Alba Conte, Newberg on Class Actions ("Newberg") § 11.25 (4th ed. 2002). To grant preliminary approval, the court need only find that there is "'probable cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness." *In re Traffic Executive Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980). If, after a preliminary evaluation of the proposed settlement, the court finds that it "appears to fall within the range of possible approval," the court should order that the class members receive notice of the settlement. *Clark*,

2009 U.S. Dist. LEXIS 108736, at *15 (citing Newberg at § 11.25).

15. The Court concludes that the proposed Settlement Agreement and Allocation Formula are within the range of possible final settlement approval. Therefore, notice to the Class is appropriate. *deMunecas v. Bold Food, LLC*, 09 Civ. 00440, 2010 U.S. Dist. LEXIS 38229, at *2-3 (S.D.N.Y. Apr. 19, 2010); *Danieli v. IBM*, No. 08 Civ. 3688, 2009 U.S. Dist. LEXIS 106938, at *12-13 (S.D.N.Y. Nov. 16, 2009) (granting preliminary approval where settlement "has no obvious defects" and proposed allocation plan is "rationally related to the relative strengths and weaknesses of the respective claims asserted"). The Court also finds that the Settlement Agreement is the result of extensive, arms length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

16. Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of Class Settlement, the Swartz Declaration, and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Settlement Agreement.

## II. Class Notice

17. The Court approves the Proposed Notice of Class Action Settlement and Fairness Hearing ("Proposed Notice"), which is attached as Exhibit 1 to Plaintiffs' Notice of Motion for Preliminary Approval of Class Settlement, and directs its distribution to the Class Members.

18. The content of the Proposed Notice fully complies with due process and Federal Rule of Civil Procedure 23.

19. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will

> exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B); *see also Clark*, 2009 U.S. Dist. LEXIS 108736, at *21-22.

20. The Notice satisfies each of these requirements and adequately puts class members on notice of the proposed settlement. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally"). The Notice is appropriate because it describes the terms of the settlement, and provides specific information regarding the date, time, and place of the final approval hearing. *Clark*, 2009 U.S. Dist. LEXIS 108736, at *22.

III. Class Action Settlement Procedure

[handwritten annotations: *Furthermore all named plaintiffs and opt in plaintiffs (see para 4 supra) are dismissed without prejudice. Kim are and Brutto (see para 4 supra) in turn are actual and deemed to have joined Torres on the date they joined Busso and Barullo*]

21. The Court hereby adopts the following settlement approval process, which safeguards class members' procedural due process rights, enables the Court to fulfill its role as the guardian of class interests, and is consistent with the standard procedure for evaluating class action settlements. *See* Fed. R. Civ. P. 23(e); Newberg at §§ 11.22 *et seq.*; *Damassia v. Duane Reade, Inc.*, 04 Civ. 08819 (GEL),04 Civ. 02295 (GEL), 2009 U.S. Dist. LEXIS 77489 (S.D.N.Y. July 24, 2009) (granting final approval of class action settlement after preliminary approval, notice and fairness hearing); *Mohney v. Shelly's Prime Steak Stone Crab & Oyster Bar*, No. 06 Civ. 4260, 2009 U.S. Dist. LEXIS 27899 (S.D.N.Y. Mar. 31, 2009) (same):

a. At least 10 calendar days before the date scheduled for the Preliminary Approval Hearing, Defendants will provide the Claims Administrator and Class Counsel with a list, in electronic form, of the names, last known addresses, telephone numbers, job titles and dates in job titles, and social security numbers of all Class Members.

b. Within 10 calendar days after the Order Granting Preliminary Approval, the Claims Administrator shall mail, via First Class United States mail, postage prepaid, the

Change of Name and/or Address Information Form, Election to Opt Out of Settlement and Class Action Form, Consent to Join Settlement Class & Settlement Claim Certification Form and Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing to all Class Members, in English and Spanish using each individual's last known address as recorded in Defendants' records.

c. Class members shall have 120 days after the date the Notices are mailed to submit a Consent to Join Settlement Class & Settlement Claim Certification Form.

