# EXHIBIT D

**Outten & Golden LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Linda A. Neilan (LN 4095)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000



08 CV 8531

RECEIVED
OCT - 6 2008
U.S.D.C. S.D. N.Y.
CASHIERS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

OSCAR AMARO, JOSE GONZALEZ, MARK ANTHONY LOPEZ, JOSE PEREYRA, LEO RODRIGUEZ, and LISANDRO ULERIO, on behalf of themselves and all others similarly situated,

               Plaintiffs,

      -against-

GRISTEDE'S OPERATING CORP.; NAMDOR, INC.; GRISTEDE'S FOODS, INC.; CITY PRODUCE OPERATING CORP.; GRISTEDE'S FOODS NY, INC., RED APPLE GROUP, RED APPLE COMPANIES, RED APPLE SUPERMARKETS, INC., RAS OPERATING CORP., SAC OPERATING CORP.; and JOHN CATSIMATIDES, JAMES MONOS, GALO BALSECA.

               Defendants.

**COLLECTIVE ACTION**
**COMPLAINT**

**JURY TRIAL DEMANDED**

---

Plaintiffs Oscar Amaro ("Amaro"), Jose Gonzalez ("Gonzalez"), Mark Anthony Lopez ("Lopez"), Jose Pereyra ("Pereyra"), Leo Rodriguez ("Rodriguez"), and Lisandro Ulerio ("Ulerio") (collectively "Plaintiffs"), individually and on behalf of others similarly situated, by their attorneys Outten and Golden LLP, allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## **PRELIMINARY STATEMENT**

1.      Plaintiffs bring this action to recover unpaid wages, liquidated damages, and attorneys' fees and costs owed to Plaintiffs and other similarly situated current and former co-managers at Gristede's.

2.      Gristede's Operating Corp., Namdor, Inc., Gristede's Foods, Inc., City Produce Operating Corp., Gristede's Foods NY, Inc., Red Apple Group, Red Apple Companies, Red Apple Supermarkets, Inc., RAS Operating Corp., and SAC Operating Corp. (collectively, "Gristede's") own and operate a chain of grocery stores throughout New York City, Westchester County, and Long Island. Gristede's employs thousands of workers in these stores. Defendants John Catsimatides, James Monos, and Galo Balseca ("Individual Defendants") have been high ranking corporate officials with Gristede's. Gristede's and the Individual Defendants (collectively "Defendants") are jointly responsible for the unlawful conduct detailed herein.

3.      Plaintiffs all worked at Gristede's as co-managers.

4.      Throughout the relevant period, it has been Defendants' policy to force, suffer, or permit their co-managers, including Plaintiffs, to work more than 40 hours per week without paying them overtime wages to which they are entitled.

5.      Plaintiffs and other co-managers are class members in a certified Fed. R. Civ. P. 23 class in *Torres v. Gristede's Operating Corp., Inc.*, No. 04 Civ. 3316 (PAC) (S.D.N.Y.) ("*Torres*").

6.      On August 28, 2008, , the Court in *Torres* granted summary judgment in favor of Plaintiffs and other Gristede's co-managers on their overtime claims under the New York Labor Law ("NYLL"). In so ruling, the Court found that Defendants are liable to Plaintiffs and other co-managers under the NYLL for failing to pay them overtime compensation for time they worked in excess of 40 hours per workweek.

2

7. In *Torres*, the Court also found that Defendants are liable to other co-managers, individuals who filed written consents to join the *Torres* action, under the Fair Labor Standards Act ("FLSA") for failing to them overtime compensation for time they worked in excess of 40 hours per workweek.

8. In *Torres*, the Court also found that Plaintiffs and other co-managers are non-exempt from the overtime protections of the NYLL, and that the two exemptions Defendants claimed, the executive exemption and the administrative exemption, did not apply to Plaintiffs and other co-managers.

9. The Court in *Torres* also found that Defendants acted willfully, and not in good faith, in failing to properly compensate co-managers.

10. Upon information and belief, Defendants have not made changes to the compensation policies and practices that the Court found unlawful in *Torres* to bring them in compliance with the NYLL or the FLSA.

11. In fact, upon information and belief, Defendants have not made *any* changes to the compensation policies and practices that the Court found unlawful in *Torres*.

