# EXHIBIT E

**08 CV 9627**

**Outten & Golden LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Linda A. Neilan (LN 4095)
Tammy Marzigliano (TM 2934)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



RECEIVED
NOV 0 7 2008
U.S.D.C. S.D. N.Y.
CASHIERS

---

DAVID BARRETO, RICHARD COLON, ELIZABETH GUILAMO, JUAN LLANOS FLORES, and ANGEL RIVERA, on behalf of themselves and all others similarly situated,

                  Plaintiffs,

        -against-

GRISTEDE'S OPERATING CORP.; NAMDOR, INC.; GRISTEDE'S FOODS, INC.; CITY PRODUCE OPERATING CORP.; GRISTEDE'S FOODS NY, INC., RED APPLE GROUP, RED APPLE COMPANIES, RED APPLE SUPERMARKETS, INC., RAS OPERATING CORP., SAC OPERATING CORP.; JOHN CATSIMATIDES; JAMES MONOS; and GALO BALSECA,

                  Defendants.

**COLLECTIVE ACTION**
**COMPLAINT**

**JURY TRIAL DEMANDED**

---

Plaintiffs David Barreto ("Barreto"), Richard Colon ("Colon"), Elizabeth Guilamo ("Guilamo"), Juan Llanos Flores ("Flores"), and Angel Rivera ("Rivera") (collectively "Plaintiffs"), individually and on behalf of others similarly situated, by their attorneys Outten & Golden LLP, allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1.      Plaintiffs bring this action to recover unpaid wages, liquidated damages, and attorneys' fees and costs owed to Plaintiffs and other similarly situated current and former department managers at Gristede's.

2.      Gristede's Operating Corp., Namdor, Inc., Gristede's Foods, Inc., City Produce Operating Corp., Gristede's Foods NY, Inc., Red Apple Group, Red Apple Companies, Red Apple Supermarkets, Inc., RAS Operating Corp., and SAC Operating Corp. (collectively, "Gristede's") own and operate a chain of grocery stores throughout New York City, Westchester County, and Long Island.  Gristede's employs thousands of workers in these stores.  Defendants John Catsimatides, James Monos, and Galo Balseca ("Individual Defendants") have been high-ranking corporate officials with Gristede's.  Gristede's and the Individual Defendants (collectively "Defendants") are jointly responsible for the unlawful conduct detailed herein.

3.      Plaintiffs all worked at Gristede's as department managers.

4.      Throughout the relevant period, it has been Defendants' policy to force, suffer, or permit their department managers, including Plaintiffs, to work more than 40 hours per week without paying them overtime wages to which they are entitled.

5.      Plaintiffs and other department managers are class members in a certified Fed. R. Civ. P. 23 class in *Torres v. Gristede's Operating Corp., Inc.*, No. 04 Civ. 3316 (PAC) (S.D.N.Y.) ("*Torres*").

6.      On August 28, 2008, the Court in *Torres* found that Gristede's company-wide policy not to pay department managers for overtime hours they worked without prior authorization (the "Unauthorized Overtime Policy") is illegal.

7.      In *Torres*, the Court also found that Plaintiffs and other department managers are non-exempt from the overtime protections of the NYLL, and that the two exemptions Defendants

2

claimed, the executive exemption and the administrative exemption, did not apply to Plaintiffs and other department managers.

8.     The Court in *Torres* also found that Defendants acted willfully, and not in good faith, in failing to properly compensate department managers.

9.     Upon information and belief, Defendants have not made changes to the compensation policies and practices that the Court found unlawful in *Torres* to bring them in compliance with the NYLL or the FLSA.

10.     In fact, upon information and belief, Defendants have not made *any* changes to the compensation policies and practices that the Court found unlawful in *Torres*.

11.     Upon information and belief, these policies remain in effect.

12.     By the conduct described in this Collective Action Complaint ("Complaint"), Defendants have willfully committed widespread violations of the FLSA by failing to pay their department managers, including Plaintiffs, at a rate of one and one-half times their regular rate of pay for time they worked for Defendants in excess of 40 hours per workweek.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

14.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

15.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a).

3

## THE PARTIES

### A. Plaintiffs

16.     Plaintiffs Barreto, Colon, Guilamo, Flores, and Rivera all worked as department managers at Gristede's.

### B. Defendants

17.     Gristede's is a domestic corporation doing business within the City and County of New York, and maintains corporate headquarters within the City and County of New York at 823 Eleventh Avenue, New York, NY 10019.

18.     Gristede's and the Individual Defendants maintain control, oversight, and direction over the operation of Defendants' facilities, including their employment practices.

