**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Molly A. Brooks (MB 2360)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CARLOS TORRES, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GRISTEDE'S OPERATING CORP., et al.,<br><br>Defendants. | Case No. 04-CV-3316 (PAC) |
| OSCAR AMARO, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GRISTEDE'S OPERATING CORP., et al.,<br><br>Defendants. | Case No. 08-CV-8531 (PAC) |
| DAVID BARRETO, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GRISTEDE'S OPERATING CORP., et al.,<br><br>Defendants. | Case No. 08-CV-9627 (PAC) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED**
**MOTION FOR CLASS REPRESENTATIVE SERVICE AWARDS**
**AND RETALIATION PAYMENTS**

1

**I. INTRODUCTION**

In connection with Plaintiffs' Motion for Final Approval of the Class Action Settlement and Approval of the FLSA Settlement in the above-captioned action,[1] Plaintiffs respectfully move this Court to approve service awards for Class Representatives Plaintiffs Carlos Torres, Ruben Mora, Bobby Irizarry, Lewis Chewning, Gilberto Santiago, William Helwig, Robert Misuraca, Joseph Crema, Mario DiPreta, Victor Phelps, Joselito Arocho, Alfred Croker, Daniel Salegna, Frank DeLeon, and Robert Pastorino in the amount of $15,000 each, in recognition of the services that they rendered on behalf of the class. These service awards are reasonable in light of the time and effort they expended in furtherance of the class investigation and settlement and the risks that they endured in order to vindicate their rights and the rights of the absent class members.

Plaintiffs Torres and Chewning also seek approval of an additional $40,000 each to settle individual retaliation claims under the FLSA and NYLL.

**II. FACTUAL BACKGROUND**

The Class Representatives have made important contributions to the prosecution and fair resolution of this action on behalf of the Class Members. They assisted Class Counsel's investigation and prosecution of their claims by providing detailed factual information regarding their job duties and hours worked, and first-hand personal knowledge of Defendants' compensation policies. (Declaration of Justin M. Swartz in

---

[1] For a detailed account of the factual and procedural background of this case, including settlement negotiations and administration, Class Counsel refers the Court to Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Final Approval of the Class Action Settlement and Approval of the FLSA Settlement, filed on December 6, 2010.

Support of Plaintiffs' Unopposed Motion Unopposed Motion for Service Awards and Retaliation Payment ("Swartz Decl.") ¶¶ 10-11.) Throughout the litigation, the Class Representatives regularly communicated with Class Counsel and supported the litigation by contacting witnesses, setting up meetings between Class Counsel and putative plaintiffs, informing other putative plaintiffs about the lawsuit and encouraging them to join it, and producing relevant documents. (*Id.* ¶ 12.) The Class Representatives also sat for their depositions, provided declarations in support of Plaintiffs' motions for summary judgment and class certification, and responded to document requests and interrogatories, and prepared to be witnesses at trial. (*Id.* ¶ 13.)

Plaintiffs Torres and Chewning brought individual retaliation claims alleging that Defendants retaliated against them. (*Id.* ¶ 14.) On August 28, 2008, the Court granted Plaintiffs' motion for summary judgment, finding that Plaintiffs Torres and Chewning are entitled to relief for Gristede's retaliatory conduct pursuant to FLSA § 15(a)(3) and NYLL § 215. *Torres v. Gristede's Operating Corp.*, 628 F.Supp.2d 447, 475 (S.D.N.Y. 2008). The parties agreed, subject to Court approval, to settle Plaintiff Torres' and Plaintiff Chewning's claims for $40,000 each. (*Id.*)

The Court-approved Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Notice") that was sent to Class Members informed them of the service awards and retaliation payment that Plaintiffs now ask the Court to approve. (Swartz Decl. Ex. B (Declaration of Jason Zuena Regarding Settlement Administration, dated December 3, 2010 ("Zuena Decl.") Ex. A (Notice).)

No Class Member has objected to the service awards or retaliation payments. (Swartz Decl. ¶ 16; Ex. B (Zuena Decl.) ¶ 8.)

