# EXHIBIT A

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01 JUN 2010
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CARLOS TORRES, et al., on behalf of
themselves and all others similarly situated,

        Plaintiffs,

        vs.

GRISTEDE'S OPERATING CORP., et al.,

        Defendants.

Case No. 04-CV-3316 (PAC)

OSCAR AMARO, et al., on behalf of
themselves and all others similarly situated,

        Plaintiffs,

        vs.

GRISTEDE'S OPERATING CORP., et al.,

        Defendants.

Case No. 08-CV-8531 (PAC)

DAVID BARRETO, et al., on behalf of
themselves and all others similarly situated,

        Plaintiffs,

        vs.

GRISTEDE'S OPERATING CORP., et al.,

        Defendants.

Case No. 08-CV-9627 (PAC)

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY *As* APPROVAL OF CLASS SETTLEMENT AND APPROVING OF PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT

The above-entitled matter came before the Court on Plaintiffs' Motion for Preliminary

Approval of Class Settlement and Approving of Plaintiffs' Proposed Notice of Class Action

Settlement and Fairness Hearing ("Motion for Preliminary Approval") (Docket No. 357 ).

## I.    Background

1.       Plaintiff Carlos Torres filed *Torres v. Gristede's Operating Corp.*, 04 Civ. 3316 (PAC) ("*Torres*") on April 30, 2004.  Through three amended complaints, Plaintiff added fourteen additional named plaintiffs, three individual defendants, and claims for retaliation.

2.       The court granted class certification and authorized collective action notice on September 29, 2006, and appointed Outten & Golden LLP as Class Counsel.  *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316, 2006 U.S. Dist. LEXIS 74039, at *2-3 (S.D.N.Y. Sept. 29, 2006).

3.       On August 28, 2008, the court granted partial summary judgment in Plaintiffs' favor on liability on certain overtime claims, dismissing Defendants' good faith defense, finding Defendants' violations willful, and finding in two Plaintiffs' favor on their individual retaliation claims.  *Torres v. Gristede's Operating Corp.*, 04 Civ. 3316, 2008 U.S. Dist. LEXIS 66066, at *5-6 (S.D.N.Y. Aug. 28, 2008).

4.       Two additional lawsuits, *Amaro v. Gristede's Operating Corp.*, No. 08 Civ. 8531 (PAC) ("*Amaro*"), filed on October 6, 2008, and *Barreto v. Gristede's Operating Corp.*, No. 08 Civ. 9627 (PAC) ("*Baretto*"), filed on November 7, 2008, brought wage and hour claims similar to those pled in *Torres* on behalf of individuals who did not opt-into *Torres* by the deadline to do so.

5.       On February 18, 2009, Plaintiffs filed *a motion* for summary judgment as to the individual liability of Defendant John Catsimatidis.

6.       After a period of damages discovery, *Torres* was almost ready for trial, which was set to begin on June 15, 2009.  On June 5, 2009, the parties notified the court that they had reached a $3,530,000 settlement for the class claims.  The $3,530,000 settlement amount did not include attorneys' fees and costs, which the parties will negotiate separately and litigate if

2

necessary.

7.      Over the next nine months, the parties negotiated the terms of the Joint Stipulation of Settlement and Release ("Settlement Agreement"), attached to the Declaration of Justin M. Swartz ("Swartz Declaration") as Exhibit G.

## II.   Preliminary Approval of Settlement

8.      The parties' proposed settlement resolves all claims in *Torres*, *Baretto*, and *Amaro* (collectively the "Litigation").

9.      The Plaintiffs in all three cases allege that Gristede's failed to pay its department managers and co-managers overtime compensation due under the Fair Labor Standards Act, 29 U.S.C. §§ 209 et seq. ("FLSA") and the New York Labor Law §§ 650-665 ("NYLL").