d. The Claims Administrator will use all reasonable efforts to reach Class Members including mailing the Consent to Join Settlement Class & Settlement Claim Certification Form after using all reasonable commercially available methods of getting good addresses, using an envelope that clearly indicates that the contents concern a settlement in which the recipient may participate, sending a full copy of the notice if any mailing comes back as undeliverable for any reason, sending a reminder post-card if any individual has not submitted a Consent to Join Settlement Class & Settlement Claim Certification Form by the date 15 days before the end of the Claim Period and using high quality paper in high quality stamped return envelopes, and making further reasonable efforts to each any individual who has not submitted a Consent to Join Settlement Class & Settlement Claim Certification Form by the date 30 days before the end of the Notice Period.

e. Unless the Claims Administrator receives a Consent to Join Settlement Class & Settlement Claim Certification Form returned from the United States Postal Service for reasons discussed below in this Section, that Class Notice shall be deemed mailed and received by the Class Member to whom it was sent five (5) days after mailing. In

the event that subsequent to the first mailing of a Class Notice and prior to the deadline for a response, that Notice is returned to the Claims Administrator by the United States Postal Service with a forwarding address for the recipient, the Claims Administrator shall re-mail the notice to that address, the Notice will be deemed mailed as of that date, and the forwarding address shall be deemed the Updated Address for that Class Member. In the event that subsequent to the first mailing of a Class Notice, and at least fifteen (15) days prior to the Notice Response Deadline, that Notice is returned to the Claims Administrator by the United States Postal Service because the address of the recipient is no longer valid, *i.e.*, the envelope is marked "Return to Sender," the Claims Administrator shall perform a standard skip trace, in the manner that the Claims Administrator customarily performs skip traces, in an effort to attempt to ascertain the current address of the particular Class Member in question and, if such an address is ascertained, the Claims Administrator will re-send the Notice within seven (7) days of receiving such information; if no Updated Address is obtained for that Class Member, the Class Notice shall be sent again to the Last Known Address. In either event, the Class Notice shall be deemed received five (5) days after the date it is mailed for the second time.

f. To the extent a Class Member, whose address has not been deemed unknown by the Claims Administrator, has not submitted to the Claims Administrator some form of written response to the Class Notice by the date that is thirty (30) days before the Notice Response Deadline, the Claims Administrator shall send that Class Member a postcard: (a) referencing the name of the Class Action; (b) stating that the Class Member received a Notice in this action; (c) providing the address and contact information, for the Claims Administrator and Class Counsel; (d) stating the Notice

Response Deadline, *i.e.*, the deadline to respond to the Class Notice if the recipient desires to do so; and (e) stating that the Class Member can contact the Claims Administrator or Class Counsel to receive an additional copy of the notice. Nothing in this Section 2.3 (F) shall be construed to extend the Notice Response Deadline or the Claim Certification Deadline for any Class Members. The postcard shall not contain any additional information or statements. The reasonable costs expended in association with the preparation and mailing of the postcards contemplated by this Section shall be included as part of the Administrative Costs and shall be paid by Defendants in addition to the Settlement Amount.

g. A final fairness hearing will be held as soon as is convenient for the Court.

h. Not later than 15 days before the final fairness hearing, Plaintiffs will file a motion for final approval of the Settlement Agreement.

i. If the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment for Dismissal.

j. The Effective Date shall be the date: (a) 30 days after the Court has entered Final Order and Judgment if there are no appeals; or (b) if appellate review is sought, five days after all avenues of appellate review have been exhausted and no further review is permitted.

k. The settlement checks will be mailed to the Class Members in three evenly-spaced distributions during the 27-month period commencing on June 30, 2010. The first distribution will be no later than 45 days after Final Approval of the Agreement and will include any service awards approved by the Court.

1. The parties shall abide by all terms of the Settlement Agreement.

It is so ORDERED this /st day of June, 2010.

*Paul A Crotty*
Honorable Paul A. Crotty
United States District Judge