12. Upon information and belief, these policies remain in effect.

13. By the conduct described in this Collective Action Complaint ("Complaint"), Defendants have willfully committed widespread violations of the FLSA by failing to pay their co-managers, including Plaintiffs, at a rate of one and one-half times their regular rate of pay for time they worked for Defendants in excess of 40 hours per workweek.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

15. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

16. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a).

## THE PARTIES

### A. Plaintiffs

17. Plaintiffs Amaro, Gonzalez, Lopez, Pereyra, Rodriguez, and Ulerio all worked as co-managers at Gristede's.

### B. Defendants

18. Gristede's is a domestic corporation doing business within the City and County of New York, and maintains corporate headquarters within the City and County of New York at 823 Eleventh Avenue, New York, NY 10019.

19. Gristede's and the Individual Defendants maintain control, oversight, and direction over the operation of Defendants' facilities, including their employment practices.

20. Upon information and belief, Defendant Catsimatides is a resident of the State of New York.

21. Defendant Catsimatides is the owner of Gristede's.

22. Defendant Catsimatides is the President of Gristede's.

23. Defendant Catsimatides is the CEO of Gristede's.

24. Defendant Catsimatides is an agent of Gristede's.

25. Defendant Catsimatides has power over personnel decisions.

4

26. Defendant Catsimatides has power over payroll decisions.

27. Defendant Catsimatides maintains an office in the City of New York, County of New York at 823 Eleventh Avenue, New York, NY 10019.

28. During relevant times, Defendant Catsimatides has been Plaintiffs' employer within the meaning of the FLSA.

29. At relevant times, Defendant Monos has been a District Manager at Gristede's.

30. Defendant Monos has been an agent of Gristede's.

31. Defendant Monos has had power over personnel decisions at Gristede's.

32. Defendant Monos has had power over payroll decisions at Gristede's.

33. During relevant times, Defendant Monos has been Plaintiffs' employer within the meaning of the FLSA.

34. At relevant times, Defendant Balseca has been the Vice President of Gristede's.

35. Defendant Balseca has been an agent of Gristede's.

36. Defendant Balseca has had power over personnel decisions at Gristede's.

37. Defendant Balseca has had power over personnel decisions at Gristede's.

38. During relevant times, Defendant Balseca has been Plaintiffs' employer within the meaning of the Fair Labor Standards Act.

39. During relevant times, Gristede's Operating Corp., Namdor, Inc., Gristede's Foods, Inc., City Produce Operating Corp., Gristede's Foods NY, Inc., Red Apple Group, Red Apple Companies, Red Apple Supermarkets, Inc., RAS Operating Corp., and SAC Operating Corp. have been Plaintiffs' employers within the meaning of the FLSA.

40. During relevant times, Red Apple Group, Red Apple Companies, and Red Apple Supermarkets, Inc. (collectively "Red Apple") and Gristede's Operating Corp.; Namdor, Inc.; Gristede's Foods, Inc., City Produce Operating Corp., Gristede's Foods NY, Inc., RAS

5

Operating Corp., and SAC Operating Corp. (collectively "Gristede's Defendants") were a single integrated enterprise and had a high degree of interrelated and unified operations. Red Apple and the Gristede's Defendants have also shared common management, centralized control of labor operations, common ownership, common control, common business purposes, and interrelated business goals.

## COLLECTIVE ALLEGATIONS

41. Plaintiffs bring FLSA claims on behalf of themselves and persons who work or have worked for Defendants as co-managers in Gristede's retail grocery stores, who did not join *Torres*, and who elect in writing to join this case (the "FLSA Collective").

42. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate plaintiffs, and as such, notice should be sent to the FLSA Collective. There are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA who would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable and can be located through Defendants' records.

43. Pursuant to tolling agreements entered into by the parties in *Torres* ("*Torres* Tolling Agreements"), which included Defendants in this action, the statutes of limitations for Plaintiffs' FLSA claims were tolled for 676 days.

44. Pursuant to the *Torres* Tolling Agreements, the statutes of limitations for the FLSA claims of all members of the FLSA Collective were tolled for 676 days.

## COLLECTIVE-WIDE FACTUAL ALLEGATAIONS

45. When Plaintiffs and the members of the FLSA Collective accepted employment with Defendants, they were hired to work at fixed hourly wage rates.