19.     Upon information and belief, Defendant Catsimatides is a resident of the State of New York.

20.     Defendant Catsimatides is the owner of Gristede's.

21.     Defendant Catsimatides is the President of Gristede's.

22.     Defendant Catsimatides is the CEO of Gristede's.

23.     Defendant Catsimatides is an agent of Gristede's.

24.     Defendant Catsimatides has power over personnel decisions.

25.     Defendant Catsimatides has power over payroll decisions.

26.     Defendant Catsimatides maintains an office in the City of New York, County of New York at 823 Eleventh Avenue, New York, NY 10019.

27.     During relevant times, Defendant Catsimatides has been Plaintiffs' employer within the meaning of the FLSA.

28.     At relevant times, Defendant Monos has been a District Manager at Gristede's.

29.     Defendant Monos has been an agent of Gristede's.

4

30.    Defendant Monos has had power over personnel decisions at Gristede's.

31.    Defendant Monos has had power over payroll decisions at Gristede's.

32.    During relevant times, Defendant Monos has been Plaintiffs' employer within the meaning of the FLSA.

33.    At relevant times, Defendant Balseca has been the Vice President of Gristede's.

34.    Defendant Balseca has been an agent of Gristede's.

35.    Defendant Balseca has had power over personnel decisions at Gristede's.

36.    Defendant Balseca has had power over personnel decisions at Gristede's.

37.    During relevant times, Defendant Balseca has been Plaintiffs' employer within the meaning of the FLSA.

38.    During relevant times, Gristede's Operating Corp., Namdor, Inc., Gristede's Foods, Inc., City Produce Operating Corp., Gristede's Foods NY, Inc., Red Apple Group, Red Apple Companies, Red Apple Supermarkets, Inc., RAS Operating Corp., and SAC Operating Corp. have been Plaintiffs' employers within the meaning of the FLSA.

39.    During relevant times, Red Apple Group, Red Apple Companies, and Red Apple Supermarkets, Inc. (collectively "Red Apple") and Gristede's Operating Corp., Namdor, Inc., Gristede's Foods, Inc., City Produce Operating Corp., Gristede's Foods NY, Inc., RAS Operating Corp., and SAC Operating Corp. (collectively "Gristede's Defendants") have been a single integrated enterprise and had a high degree of interrelated and unified operations. Red Apple and the Gristede's Defendants have also shared common management, centralized control of labor operations, common ownership, common control, common business purposes, and interrelated business goals.

## COLLECTIVE ALLEGATIONS

40.     Plaintiffs bring FLSA claims on behalf of themselves and persons who work or have worked for Defendants as department managers in Gristede's retail grocery stores, who did not join *Torres*, and who elect in writing to join this case (the "FLSA Collective").

41.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs, and as such, notice should be sent to the FLSA Collective.  There are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA who would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable and can be located through Defendants' records.

42.     Pursuant to tolling agreements entered into by the parties in *Torres* ("*Torres* Tolling Agreements"), which included Defendants in this action, the statutes of limitations for Plaintiffs' FLSA claims were tolled for 676 days.

43.     Pursuant to the *Torres* Tolling Agreements, the statutes of limitations for the FLSA claims of all members of the FLSA Collective were tolled for 676 days.

## COLLECTIVE-WIDE FACTUAL ALLEGATAIONS

44.     When Plaintiffs and the members of the FLSA Collective accepted employment with Defendants, they were hired to work at fixed hourly wage rates.

45.     All of the work that Plaintiffs and the Class Members have performed has been assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiffs and the Class Members have performed.

46.     As part of their regular business practice, Defendants have regularly required, suffered, or permitted Plaintiffs and the members of the FLSA Collective to work prior to and after their scheduled shifts without compensation. This work has been integral to Defendants' business.

47.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA. This pattern or practice includes but is not limited to:

     a.     willfully failing to record and/or credit all of the time that Plaintiffs and the members of the FLSA Collective have worked for the benefit of Defendants;

     b.     willfully failing to fully compensate and/or credit Plaintiffs and the members of the FLSA Collective for all of the hours that they have worked for the benefit of Defendants; and

     c.     willfully failing to pay Plaintiffs and the members of the FLSA Collective a premium for hours that they worked in excess of 40 hours per week.

48.     Defendants' unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of attempting to minimize labor costs.

49.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

50.     Defendants' willful pattern or practice of violating the FLSA, as described in this Complaint, has harmed Plaintiffs and the members of the FLSA Collective.