### III. ARGUMENT

#### A. The Service Awards that Plaintiffs Request Are Reasonable and Should Be Approved.

In light of their significant efforts resulting in a substantial settlement on behalf of the Class, the Class Representatives should receive the requested service awards. Courts acknowledge that class representatives play a crucial role in bringing justice to those who would otherwise be hidden from judicial scrutiny, such as low-wage workers. *See, e.g, Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 80 (E.D.N.Y. 2008) (citing *Yeboah v. Cent. Parking Sys.*, No. 06 Civ. 128 (RJD)(JMA), 2007 WL 3232509 (E.D.N.Y. Nov. 1, 2007); *Velez v. Majik Cleaning Serv.*, No. 03 Civ. 8698, 2007 WL 7232783, at *7 (S.D.N.Y. June 22, 2007) ("[I]n employment litigation, the plaintiff is often a former or current employee of the defendant, and thus, by lending his name to the litigation, he has, for the benefit of the class as a whole, undertaken the risk of adverse actions by the employer or co-workers.") (quoting *Roberts v. Texaco, Inc.*, 979 F. Supp. 185, 200 (S.D.N.Y. 1997) (citation omitted)); *see also* Nantiya Ruan, *Bringing Sense to Incentive Payments: An Examination of Incentive Payments to Named Plaintiffs in Employment Discrimination Class Actions*, 10 Emp. Rts. & Emp. Pol'y J. 395 (2006) (discussing the importance of aggregation of claims in the prosecution of civil and wage and hour rights).

Accordingly, "[i]ncentive awards are not uncommon in class action cases and are within the discretion of the court." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 187 (W.D.N.Y. 2005). In examining the reasonableness of service awards, courts consider: (1) the personal risk incurred by the named plaintiffs; (2) time and effort expended by the named plaintiffs in assisting the prosecution of the litigation; and (3) the ultimate recovery in vindicating statutory rights. *See id.*; *Roberts,* 979 F. Supp. at 200.

### 1. The Class Representatives Assumed Significant Risks as Named Plaintiffs.

In assessing the reasonableness of service awards, courts consider the risks the named plaintiffs assumed in serving as class representatives. *See Frank*, 228 F.R.D. at 187; *Parker v. Jekyll & Hyde Entm't Holdings, L.L.C.*, No. 08 Civ. 7670 (BSJ)(JCF), 2010 WL 532960, at *1 (S.D.N.Y. Feb. 9, 2010)("Enhancement awards for class representatives serve the dual functions of recognizing the risks incurred by named plaintiffs and compensating them for their additional efforts.") In the employment context, where workers are often blacklisted if they are considered "trouble makers," class representatives are particularly vulnerable to retaliation. *See Frank*, 228 F.R.D. at 187 ("Incentive awards are 'particularly appropriate in the employment context . . . where the plaintiff is often a former or current employee of the defendant, and thus, by lending his name to the litigation, he has, for the benefit of the class as a whole, undertaken the risk of adverse actions by the employer or co-workers."); *see also Velez*, 2007 WL 7232783, at *7 (observing that by serving as class representatives, the plaintiffs "exposed themselves to the prospect of having adverse actions taken against them by their former employer and former co-workers"); *Silberblatt v. Morgan Stanley*, 524 F. Supp. 2d 425, 435 (S.D.N.Y. 2007) ("A class representative who has been exposed to a demonstrable risk of employer retaliation or whose future employability has been impaired may be worthy of receiving an additional payment, less others be dissuaded.").

Even where there is not a record of actual retaliation, class representatives merit recognition for assuming the risk of retaliation for the sake of absent class members. *See Frank*, 228 F.R.D. at 187-88 ("Although this Court has no reason to believe that Kodak has or will take retaliatory action towards either Frank or any of the plaintiffs in this case,

the fear of adverse consequences or lost opportunities cannot be dismissed as insincere or unfounded.")  Here, all of the Class Representatives faced the real risk that Defendants would retaliate against them because of their participation in the lawsuit.  In fact, Gristede's filed counterclaims against Plaintiffs Carlos Torres and Lewis Chewning after the complaint was filed, and the Court granted summary judgment in favor of their retaliation claims.  *Torres*, 628 F.Supp.2d at 473, 475.

### 2. The Class Representatives Expended Considerable Time and Effort.

The Class Representatives should be awarded service payments for the significant work they undertook on behalf of the class.  Courts recognize the important factual knowledge that class representatives bring to employment class actions, including information about employer policies and practices that affect wages.  *See Frank*, 228 F.R.D. at 187-88 (recognizing the important role that class representatives play as the "primary source of information concerning the claims[,]" including by responding to counsel's questions and reviewing documents).   Service awards are also meant to recognize the important role that Class Representatives play in the prosecution of the litigation and settlement negotiations.  *See Parker*, 2010 WL 532960, at *1 (recognizing efforts by class representatives in meeting with counsel, reviewing documents, formulating theory of case, identifying and locating other class members to expand settlement participants, and attending court proceedings).