10.     The Settlement Agreement creates a fund of $3,530,000 ("Fund") that resolves all claims in the Litigation except claims for attorneys' fees and costs. Plaintiffs in *Torres* are prevailing parties in the Litigation and are entitled to an award of attorneys' fees and costs in addition to the Fund. Plaintiffs are also entitled to attorneys' fees and costs in addition to the Fund for the *Amaro* and *Barreto* actions. The amount of the fees and costs will be determined through an agreement of the parties, if possible. Corporate Defendants are jointly and severally liable for attorneys' fees and costs, and John Catsimatidis is jointly and severally liable only if he is found by the Court to be individually liable.

11.     According to the allocation formula set forth in the Settlement Agreement ("Allocation Formula"), class members are allocated points based on the number of workweeks they were employed during the applicable limitations period and their job titles. The claims administrator will divide the total number of points for each class member by the total number of points for all class members. This will yield the percentage of the net settlement fund that each class member will receive. The claims administrator then will multiply each class members'

3

portion of the net settlement fund by the net settlement fund to determine the amount to be paid to each class member.

12.     Preliminary approval, which Plaintiffs seek here, is the first step in the settlement process. It allows notice to be issued to the class and for class members to object to or opt-out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the class members' input.

13.     The approval of a proposed class action settlement is a matter of discretion for the trial court. *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1998); *Clark v. Ecolab, Inc.*, No. 07 Civ. 8623 (PAC), No. 04 Civ. 4488 (PAC), No. 06 Civ. 5672 (PAC), 2009 U.S. Dist. LEXIS 108736 at *13-14 (S.D.N.Y. Nov. 17, 2009). In exercising this discretion, courts should give "proper deference to the private consensual decision of the parties." *Clark*, 2009 U.S. Dist. LEXIS 108736, at *14 (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1988)). "In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation ..." *Clark*, 2009 U.S. Dist. LEXIS 108736, at *14 (internal citation omitted).

14.     Preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties. *Clark*, 2009 U.S. Dist. LEXIS 108736, at *14-15 (citing Herbert B. Newberg & Alba Conte, Newberg on Class Actions ("Newberg") § 11.25 (4th ed. 2002). To grant preliminary approval, the court need only find that there is "'probable cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness." *In re Traffic Executive Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980). If, after a preliminary evaluation of the proposed settlement, the court finds that it "appears to fall within the range of possible approval," the court should order that the class members receive notice of the settlement. *Clark*,

4

2009 U.S. Dist. LEXIS 108736, at *15 (citing Newberg at § 11.25).

15.     The Court concludes that the proposed Settlement Agreement and Allocation

Formula are within the range of possible final settlement approval. Therefore, notice to the Class

is appropriate. *deMunecas v. Bold Food, LLC*, 09 Civ. 00440, 2010 U.S. Dist. LEXIS 38229, at

*2-3 (S.D.N.Y. Apr. 19, 2010); *Danieli v. IBM*, No. 08 Civ. 3688, 2009 U.S. Dist. LEXIS

106938, at *12-13 (S.D.N.Y. Nov. 16, 2009) (granting preliminary approval where settlement

"has no obvious defects" and proposed allocation plan is "rationally related to the relative

strengths and weaknesses of the respective claims asserted"). The Court also finds that the

Settlement Agreement is the result of extensive, arms length negotiations by counsel well-versed

in the prosecution of wage and hour class and collective actions.

16.     Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support

of Plaintiffs' Motion for Preliminary Approval of Class Settlement, the Swartz Declaration, and

all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the

Court grants preliminary approval of the settlement memorialized in the Settlement Agreement.

**II.     Class Notice**

17.     The Court approves the Proposed Notice of Class Action Settlement and Fairness

Hearing ("Proposed Notice"), which is attached as Exhibit 1 to Plaintiffs' Notice of Motion for

Preliminary Approval of Class Settlement, and directs its distribution to the Class Members.

18.     The content of the Proposed Notice fully complies with due process and Federal

Rule of Civil Procedure 23.

19.     Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual
> notice to all members who can be identified through reasonable effort. The
> notice must concisely and clearly state in plain, easily understood
> language: the nature of the action; the definition of the class certified; the
> class claims, issues, or defenses; that a class member may enter an
> appearance through counsel if the member so desires; that the court will

5

> exclude from the class any member who requests exclusion, stating when
> and how members may elect to be excluded; and the binding effect of a
> class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B); *see also Clark*, 2009 U.S. Dist. LEXIS 108736, at *21-22.