46. All of the work that Plaintiffs and the Class Members have performed has been assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiffs and the Class Members have performed.

47. As part of their regular business practice, Defendants have regularly required, suffered, or permitted Plaintiffs and the members of the FLSA Collective to work prior to and after their scheduled shifts without compensation. This work has been integral to Defendants' business.

48. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA. This pattern or practice includes but is not limited to:

    a. willfully failing to record and/or credit all of the time that Plaintiffs and the members of the FLSA Collective have worked for the benefit of Defendants;

    b. willfully failing to fully compensate and/or credit Plaintiffs and the members of the FLSA Collective for all of the hours that they have worked for the benefit of Defendants; and

    c. willfully failing to pay Plaintiffs and the members of the FLSA Collective a premium for hours that they worked in excess of 40 hours per week.

49. Defendants' unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of attempting to minimize labor costs.

50. Defendants' unlawful conduct has been widespread, repeated, and consistent.

51. Defendants' willful pattern or practice of violating the FLSA, as described in this Complaint, harmed Plaintiffs and the members of the FLSA Collective.

52. Defendants applied the same compensation policies to all Plaintiffs and all members of the FLSA Collective throughout the period covered by *Torres* and the period covered by this case, which partially overlaps with the period covered by *Torres*.

53. Members of the FLSA Collective who seek to join this action have provided signed consent forms, attached to this complaint as Exhibit A.

## PLAINTIFFS' FACTUAL ALLEGATIONS

### A. Oscar Amaro

54. Amaro is an adult individual who, at all times relevant to this Complaint, has been a resident of the State of New York. Amaro is a resident of Bronx, New York.

55. Amaro, as co-manager at Gristede's, was an hourly employee of Defendants.

56. Amaro worked for Defendants from approximately April 2006 through approximately August 2006.

57. Amaro worked in Gristede's stores in New York City at 23rd Street and Second Avenue; 26th Street, near Second Avenue; and 86th Street and York Avenue.

58. During his entire tenure at Gristede's, Amaro worked more than 40 hours per workweek.

59. Gristede's never paid Amaro proper overtime compensation of time and one-half his regular rate for all of the hours he worked over 40 in a workweek.

60. Gristede's failure to pay Amaro for all hours that he worked was willful.

### B. Jose Gonzalez

61. Gonzalez is an adult individual who, at all times relevant to this Complaint, has been a resident of the State of New York. Gonzalez is a resident of Bronx, New York.

62. Gonzalez, as co-manager at Gristede's, was an hourly employee of Defendants.

63. Gonzalez worked for Defendants from approximately October 2002 until approximately September 2007.

64. Gonzalez worked in Gristede's stores in New York City at Store #16 in the Bronx; Store # 40 in Battery Park City; Store #82 on University Place; 170th Street and Broadway; 84th Street and Columbus Circle; 14th Street and First Avenue; and other locations.

65. During his entire tenure at Gristede's, Gonzalez worked more than 40 hours per workweek.

66. Gristede's never paid Gonzalez proper overtime compensation of time and one-half his regular rate for all of the hours he worked over 40 in a workweek.

67. Gristede's failure to pay Gonzalez for all hours that he worked was willful.

### C. Mark Anthony Lopez

68. Lopez is an adult individual who, at all times relevant to this Complaint, has been a resident of the State of New York. Lopez is a resident of Bronx, New York.

69. Lopez, as co-manager at Gristede's, was an hourly employee of Defendants.

70. Lopez worked for Defendants from approximately October 2006 through approximately March 2007.

71. Lopez worked in the Gristede's store in New York City at 33rd Street and Second Avenue.

72. During his entire tenure at Gristede's, Lopez worked more than 40 hours per workweek.

73. Gristede's never paid Lopez proper overtime compensation of time and one-half his regular rate for all of the hours he worked over 40 in a workweek.

74. Gristede's failure to pay Lopez for all hours that he worked was willful.

**D. Jose Pereyra**

75. Pereyra is an adult individual who, at all times relevant to this Complaint, has been a resident of the State of New York. Pereyra is currently a resident of Tampa, Florida.

76. Pereyra, as co-manager at Gristede's, was an hourly employee of Defendants.

77. Pereyra worked for Defendants from approximately October 1987 through approximately July 2007.

78. Pereyra worked in Gristede's stores in New York City at Fifth Avenue and 14th Street; 77th Street and Third Avenue; Third Avenue and 35th Street; and other locations.