51.     Defendants have applied the same compensation policies to all Plaintiffs and all members of the FLSA Collective throughout the period covered by *Torres* and the period covered by this case, which partially overlaps with the period covered by *Torres*.

52.     Members of the FLSA Collective who seek to join this action have provided signed consent forms, attached to this Complaint as Exhibit A.

## PLAINTIFFS' FACTUAL ALLEGATIONS

### A. David Barreto

53.     Barreto is an adult individual who, at all times relevant to this Complaint, has been a resident of the State of New York.  Barreto is a resident of New York, New York.

54.     Barreto, as a department manager at Gristede's, is an hourly employee of Defendants.

55.     Barreto has worked for Defendants from September 1978 through the present.

56.     Barreto has worked at Gristede's in New York City at store #545 at 225 West Ninth Avenue, store #37 on 17th Street and Seventh Avenue, and store #506 on 81st Street and East End Avenue.

57.     During his tenure at Gristede's, Barreto has regularly worked more than 40 hours per workweek.

58.     Gristede's has failed to pay Barreto proper overtime compensation of time and one-half his regular rate for all of the hours he has worked over 40 in a workweek.

59.     Gristede's failure to pay Barreto for all hours that he has worked is willful.

### B. Richard Colon

60.     Colon is an adult individual who, at all times relevant to this Complaint, has been a resident of the State of New York.  Colon is a resident of New York, New York.

61.     Colon, as a department manager at Gristede's, was an hourly employee of Defendants.

62.     Colon worked for Defendants from approximately June 2002 through approximately June 2008.

63.     Colon worked at Gristede's in New York City at store #518 on 20th Street and First Avenue, store #533 on 40th Street and Second Avenue, store #50 on 86th Street and First

8

Avenue, a store on 181st Street and Broadway, a store on 74th Street and Broadway, and a store in Belman, New York, among other locations.

64.     During his tenure at Gristede's, Colon worked more than 40 hours per workweek.

65.     Gristede's failed to pay Colon proper overtime compensation of time and one-half his regular rate for all of the hours he worked over 40 in a workweek.

66.     Gristede's failure to pay Colon for all hours that he worked was willful.

**C. Elizabeth Guilamo**

67.     Guilamo is an adult individual who, at all times relevant to this Complaint, has been a resident of the State of New York.  Guilamo is a resident of New York, New York.

68.     Guilamo, as a department manager at Gristede's, is an hourly employee of Defendants.

69.     Guilamo has worked for Defendants from approximately May 2000 through the present.

70.     Guilamo has worked at Gristede's in New York City at store #99 on 32nd Street and Third Avenue, store #50 on 86th Street and First Avenue, store #86, and store #91 in Pelham Manor, New York, among other locations.

71.     During her tenure at Gristede's, Guilamo has worked more than 40 hours per workweek.

72.     Gristede's has failed to pay Guilamo proper overtime compensation of time and one-half her regular rate for all of the hours she has worked over 40 in a workweek.

73.     Gristede's failure to pay Guilamo for all hours that she has worked is willful.

**C. Juan Llanos Flores**

74.     Flores is an adult individual who, at all times relevant to this Complaint, has been a resident of the State of New York.  Flores is a resident of Springfield Gardens, New York.

75.    Flores, as department manager at Gristede's, was an hourly employee of Defendants.

76.    Flores worked for Defendants from approximately September 2002 through approximately April 2005.

77.    Flores worked at Gristede's in New York City at 180th Street, 103rd Street and Broadway, and store #17 on 100th Street and Broadway.

78.    During his tenure at Gristede's, Flores worked more than 40 hours per workweek.

79.    Gristede's failed to pay Flores proper overtime compensation of time and one-half his regular rate for all of the hours he worked over 40 in a workweek.

80.    Gristede's failure to pay Flores for all hours that he worked was willful.

**D. Angel Rivera**

81.    Rivera is an adult individual who, at all times relevant to this Complaint, has been a resident of the State of New York.  Rivera is currently a resident of Jersey City, New Jersey.

82.    Rivera, as department manager at Gristede's, is an hourly employee of Defendants.

83.    Rivera has worked for Defendants from approximately August 1984 through the present.

84.    Rivera has worked at Gristede's in New York City at store #17 on 100th Street and Broadway, store #508 at 246 Mercer Street, store #504 on 170th Street and Broadway, store #413 on 78th Street and 3rd Avenue, store #5 on 96th Street and Broadway, store #40 in Battery Park, a store at 315 South End Avenue, and store #544 on 101 Clark Street in Brooklyn.