As discussed above, the Class Representatives have made important contributions to the prosecution and fair resolution of this action on behalf of the Class Members.  They assisted Class Counsel's investigation and prosecution of their claims by providing detailed factual information regarding their job duties and hours worked, and first-hand

6

personal knowledge of Defendants' compensation policies. (Swartz Decl. ¶¶ 10-11.) Throughout the litigation, the Class Representatives regularly communicated with Class Counsel and supported the litigation by contacting witnesses, setting up meetings between Class Counsel and putative plaintiffs, informing other putative plaintiffs about the lawsuit and encouraging them to join it, and producing relevant documents. (*Id.* ¶ 12.) The Class Representatives also sat for their depositions, provided declarations in support of Plaintiffs' motions for summary judgment and class certification, and responded to document requests and interrogatories, and prepared to be witnesses at trial. (*Id.* ¶13.)

### 3. The Ultimate Recovery Supports Payment of Service Awards.

The service awards of $15,000 each requested by the Class Representatives are reasonable in light of the ultimate recovery reached through the settlement. *See, e.g.*, *deMunecas v. Bold Food, LLC*, No. 09 Civ. 00440(DAB), 2010 WL 3322580, at *11 (S.D.N.Y., Aug. 23, 2010) (awarding $5,000 service payments to five class representative from $800,000 fund); *McMahon v. Olivier Cheng Catering & Events, LLC*, No. 08 Civ. 8713, 2010 WL 2399328, at *8-9 (S.D.N.Y. Mar. 2, 2010) (awarding $5,000 service payments to two class representatives from $400,000 fund); *Reyes v. Buddha Bar-NYC*, No. 08 Civ. 2494, 2009 WL 5841177, at *5 (S.D.N.Y. May 28, 2009) (awarding payments of $7,500 to 3 named plaintiffs from $710,000 fund in tip misappropriation settlement); *Mohney v. Shelly's Prime Steak*, No. 06 Civ. 4270, 2009 WL 5851465, at *6 (S.D.N.Y. Mar. 31, 2009) (awarding service payments of $6,000 to 14 named plaintiffs from $3.265 million fund in tip misappropriation case); *Parker*, 2010 WL 532960, at *1-2 (awarding service payments of $5,000 to $15,000 to twelve class representatives from $745,000 fund). Courts have awarded incentive payments in employment class actions

far greater than those contemplated here. *See, e.g., Wright v. Stern*, 553 F. Supp. 2d 337, 342 (S.D.N.Y. 2008) (approving $50,000 awards to each of 11 named plaintiffs in employment discrimination action); *Roberts*, 979 F. Supp. at 200 (approving $50,000 and $85,000 to two of the named plaintiffs in race discrimination employment class action).

In this case, the proposed payments represent approximately 6.7% of the total Settlement Fund. These payments are reasonable in light of the recovery achieved and the payments approved by the courts under similar circumstances. *See, e.g., Frank*, 228 F.R.D. at 187 (approving award of approximately 8.4% of the settlement fund for named plaintiff in wage and hour case).

No Class Member has objected to the service awards. (Swartz Decl. ¶ 16; Ex. B (Zuena Decl.) ¶ 8.)

### B. The Retaliation Payment Is Reasonable and Should Be Approved.

The Court should also approve the proposed additional payments to Plaintiffs Torres and Chewning in the amount of $40,000 each to compensate them for their retaliation claims. Courts have justified enhanced awards with the existence of a broad release. *Wade v. Kroger Co.*, No. 3:01-CV-699, 2008 WL 4999171, at *13 (W.D. Ky. Nov. 20, 2008); *Carlson v. C.H. Robinson Worldwide, Inc.*, No. 02-3780, 2006 WL 2671105, at *4 (D. Minn. Sept. 18, 2006) ("To the extent that [the Named Plaintiffs] are entitled to receive additional settlement monies outside of the class claims process, they are required to give additional consideration-that is, a broader release of claims than the release to be signed by other class members . . . .") In *Wade*, the Court awarded "each of the named plaintiffs $30,000" in part, because they all agreed to a "release of all claims

they have or may have had against Kroger, that is broader than the release given by other members of this class." 2008 WL 4999171, at *13.

Here, Plaintiffs Torres and Chewning won summary judgment on their retaliation claims. The enhancement they seek recognizes that their general releases are more valuable than the other Named Plaintiffs' releases because they are releasing retaliation claims that have already been successful. No Class Member has objected to the retaliation payments. (Swartz Decl. ¶ 16; Ex. B (Zuena Decl.) ¶ 8.)

## IV. CONCLUSION

For the reasons set forth above, Class Counsel respectfully request that the Court approve: (1) service awards for the Class Representatives in the amount of $15,000 each; and (2) $40,000 each to Plaintiff Torres and Plaintiff Chewning for their retaliation payments.

Dated: New York, New York
December 6, 2010

Respectfully submitted,
**OUTTEN & GOLDEN LLP**
By:
/s/ Justin M. Swartz
Justin M. Swartz (JS 7989)

Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Molly A. Brooks (MB 2350)
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
(212) 245-1000

Attorneys for Plaintiffs and the Class