20.    The Notice satisfies each of these requirements and adequately puts class

members on notice of the proposed settlement. *See, e.g., In re Michael Milken & Assocs. Sec.*

*Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the

settlement generally"). The Notice is appropriate because it describes the terms of the

settlement, and provides specific information regarding the date, time, and place of the final

approval hearing. *Clark*, 2009 U.S. Dist. LEXIS 108736, at *22.

III.    Class Action Settlement Procedure

21.    The Court hereby adopts the following settlement approval process, which

safeguards class members' procedural due process rights, enables the Court to fulfill its role as

the guardian of class interests, and is consistent with the standard procedure for evaluating class

action settlements. *See* Fed. R. Civ. P. 23(e); Newberg at §§ 11.22 *et seq.*; *Damassia v. Duane*

*Reade, Inc.*, 04 Civ. 08819 (GEL),04 Civ. 02295 (GEL), 2009 U.S. Dist. LEXIS 77489

(S.D.N.Y. July 24, 2009) (granting final approval of class action settlement after preliminary

approval, notice and fairness hearing); *Mohney v. Shelly's Prime Steak Stone Crab & Oyster*

*Bar*, No. 06 Civ. 4260, 2009 U.S. Dist. LEXIS 27899 (S.D.N.Y. Mar. 31, 2009) (same):

a.    At least 10 calendar days before the date scheduled for the Preliminary Approval
Hearing, Defendants will provide the Claims Administrator and Class Counsel with a
list, in electronic form, of the names, last known addresses, telephone numbers, job
titles and dates in job titles, and social security numbers of all Class Members.

b.    Within 10 calendar days after the Order Granting Preliminary Approval, the Claims
Administrator shall mail, via First Class United States mail, postage prepaid, the

6

Change of Name and/or Address Information Form, Election to Opt Out of Settlement and Class Action Form, Consent to Join Settlement Class & Settlement Claim Certification Form and Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing to all Class Members, in English and Spanish using each individual's last known address as recorded in Defendants' records.

c. Class members shall have 120 days after the date the Notices are mailed to submit a Consent to Join Settlement Class & Settlement Claim Certification Form.

d. The Claims Administrator will use all reasonable efforts to reach Class Members including mailing the Consent to Join Settlement Class & Settlement Claim Certification Form after using all reasonable commercially available methods of getting good addresses, using an envelope that clearly indicates that the contents concern a settlement in which the recipient may participate, sending a full copy of the notice if any mailing comes back as undeliverable for any reason, sending a reminder post-card if any individual has not submitted a Consent to Join Settlement Class & Settlement Claim Certification Form by the date 15 days before the end of the Claim Period and using high quality paper in high quality stamped return envelopes, and making further reasonable efforts to each any individual who has not submitted a Consent to Join Settlement Class & Settlement Claim Certification Form by the date 30 days before the end of the Notice Period.

e. Unless the Claims Administrator receives a Consent to Join Settlement Class & Settlement Claim Certification Form returned from the United States Postal Service for reasons discussed below in this Section, that Class Notice shall be deemed mailed and received by the Class Member to whom it was sent five (5) days after mailing. In

the event that subsequent to the first mailing of a Class Notice and prior to the deadline for a response, that Notice is returned to the Claims Administrator by the United States Postal Service with a forwarding address for the recipient, the Claims Administrator shall re-mail the notice to that address, the Notice will be deemed mailed as of that date, and the forwarding address shall be deemed the Updated Address for that Class Member. In the event that subsequent to the first mailing of a Class Notice, and at least fifteen (15) days prior to the Notice Response Deadline, that Notice is returned to the Claims Administrator by the United States Postal Service because the address of the recipient is no longer valid, *i.e.,* the envelope is marked "Return to Sender," the Claims Administrator shall perform a standard skip trace, in the manner that the Claims Administrator customarily performs skip traces, in an effort to attempt to ascertain the current address of the particular Class Member in question and, if such an address is ascertained, the Claims Administrator will re-send the Notice within seven (7) days of receiving such information; if no Updated Address is obtained for that Class Member, the Class Notice shall be sent again to the Last Known Address. In either event, the Class Notice shall be deemed received five (5) days after the date it is mailed for the second time.