79. During his entire tenure at Gristede's, Pereyra worked more than 40 hours per workweek.

80. Gristede's never paid Pereyra proper overtime compensation of time and one-half his regular rate for all of the hours he worked over 40 in a workweek.

81. Gristede's failure to pay Pereyra for all hours that he worked was willful.

**E. Leo Rodriguez**

82. Rodriguez is an adult individual who, at all times relevant to this Complaint, has been a resident of the State of New York. Rodriguez is currently a resident of Queens, New York.

83. Rodriguez, as co-manager at Gristede's, is an hourly employee of Defendants.

84. Rodriguez has worked for Defendants from approximately April 2002 through the present.

85. Rodriguez has worked in Gristede's stores in New York City at 54th Street and Eighth Avenue; 96th Street and Broadway; and 24th Street and Ninth Avenue.

86. During his entire tenure at Gristede's, Rodriguez has worked more than 40 hours per workweek.

10

87. Gristede's never paid Rodriguez proper overtime compensation of time and one-half his regular rate for all of the hours he worked over 40 in a workweek.

88. Gristede's failure to pay Rodriguez for all hours that he worked has been willful.

**F. Lisandro Ulerio**

89. Ulerio is an adult individual who, at all times relevant to this Complaint, has been a resident of the State of New York. Pereyra is currently a resident of New York, New York.

90. Ulerio, as co-manager at Gristede's, was an hourly employee of Defendants.

91. Ulerio worked for Defendants from approximately January 1993 until approximately September 2008

92. Ulerio worked in Gristede's stores in New York City at 22nd Street and Eighth Avenue, and 8th Street and University Place.

93. During his entire tenure at Gristede's, Ulerio worked more than 40 hours per workweek.

94. Gristede's never paid Ulerio proper overtime compensation of time and one-half his regular rate for all of the hours he worked over 40 in a workweek.

95. Gristede's failure to pay Ulerio for all hours that he worked was willful.

**CAUSE OF ACTION**
**(Fair Labor Standards Act)**
**(Brought on Behalf of Plaintiffs and all FLSA Collective Members)**
**(Against All Defendants)**

96. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

97. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

98. Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

99. At all times relevant, Plaintiffs and members of the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

100. At all times relevant, Gristede's Operating Corp., Namdor, Inc., Gristede's Foods, Inc., City Produce Operating Corp., Gristede's Foods NY, Inc., Red Apple Group, Red Apple Companies, Red Apple Supermarkets, Inc., RAS Operating Corp., SAC Operating Corp., Catsimatides, Monos, and Balseca were employers and employed Plaintiffs and the members of the FLSA Collective within the meaning of the FLSA.

101. At all times relevant, Plaintiffs and the members of the FLSA Collective were employees within the meaning of the FLSA.

102. The overtime wage provisions set forth in § 206 and § 207 of the FLSA apply to all Defendants as employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

103. Defendants have willfully failed to record, credit, or compensate Plaintiffs and the members of the FLSA Collective for work performed in excess of 40 hours per workweek.

104. Defendants have failed to pay Plaintiffs and the members of the FLSA Collective the overtime wages to which they were entitled under the FLSA.

105. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs and the members of the FLSA Collective.

106. Because of Defendants' willful violations of the FLSA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255, in addition to the tolling resulting from the *Torres* Tolling Agreements.

107. As a result of Defendants' willful violations of the FLSA, Plaintiffs and the members of the FLSA Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 206 et seq.

108. As a result of Defendants' unlawful acts, Plaintiffs and the members of the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, prays for the following relief:

A. That, at the earliest possible time, Plaintiffs be directed to give notice of this collective action to all members of the FLSA Collective. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages.

B. An order requiring Defendants to pay all unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201 et seq. and the supporting United States Department of Labor regulations;

C. Pre-judgment interest;

D.  Attorneys' fees and costs of the action; and

E.  Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated:   October 6, 2008
         New York, New York

Respectfully submitted,

OUTTEN & GOLDEN LLP

_____
Justin M. Swartz (JS 7989)

Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Linda A. Neilan (LN 4095)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000
**Attorneys for Plaintiffs**