85.    During his tenure at Gristede's, Rivera has worked more than 40 hours per workweek.

86.     Gristede's has failed to pay Rivera proper overtime compensation of time and one-half his regular rate for all of the hours he worked over 40 in a workweek.

87.     Gristede's failure to pay Rivera for all hours that he has worked is willful.

## CAUSE OF ACTION
### (Fair Labor Standards Act)
### (Brought on Behalf of Plaintiffs and all FLSA Collective Members)
### (Against All Defendants)

88.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

89.     Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

90.     Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

91.     At all times relevant, Plaintiffs and members of the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

92.     At all times relevant, Gristede's Operating Corp., Namdor, Inc., Gristede's Foods, Inc., City Produce Operating Corp., Gristede's Foods NY, Inc., Red Apple Group, Red Apple Companies, Red Apple Supermarkets, Inc., RAS Operating Corp., SAC Operating Corp., Catsimatides, Monos, and Balseca were employers and employed Plaintiffs and the members of the FLSA Collective within the meaning of the FLSA.

93.     At all times relevant, Plaintiffs and the members of the FLSA Collective were employees within the meaning of the FLSA.

94.     The overtime wage provisions set forth in § 206 and § 207 of the FLSA apply to all Defendants as employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

95.     Defendants have willfully failed to record, credit, or compensate Plaintiffs and the members of the FLSA Collective for work performed in excess of 40 hours per workweek.

96.     Defendants have failed to pay Plaintiffs and the members of the FLSA Collective the overtime wages to which they were entitled under the FLSA.

97.     Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional.  Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs and the members of the FLSA Collective.

98.     Because of Defendants' willful violations of the FLSA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255, in addition to the tolling resulting from the *Torres* Tolling Agreements.

99.     As a result of Defendants' willful violations of the FLSA, Plaintiffs and the members of the FLSA Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 206 *et seq.*

100.    As a result of Defendants' unlawful acts, Plaintiffs and the members of the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, prays for the following relief:

A.     That, at the earliest possible time, Plaintiffs be directed to give notice of this collective action to all members of the FLSA Collective. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages.

B.     An order requiring Defendants to pay all unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201 *et seq.* and the supporting United States Department of Labor regulations;

C.     Pre-judgment interest;

D.     Attorneys' fees and costs of the action; and

E.     Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated:       November 7, 2008
        New York, New York

Respectfully submitted,

**OUTTEN & GOLDEN LLP**

Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Linda A. Neilan (LN 4095)
Tammy Marzigliano (TM 2934)

13

3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000
**Attorneys for Plaintiffs**

# EXHIBIT A

## CONSENT TO JOIN

I consent to be a party plaintiff in a lawsuit against Gristede's Operating Corp. in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).  I hereby designate Outten & Golden LLP to represent me in the suit.

_David Barreto_
Signature

_DAVID BARRETO_
Print name

_324 EST 108 ST_
Address

_New York, N.Y. 10029_
City, State, and Zip Code

## CONSENT TO JOIN

I consent to be a party plaintiff in a lawsuit against Gristede's Operating Corp. in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in the suit.

Signature

Jane Maria Cassara
Print name

P.O Box 436
Address

Shenorock NY. 10587
City, State, and Zip Code

## CONSENT TO JOIN

I consent to be a party plaintiff in a lawsuit against Gristede's Operating Corp. in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in the suit.

_____
Signature

R. COLON
_____
Print name

2310 2ND AVE
_____
Address

NY NY 10035
_____
City, State, and Zip Code

## CONSENT TO JOIN

I consent to be a party plaintiff in a lawsuit against Gristede's Operating Corp. in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in the suit.

_____
Signature

Elizabeth Guilamo
Print name

55 LaSalle St. #5I
Address

NY, NY. 10027
City, State, and Zip Code

## CONSENT TO JOIN

I consent to be a party plaintiff in a lawsuit against Gristede's Operating Corp. in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in the suit.

_____
Signature

JUAN LLANOS
Print name

145-64 - 224th Streets
Address

Springfied Gar. N.Y 11413
City, State, and Zip Code

## CONSENT TO JOIN

I consent to be a party plaintiff in a lawsuit against Gristede's Operating Corp. in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in the suit.

_Angel Rivera_
Signature

_Angel Rivera_
Print name

_10 Howard Place_
Address

_Jersey City New Jersey 07306_
City, State, and Zip Code

## CONSENT TO JOIN

I consent to be a party plaintiff in a lawsuit against Gristede's Operating Corp. in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in the suit.

*Carl Sumner*
Signature

CARL SUMNER
Print name

135-16 223RD STREET
Address

LAURELTON QUEENS NEW YORK 11413
City, State, and Zip Code