f.  To the extent a Class Member, whose address has not been deemed unknown by the Claims Administrator, has not submitted to the Claims Administrator some form of written response to the Class Notice by the date that is thirty (30) days before the Notice Response Deadline, the Claims Administrator shall send that Class Member a postcard: (a) referencing the name of the Class Action; (b) stating that the Class Member received a Notice in this action; (c) providing the address and contact information, for the Claims Administrator and Class Counsel; (d) stating the Notice

8

Response Deadline, *i.e.*, the deadline to respond to the Class Notice if the recipient desires to do so; and (e) stating that the Class Member can contact the Claims Administrator or Class Counsel to receive an additional copy of the notice. Nothing in this Section 2.3 (F) shall be construed to extend the Notice Response Deadline or the Claim Certification Deadline for any Class Members. The postcard shall not contain any additional information or statements. The reasonable costs expended in association with the preparation and mailing of the postcards contemplated by this Section shall be included as part of the Administrative Costs and shall be paid by Defendants in addition to the Settlement Amount.

g. A final fairness hearing will be held as soon as is convenient for the Court.

h. Not later than 15 days before the final fairness hearing, Plaintiffs will file a motion for final approval of the Settlement Agreement.

i. If the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment for Dismissal.

j. The Effective Date shall be the date: (a) 30 days after the Court has entered Final Order and Judgment if there are no appeals; or (b) if appellate review is sought, five days after all avenues of appellate review have been exhausted and no further review is permitted.

k. The settlement checks will be mailed to the Class Members in three evenly-spaced distributions during the 27-month period commencing on June 30, 2010. The first distribution will be no later than 45 days after Final Approval of the Agreement and will include any service awards approved by the Court.

9

1.  The parties shall abide by all terms of the Settlement Agreement.

It is so ORDERED this _14_ day of _June_____, 2010.

Honorable Paul A. Crotty
United States District Judge

# OUTTEN & GOLDEN LLP

Wayne N. Outten
Anne Golden
Adam T. Klein
Laurence S. Moy
Gary Phelan
Kathleen Peratis
Justin M. Swartz
Jack A. Raisner
Wendi S. Lazar
Carmelyn P. Malalis
Tammy Marzigliano
René S. Roupinian

*Advocates for Workplace Fairness*

Allegra L. Fishel
Lewis M. Steel
Nantiya Ruan
Deborah J. McKenna
Julia Griffin Murphy
Samuel R. Miller

Delyanne D. Barros
Rachel M. Bien
Katherine Blostein
Molly Brooks
Cara E. Greene
Sonia R. Lin
Seth M. Marnin
Ossai Miazad
Melissa Pierre-Louis
Lauren Schwartzreich
Juno Turner

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 23 JUN 2010

June 18, 2010

**By Facsimile**

Honorable Paul A. Crotty
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 735
New York, NY 10007
Fax: (212) 805-6304

Re:    *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316 (PAC)

Dear Judge Crotty:

We are Class Counsel in the above-referenced matter. We write on behalf of all parties to ask the Court to approve a revised Notice of Class Action Settlement, which we altered per the Court's instructions at the preliminary approval hearing. We also write to request the Court's approval of a revised schedule for dissemination of notice and the rest of the settlement process.

First, a revised Notice of Class Action Settlement and Fairness Hearing is enclosed. We believe that we have made all of the changes that the Court directed.

Second, the following is a revised schedule for disseminating notice of the settlement and the settlement process thereafter. We respectfully request that the Court "so order" it.

1.    June 28, 2010: Deadline for Claims Administrator to mail the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing.

2.    September 27, 2010: Deadline for Claims Administrator to conduct a search of the National Change of Address database for anyone whose address comes back as undeliverable.

3 Park Avenue, 29th Floor     New York, NY 10016   Tel 212-245-1000   Fax 212-977-4005
4 Landmark Square, Suite 201  Stamford, CT 06901   Tel 203-363-7888   Fax 203-363-0333
og@outtengolden.com   www.outtengolden.com



Honorable Paul A. Crotty
June 18, 2010
Page 2 of 2

3. October 27, 2010: Deadline for Claims Administrator to (a) send a full copy of the Notice if any mailing comes back undeliverable; and (b) send a reminder post-card if any individual has not submitted a Consent to Join Settlement Class & Settlement Claim Certification Form;

4. November 11, 2010: Deadline for Claims Administrator to perform a standard skip trace for any Notices that are returned because the recipient's address is no longer valid (the Settlement Administrator will resend the Notice within seven (7) days of receiving any new address information);

5. November 26, 2010: Final deadline for Class Members to submit a Consent to Join Settlement Class & Settlement Claim Certification Form and Opt-out of or object to the Settlement;

Tuesday, December 21, 2010 at 11:15 am in 20-C

6. (A date to be set by the Court, no sooner than December 17, 2010): Final fairness hearing; The 7-15-10 hearing date has been marked off the calendar

7. Not later than 15 days before the final fairness hearing, Plaintiffs will file a motion for final approval of the Settlement Agreement.

Thank you for your attention to these issues.

Respectfully submitted,

Molly A. Brooks (MB 2360)

cc:  Emily Pankow, Esq. (via email)
     Christopher A. Parlo, Esq. (via email)
     Amanda N. Slatin, Esq. (via email)
     Kevin J. Nash, Esq. (via email)
     Justin M. Swartz, Esq.

SO ORDERED:  23 JUN 2010

HON. PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

2

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

## If you were employed as a Department Manager or a Co-Manager at Gristede's, you may be entitled to a payment from a class action settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- Department Managers and Co-Managers have sued Gristede's Operating Corporation, Namdor, Inc., Gristede's Food, Inc., City Produce Operating Corp., Gristede's Foods NY, Inc., John Catsimatides, James Monos, and Galo Balseca (collectively, "Gristede's"), alleging that Gristede's failed to pay them overtime for hours that they worked over 40 and other wages. The employees filed the lawsuit as a class action under the New York Labor Law and as a collective action under the Fair Labor Standards Act ("FLSA"). Gristede's denies the allegations and that it failed to pay Department Mangers and Co-Managers properly.

- To avoid the burden, expense, inconvenience, and uncertainty of continued litigation, the parties have decided to resolve and settle the action by entering into a settlement agreement. Accordingly, the employees who filed the suit and Gristede's have settled. Gristede's will d eposit $ 3,530,000 into a fund that will be used to pay Department Managers and Co-Managers who qualify.

- Under the allocation formula created by the settlement, you are entitled to receive no less than approximately $_____. This amount is based on the number of weeks you worked for Gristede's as a Department Manager or Co-Manager.

- Your legal rights may be affected. You have a choice to make now·

| | |
|---|---|
| **RETURN THE FORM AND RECEIVE A PAYMENT** | Receive the payment listed above by filling out and mailing back the Consent to Join Settlement Class & Settlement Claim Certification Form within ~~120~~ 150 days from the date the notice was mailed to you. |

Questions? Contact Molly Brooks at Outten & Golden LLP at 1-877-468-8836.

| | |
|---|---|
| **EXCLUDE YOURSELF FROM THE LAWSUIT** | If you do not want to participate in the lawsuit, do not complete the Green Form enclosed with this Notice. Follow the exclusion procedure explained in Paragraph 12 below.<br><br>If you exclude yourself, you will not be entitled to any payment from this settlement. By excluding yourself, you retain the right to bring your own lawsuit or to be part of any other lawsuit against Gristede's for unpaid wages between April 30, 1998 and April 30, 2009. |
| **OBJECT** | Write to the Court about why you don't like the settlement according to the objection procedure explained in Paragraph 12 below. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

## BASIC INFORMATION

According to Gristede's record s, you worked as a Department Manager or Co-Manager at Gristede's for more than 30 days between May 1, 1998 and April 30, 2009.

The Court ordered that you be sent this notice because you have a right to know about a proposed settlement of three class action lawsuits and about all of your options before the Court decides whether to approve the settlement. If the Court approves the settlement, after objections and appeals are heard, an administrator appointed by the Court will make the settlement payments.

This notice explains the three lawsuits, the settlement, your legal rights, and what benefits are available.

Judge Paul A. Crotty of the United States District Court for the Southern District of New York is in charge of these cases. The cases are known as *Torres v. Gristede's Operating Corp.*, 04 Civ. 3316 (PAC); *Amaro v. Gristede's Operating Corp.*, No. 08 Civ. 8531 (PAC); and *Barreto v. Gristede's Operating Corp.*, No. 08 Civ. 9627 (PAC).

The people who filed the lawsuit are called "Plaintiffs." Gristede's Operating Corporation, Namdor, Inc., Gristede's Food, Inc., City Produce Operating Corp., Gristede's Foods NY, Inc., John Catsimatides, James Monos, and Galo Balseca are called "Defendants."

Questions? Contact Molly Brooks at Outten & Golden LLP at 1-877-468-8836.

**Co-Managers**

This lawsuit is about whether Gristede's should have paid Co-Managers overtime compensation for hours that they worked over 40 hours in a week. Plaintiffs also contend that Gristede's should have calculated their overtime compensation at a rate of one and one-half times their "regular rate" of pay.

**Department Managers**

This lawsuit is about whether Gristede's paid Department Managers for all hours worked, whether on or off the clock. To the extent Department Managers worked in excess of 40 hours in a week, whether "authorized" to work overtime or not, the Plaintiffs contend that Gristede's should have paid them overtime compensation for this time.

Under the settlement, Co-Managers and Department Managers are divided into separate subclasses. Each subclass will be allocated a separate portion of the settlement fund, as described in section 7 below.

In a class action, one or more people called Class Representatives sue on behalf of people who have similar claims. Each Department Manager and Co-Manager is a Class Member and together, they are a Class. A single court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

Both sides believe they would have prevailed at trial, but there was no trial. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get compensation. The Class Representatives and the attorneys think the settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT

Judge Crony has decided that everyone who fits one or more of the following descriptions is a Class Member:

**All persons who have worked as Department Managers for Defendants for at least 30 days between May 1, 1998 and April 30, 2009 and who have not previously opted out.**

**All persons who have worked as Co-Managers for Defendants for at least 30 days between May 1, 1998 and April 30, 2009 and who have not previously opted out.**

Questions? Contact Molly Brooks at Outten & Golden LLP at 1-877-468-8836.

████████████████████████████████████████████████████████████████

If you are still not sure whether you are included, you can ask for free help.  You can call Molly Brooks of Outten & Golden LLP, one of the lawyers for the Plaintiffs, at 1-877-468-8836.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

████████████████████████████████████████████████████████████████

Gristede's has agreed to create a $3,530,000 settlement fund, which is comprised of the following: to be divided among

|  |  |
|---|---|
| $1,255,000 | Co-Managers' Settlement Fund |
| * | |
| $2,235,000 | Department Managers' Settlement Fund |
| $ 40,000 | Payments for Retaliation Claims |
| **$3,350,000** | **Total Settlement Fund** |

\* Court approved Service Payments to the Plaintiffs, as described in Section 3.3 will be deducted from Co-Manager Settlement Fund and the Department Managers' Settlement Funds in proportionate amounts.

|  |  |
|---|---|
| $1,255,000 | Co-Manager Settlement Fund |
| $ 120,000 | Co-Manager Settlement Fund Share of Service Payments* |
| **$1,135,000** | **Amount to be distributed to Co-Managers** |
|  |  |
| $2,235,000 | Department Manager Settlement Fund |
| $ 105,000 | Department Manager Settlement Fund Share of Service Payments* |
| **$2,130,000** | **Amount to be distributed to Department Managers** |

Class Members who do not opt out of

Each Class Member who does not opt out of the settlement class will receive a settlement share based on a formula.  The formula is as follows:

Co-Managers

The Co-Manager Class Members will be allocated points based on the number of pay periods they were employed during three separate periods – May 1, 1998 through May 1, 2002 (three points), May 2, 2002 through May 1, 2006 (two points), and May 2, 2009 2006 through April 30, 2009 (one point).  Each Co-Manager Class Member who filed a consent to join *Torres v. Gristede's Operating Corp.*, 04 Civ. 3316 (PAC); *Amaro v. Gristede's Operating Corp.*, No. 08 Civ. 8531 (PAC); or *Barreto v. Gristede's Operating Corp.*, No. 08 Civ. 9627 (PAC) shall

receive an additional number of points equal to the number they received under the point system for each pay period the Class Member was employed by Gristede's between the three years prior to the date the Co-Manager Class Member opted into the case and April 30, 2009.

The Claims Administrator will add all points for all Co-Manager Class Members together to obtain the "Total Co-Manager Denominator." The Claims Administrator will then divide the number of points for each Co-Manager Class Member by the Total Co-Manager Denominator to obtain each Department Manager Class Member's "Portion of the Co-Manager Net Settlement Fund." Finally, the Claims Administrator will multiply each Co-Manager Class Members' Portion of Co-Manager Settlement Fund by the Net Co-Manager Settlement Fund to determine the amount of the Fund each Co-Manager Class Member will receive.

The Department Manager Class Members are allocated points based on the number of pay periods they were employed during two separate periods – May 1, 1998 through December 31, 2004 (four points) and January 1, 2005 through April 30, 2009 (one point). Each Department Manager Class Member who filed a consent to join *Torres v. Gristede's Operating Corp.*, 04 Civ. 3316 (PAC); *Amaro v. Gristede's Operating Corp.*, No. 08 Civ. 8531 (PAC); or *Barreto v. Gristede's Operating Corp.*, No. 08 Civ. 9627 (PAC) shall receive an additional number of points equal to the number they received under the point system for each pay period the Class Member was employed by Gristede's between the three years prior to the date the Department Manager Class Member opted into the case and April 30, 2009.

The Claims Administrator will add all points for all Department Manager Class Members together to obtain the "Total Department Manager Denominator." The Claims Administrator will then divide the number of points for each Department Manager Class Member by the Total Department Manager Denominator to obtain each Department Manager Class Member's "Portion of the Department Manager Settlement Fund." Finally, the Claims Administrator will multiply each Department Manager Class Members' Portion of Department Manager Settlement Fund by the Net Department Manager Settlement Fund to determine the amount of the Fund that each Department Manager Class Members will receive.

███████ ████ ███ ███████████

Based on the formula that has been preliminarily approved by the Court, you will be entitled to receive no less than $_____. The allocation formula takes into account the number of weeks you worked and whether or not you opted into the lawsuit. The Settlement Agreement contains the exact allocation formula. You may obtain a copy of the Settlement Agreement by following the instructions in section 22, below.

## HOW YOU GET A PAYMENT

███ ██ █████████████ ████ ██

Get payment by filling out and mailing back the Consent to Join Settlement Class & Settlement Claim Certification Form on time, which means within ~~120~~ 150 days of the date it was mailed to you.

Questions? Contact Molly Brooks at Outten & Golden LLP at 1-877-468-8836.

---

Judge Crotty will hold a hearing on _____, at _____ a.m./p.m., to determine whether to approve the settlement. If Judge Crotty approves the settlement, there may be appeals after that. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Please be patient.

The Claims Administrator will send the Class Members three distribution payments at evenly spaced intervals during the 27-month period commencing on June 30, 2010. The first distribution shall be no more than 45 days after Final Approval of the Agreement.

---

To get payment, you release all claims against Gristede's under state and federal wage-and-hour laws. This means that you cannot sue, continue to sue, or be party of any other lawsuit against Gristede's about claims for wages under state and federal law that were brought or could have been brought in this lawsuit. It also means that all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue Gristede's, on your own, about the legal issues in this case, then you must opt out of the settlement Class.

---

To exclude yourself from the settlement, you must fully complete, sign, and mail to the Claims Administrator the "Election to Opt Out of Settlement and Class Action" form.

Your form must be postmarked no later than _____November 26, 2010 and it must be mailed to:

> [Settlement Administrator's Address]
> The Garden City Group, Inc.
> 105 Maxess Road
> Melville, NY 11747
> Phone: (631) 470-5127

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may also be able to sue (or continue to sue), or to not file any lawsuit at all against Gristede's in the future.

---

Generally no. Unless you exclude yourself, you give up any rights to sue Gristede's for the same claims in this case (the only possible exception is that if you have not previously opted in to the Questions? Contact Molly Brooks at Outten & Golden LLP at 1-877-468-8836.

FLSA portion of this lawsuit, and you do not cash the check that will be sent to you, you *may* still be able to file a lawsuit against Gristede's under the FLSA). If you have a pending lawsuit, speak to your lawyer in that case immediately to see if this settlement will affect your other case. Remember, the exclusion deadline is—————————November 26, 2010.

No. If you exclude yourself, you will not receive any money from this lawsuit. But, you may sue, continue to sue, or be part of a different lawsuit against Gristede's regarding these same claims.

## THE LAWYERS REPRESENTING YOU

The law firm of Outten & Golden LLP represents you and other Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers. You do not need to retain your own attorney in order to participate as a Class Member. You may enter an appearance through your own counsel, if you so desire, at your own expense.

Class Counsel will negotiate payment directly from Gristede's. No amount of attorneys' fees will be paid by the settlement fund.

## ADDITIONAL PAYMENTS TO NAMED PLAINTIFFS

Class Counsel will also ask the Court to approve payments of $15,000 from the settlement fund to some of the Class Representatives in recognition of the risks they took and their service to the class.

Two named plaintiffs will receive additional payments from the settlement fund of $20,000 each to settle their individual retaliation claims.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

If you're a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter to the settlement administrator saying that you object to *Torres v. Gristede's Operating Corp.*, 04 Civ. 3316 (PAC); *Amaro v. Gristede's Operating Corp.*, No. 08 Civ. 8531 (PAC); and *Barreto v. Gristede's Operating Corp.*, No. 08 Civ. 9627 (PAC). Be sure to include your name, address, telephone number, your signature, and all reasons you object to the settlement. The Court will only consider reasons that you state in your letter. If you wish to speak at the hearing at which the Court will consider whether to approve the

Questions? Contact Molly Brooks at Outten & Golden LLP at 1-877-468-8836.

settlement, you must follow the instructions in this paragraph and in section 21, below. You must mail copies of your objection letter to the following address postmarked no later than ━━ ━━━November 26, 2010.

The Garden City Group, Inc.
105 Maxess Road
Melville, NY 11747
Phone: (631) 470-5127

[Settlement Administrator's Address]

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court has granted preliminary approval of the proposed settlement, concluding preliminarily that the settlement is fair, adequate, and reasonable, and that the proposed distribution of the settlement amount is fair, adequate, and reasonable. The Court will hold a hearing to decide whether to grant final approval of the settlement. You may attend and you may ask to speak, but you don't have to.

The Court will hold a Fairness Hearing at _____ on _____, at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, in Courtroom 20C.

At this hearing the Court will hear objections, if any, and consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Crotty will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

No. Class Counsel will answer questions Judge Crotty may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

Questions? Contact Molly Brooks at Outten & Golden LLP at 1-877-468-8836.

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must state in your letter objecting to the settlement (described in Second 17, above) that you wish to appear at the hearing.

You cannot speak at the hearing if you exclude yourself from the settlement.

## GETTING MORE INFORMATION

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by sending a request, in writing, to Molly Brooks, Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, New York 10016.

If you have questions about the settlement, you can call 1-877-468-8836, toll free, or write to Gristede's Settlement, 3 Park Avenue, 29th Floor, New York, New York, 10016.

DATED: _____, 2010

THIS NOTICE HAS BEEN AUTHORIZED BY JUDGE CROTTY OF THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK.