# EXHIBIT B

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS TORRES, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GRISTEDE'S OPERATING CORP., et al.,<br><br>Defendants. | Case No. 04-CV-3316 (PAC) |
| OSCAR AMARO, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GRISTEDE'S OPERATING CORP., et al.,<br><br>Defendants. | Case No. 08-CV-8531 (PAC) |
| DAVID BARRETO, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GRISTEDE'S OPERATING CORP., et al.,<br><br>Defendants. | Case No. 08-CV-9627 (PAC) |

## DECLARATION OF JASON ZUENA
## REGARDING SETTLEMENT ADMINISTRATION

I, Jason Zuena, declare under penalty of perjury pursuant to 28 U.S.C. Section 1746, as follows:

1.      I am over the age of eighteen (18) years and am not a party to this action.  The following statements are based on my personal knowledge and information provided by other

employees of The Garden City Group, Inc. ("GCG") working under my supervision.  If called as a witness, I could and would testify competently to the matters stated below:

2.      I am a Senior Director of The Garden City Group, Inc. retained as the Claims Administrator in this action.

3.      GCG was retained to, among other things, mail the Notice of Proposed Class Action Settlement and Fairness Hearing (the "Notice"), the Consent to Join Settlement Class & Settlement Claim Certification Form (the "Consent to Join Form"), the Change of Address and/or Address Information Form (the "COA Form"),  the Election to Opt Out of Settlement and Class Action (the "Opt Out Form" and, together with the Notice, the Consent to Join Form and the COA Form, the "Notice  Packet") to all members of the proposed class (the "Class Members").  A sample Notice Packet is attached as Exhibit A.

4.      On or about June 2, 2010, GCG received from Counsel for the Defendants an Excel spreadsheet containing the names and last known addresses of 349 Class Members (the "Class List").

5.      On July 12, 2010, GCG caused Notice Packets to be mailed to the 349 Class Members on the Class List (the "Initial Mailing").

6.      As a result of the Initial Mailing, a total of 37 Notices Packets were returned to GCG as undeliverable by the U.S. Post Office.  GCG searched for updated Class Member addresses using Social Security Numbers (provided by Counsel for the Defendants) to search via a locator service.  As a result, 26 potential new addresses were found, and new Notice Packets were promptly re-mailed to those addresses.  Of the 26 Notice Packets that were re-mailed, 11

were returned as undeliverable a second time.  In addition, 117 Notice Packets were re-mailed to Class Members at updated addresses provided by Class Counsel.[1]

7.      Pursuant to the Order Granting Plaintiffs' Motion for Preliminary Approval of Class Settlement and Approving of Plaintiffs' Proposed Notice of Settlement, dated June 1, 2010, on October 27, 2010, GCG mailed reminder postcards to 211 Class Members who had not responded to the Initial Mailing.  A sample reminder postcard is attached as Exhibit B.

8.      As of December 3, 2010, GCG has received one (1) Opt-Out form, attached hereto as Exhibit C, and has received no objections from Class Members.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 3rd day of December, 2010.

Jason Zuena

---

[1] This includes four Class Members that were not included in the original Class List.

# EXHIBIT A

**If you were employed as a Department Manager or a Co-Manager at Gristede's, you may be entitled to a payment from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- Department Managers and Co-Managers have sued Gristede's Operating Corporation, Namdor, Inc., Gristede's Food, Inc., City Produce Operating Corp., Gristede's Foods NY, Inc., John Catsimatides, James Monos, and Galo Balseca (collectively, "Gristede's"), alleging that Gristede's failed to pay them overtime for hours that they worked over 40 and other wages. The employees filed the lawsuit as a class action under the New York Labor Law and as a collective action under the Fair Labor Standards Act ("FLSA"). Gristede's denies the allegations and that it failed to pay Department Mangers and Co-Managers properly.

- To avoid the burden, expense, inconvenience, and uncertainty of continued litigation, the parties have decided to resolve and settle the action by entering into a settlement agreement. Accordingly, the employees who filed the suit and Gristede's have settled. Gristede's will deposit $3,530,000 into a fund that will be used to pay Department Managers and Co-Managers who qualify.

- Under the allocation formula created by the settlement, you are entitled to receive no less than approximately [$_____ ] (less any applicable withholdings). This amount is based on the number of weeks you worked for Gristede's as a Department Manager or Co-Manager.

- Your legal rights may be affected. You have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **RETURN THE FORM AND RECEIVE A PAYMENT** | Receive the payment listed above by filling out and mailing back the Consent to Join Settlement Class & Settlement Claim Certification Form within 150 days from the date the notice was mailed to you. |
| **EXCLUDE YOURSELF FROM THE LAWSUIT** | If you do not want to participate in the lawsuit, do not complete the Green Form enclosed with this Notice. Follow the exclusion procedure explained in Paragraph 12 below. <br><br> If you exclude yourself, you will not be entitled to any payment from this settlement. By excluding yourself, you retain the right to bring your own lawsuit or to be part of any other lawsuit against Gristede's for unpaid wages between May 1, 1998 and April 30, 2009. |
| **OBJECT** | Write to the Court about why you don't like the settlement according to the objection procedure explained in Paragraph 17 below. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

**BASIC INFORMATION**

| 1. Why did I get this notice? |
|---|

According to Gristede's records, you worked as a Department Manager or Co-Manager at Gristede's for more than 30 days between May 1, 1998 and April 30, 2009.

The Court ordered that you be sent this notice because you have a right to know about a proposed settlement of three class action lawsuits and about all of your options before the Court decides whether to approve the settlement. If the Court approves the settlement, after objections and appeals are heard, an administrator appointed by the Court will make the settlement payments.

This notice explains the three lawsuits, the settlement, your legal rights, and what benefits are available.

Judge Paul A. Crotty of the United States District Court for the Southern District of New York is in charge of these cases. The cases are known as *Torres v. Gristede's Operating Corp.*, 04 Civ. 3316 (PAC); *Amaro v. Gristede's Operating Corp.*, No. 08 Civ. 8531 (PAC); and *Barreto v. Gristede's Operating Corp.*, No. 08 Civ. 9627 (PAC).

The people who filed the lawsuit are called "Plaintiffs." Gristede's Operating Corporation, Namdor, Inc., Gristede's Food, Inc., City Produce Operating Corp., Gristede's Foods NY, Inc., John Catsimatides, James Monos, and Galo Balseca are called "Defendants."

| **2. What is this lawsuit about?** |
| --- |

<u>Co-Managers</u>

This lawsuit is about whether Gristede's should have paid Co-Managers overtime compensation for hours that they worked over 40 hours in a week. Plaintiffs also contend that Gristede's should have calculated their overtime compensation at a rate of one and one-half times their "regular rate" of pay.

<u>Department Managers</u>

This lawsuit is about whether Gristede's paid Department Managers for all hours worked, whether on or off the clock. To the extent Department Managers worked in excess of 40 hours in a week, whether "authorized" to work overtime or not, the Plaintiffs contend that Gristede's should have paid them overtime compensation for this time.

Under the settlement, Co-Managers and Department Managers are divided into separate subclasses. Each subclass will be allocated a separate portion of the settlement fund, as described in section 7 below.

| **3. Why is this a class action?** |
| --- |

In a class action, one or more people called Class Representatives sue on behalf of people who have similar claims. Each Department Manager and Co-Manager is a Class Member and together, they are a Class. A single court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

| **4. Why is there a settlement?** |
| --- |

Both sides believe they would have prevailed at trial, but there was no trial. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get compensation. The Class Representatives and the attorneys think the settlement is best for all Class Members.

**WHO IS IN THE SETTLEMENT**

| **5. How do I know if I am part of the settlement?** |
| --- |

Judge Crotty has decided that everyone who fits one or more of the following descriptions is a Class Member:

**All persons who have worked as Department Managers for Defendants for at least 30 days between May 1, 1998 and April 30, 2009 and who have not previously opted out.**

**All persons who have worked as Co-Managers for Defendants for at least 30 days between May 1, 1998 and April 30, 2009 and who have not previously opted out.**

| **6. I'm still not sure if I am included.** |
| --- |

If you are still not sure whether you are included, you can ask for free help. You can call Molly Brooks of Outten & Golden LLP, one of the lawyers for the Plaintiffs, at 1-877-468-8836.

THE SETTLEMENT BENEFITS – WHAT YOU GET

---

| **7.  What does the settlement provide?** |
| --- |

Gristede's has agreed to create a $3,530,000 settlement fund, which is comprised of the following:

| | |
| --- | --- |
| $1,255,000 | Co-Manager Settlement Fund |
| $2,235,000 | Department Manager Settlement Fund |
| $    40,000 | Payments for Retaliation Claims |
| **$3,530,000** | **Total Settlement Fund** |

Court approved Service Payments to the Plaintiffs, as described below in Paragraph 16 will be deducted from Co-Manager Settlement Fund and the Department Manager Settlement Funds in proportionate amounts.

| | |
| --- | --- |
| $1,255,000 | Co-Manager Settlement Fund |
| $   120,000 | Co-Manager Settlement Fund Share of Service Payments |
| **$1,135,000** | **Amount to be distributed to Co-Managers** |

| | |
| --- | --- |
| $2,235,000 | Department Manager Settlement Fund |
| $   105,000 | Department Manager Settlement Fund Share of Service Payments |
| **$2,130,000** | **Amount to be distributed to Department Managers** |

Each Class Member who does not opt out of the settlement class will receive a settlement share based on a formula. The formula is as follows:

<u>Co-Managers</u>

The Co-Manager Class Members will be allocated points based on the number of pay periods they were employed during three separate periods – May 1, 1998 through May 1, 2002 (three points), May 2, 2002 through May 1, 2006 (two points), and May 2, 2006 through April 30, 2009 (one point).  Each Co-Manager Class Member who filed a consent to join *Torres v. Gristede's Operating Corp.*, 04 Civ. 3316 (PAC); *Amaro  v. Gristede's Operating Corp.*, No. 08 Civ. 8531 (PAC); or *Barreto  v. Gristede's Operating Corp.*, No. 08 Civ. 9627 (PAC) shall receive an additional number of points equal to the number they received under the point system for each pay period the Class Member was employed by Gristede's between the three years prior to the date the Co-Manager Class Member opted into the case and April 30, 2009.

The Claims Administrator will add all points for all Co-Manager Class Members together to obtain the "Total Co-Manager Denominator."  The Claims Administrator will then divide the number of points for each Co-Manager Class Member by the Total Co-Manager Denominator to obtain each Department Manager Class Member's "Portion of the Co-Manager Net Settlement Fund."   Finally, the Claims Administrator will multiply each Co-Manager Class Members' Portion of Co-Manager Settlement Fund by the Net Co-Manager Settlement Fund to determine the amount of the Fund each Co-Manager Class Member will receive.

The Department Manager Class Members are allocated points based on the number of pay periods they were employed during two separate periods – May 1, 1998 through December 31, 2004 (four points) and January 1, 2005 through April 30, 2009 (one point).  Each Department Manager Class Member who filed a consent to join *Torres v. Gristede's Operating Corp.*, 04 Civ. 3316 (PAC); *Amaro  v. Gristede's Operating Corp.*, No. 08 Civ. 8531 (PAC); or *Barreto  v. Gristede's Operating Corp.*, No. 08 Civ. 9627 (PAC) shall receive an additional number of points equal to the number they received under the point system for each pay period the Class Member was employed by Gristede's between the three years prior to the date the Department Manager Class Member opted into the case and April 30, 2009.

The Claims Administrator will add all points for all Department Manager Class Members together to obtain the "Total Department Manager Denominator."  The Claims Administrator will then divide the number of points for each Department Manager Class Member by the Total Department Manager Denominator to obtain each Department Manager Class Member's "Portion of the Department Manager Settlement Fund."   Finally, the Claims Administrator will multiply each Department Manager Class Members' Portion of Department Manager Settlement Fund by the Net Department Manager Settlement Fund to determine the amount of the Fund that each Department Manager Class Members will receive.

---

**8.  How much will my payment be?**

---

Based on the formula that has been preliminarily approved by the Court, you will be entitled to receive no less than [$_____ ] (less any applicable withholdings).  The allocation formula takes into account the number of weeks you worked and whether or not you opted into the lawsuit. The Settlement Agreement contains the exact allocation formula. You may obtain a copy of the Settlement Agreement by following the instructions in section 22, below.

## HOW YOU GET A PAYMENT

---

**9.  How can I get my payment?**

---

Get payment by filling out and mailing back the Consent to Join Settlement Class & Settlement Claim Certification Form on time, which means within 150 days of the date it was mailed to you.

---

**10.  When will I get my payment?**

---

Judge Crotty will hold a hearing on Tuesday, December 21, 2010, at 11:15 a.m., to determine whether to approve the settlement.  If Judge Crotty approves the settlement, there may be appeals after that.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  Please be patient.

The Claims Administrator will send the Class Members three distribution payments at evenly spaced intervals during the 27-month period commencing on June 30, 2010.  The first distribution shall be no more than 45 days after Final Approval of the Agreement.

---

**11.  What am I giving up to get a payment?**

---

To get payment, you release all claims against Gristede's under state and federal wage-and-hour laws.  This means that you cannot sue, continue to sue, or be party of any other lawsuit against Gristede's about claims for wages under state and federal law that were brought or could have been brought in this lawsuit.  It also means that all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue Gristede's, on your own, about the legal issues in this case, then you must opt out of the settlement Class.

---

**12.  How do I get out of the settlement?**

---

To exclude yourself from the settlement, you must fully complete, sign, and mail to the Claims Administrator the "Election to Opt Out of Settlement and Class Action" form.

Your form must be postmarked no later than November 26, 2010 and it must be mailed to:

Torres v. Gristede's Operating Corp. Settlement
c/o The Garden City Group, Inc.
P.O. Box 9349
Dublin, OH 43017-4249

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.  You may also be able to sue (or continue to sue), or to not file any lawsuit at all against Gristede's in the future.

---

**13.  If I don't exclude myself, can I sue Gristede's for the same thing later?**

---

Generally no.  Unless you exclude yourself, you give up any rights to sue Gristede's for the same claims in this case (the only possible exception is that if you have not previously opted in to the FLSA portion of this lawsuit, and you do not cash the check that will be sent to you, you *may* still be able to file a lawsuit against Gristede's under the FLSA).  If you have a pending lawsuit, speak to your lawyer in that case immediately to see if this settlement will affect your other case.  Remember, the exclusion deadline is November 26, 2010.

4

**14.  If I exclude myself, can I get money from this settlement?**

No.  If you exclude yourself, you will not receive any money from this lawsuit.  But, you may sue, continue to sue, or be part of a different lawsuit against Gristede's regarding these same claims.

## THE LAWYERS REPRESENTING YOU

**15.  Do I have a lawyer in this case?**

The law firm of Outten & Golden LLP represents you and other Class Members.  These lawyers are called Class Counsel. You will not be charged for these lawyers.  You do not need to retain your own attorney in order to participate as a Class Member.  You may enter an appearance through your own counsel, if you so desire, at your own expense.

**16.  How will the lawyers be paid?**

Class Counsel will negotiate payment directly from Gristede's.  No amount of attorneys' fees will be paid by the settlement fund.

## ADDITIONAL PAYMENTS TO NAMED PLAINTIFFS

Class Counsel will also ask the Court to approve payments of $15,000 from the settlement fund to some of the Class Representatives in recognition of the risks they took and their service to the class.

Two named plaintiffs will receive additional payments from the settlement fund of $20,000 each to settle their individual retaliation claims.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

**17.  How do I tell the Court that I don't like the settlement?**

If you're a Class Member, you can object to the settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter to the settlement administrator saying that you object to *Torres v. Gristede's Operating Corp*., 04 Civ. 3316 (PAC); *Amaro v. Gristede's Operating Corp*., No. 08 Civ. 8531 (PAC); and *Barreto v. Gristede's Operating Corp*., No. 08 Civ. 9627 (PAC). Be sure to include your name, address, telephone number, your signature, and all reasons you object to the settlement. The Court will only consider reasons that you state in your letter.  If you wish to speak at the hearing at which the Court will consider whether to approve the settlement, you must follow the instructions in this paragraph and in section 21, below.  You must mail copies of your objection letter to the following address postmarked no later than November 26, 2010.

Torres v. Gristede's Operating Corp. Settlement
c/o The Garden City Group, Inc.
P.O. Box 9349
Dublin, OH 43017-4249

**18.  What's the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court has granted preliminary approval of the proposed settlement, concluding preliminarily that the settlement is fair, adequate, and reasonable, and that the proposed distribution of the settlement amount is fair, adequate, and reasonable. The Court will hold a hearing to decide whether to grant final approval of the settlement. You may attend and you may ask to speak, but you don't have to.

**19.  When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing on Tuesday, December 21, 2010, at 11:15 a.m., at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, in Courtroom 20C.

At this hearing the Court will hear objections, if any, and consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  Judge Crotty will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay to Class Counsel.  After the hearing, the Court will decide whether to approve the settlement.  We do not know how long these decisions will take.

**20.  Do I have to come to the hearing?**

No.  Class Counsel will answer questions Judge Crotty may have.  But, you are welcome to come at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

**21.  May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must state in your letter objecting to the settlement (described in Paragraph 17, above) that you wish to appear at the hearing.

You cannot speak at the hearing if you exclude yourself from the settlement.

**GETTING MORE INFORMATION**

**22.  Are there more details about the settlement?**

This notice summarizes the proposed settlement.  More details are in a Settlement Agreement.  You can get a copy of the Settlement Agreement by sending a request, in writing, to Molly Brooks, Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, New York 10016.

**23.  How do I get more information?**

If you have questions about the settlement, you can call 1-877-468-8836, toll free, or write to Gristede's Settlement, 3 Park Avenue, 29th Floor, New York, New York, 10016.

DATED: July 12, 2010

THIS NOTICE HAS BEEN AUTHORIZED BY JUDGE CROTTY OF THE U.S. DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK.

**NOTIFICACIÓN DEL ACUERDO PROPUESTO EN RELACIÓN AL JUICIO COLECTIVO
Y A LA AUDIENCIA DE IMPARCIALIDAD**

**Si usted estuvo empleado como Gerente de Departamento o Co-Gerente en Gristede's, es posible que tenga
derecho a recibir un pago en virtud de un acuerdo del juicio colectivo.**

*La presente notificación fue autorizada por un tribunal federal. No se trata de una solicitud de un abogado.*

- Los Gerentes de Departamento y Co-Gerentes han presentado una demanda contra Gristede's Operating Corporation, Namdor, Inc., Gristede's Food, Inc., City Produce Operating Corp., Gristede's Foods NY, Inc., John Catsimatides, James Monos y Galo Balseca (en conjunto, "Gristede's"), argumentando que Gristede's no les pagó las horas extra que trabajaron en exceso de las 40 horas semanales, ni otras remuneraciones. Los empleados presentaron la demanda como acción judicial grupal en virtud de New York Labor Law (Ley Laboral de Nueva York) y como acción judicial colectiva en virtud de la Fair Labor Standards Act ("FLSA") (Ley de Normas Justas Laborales). Gristede's rechaza los argumentos y niega no haber pagado correctamente a los Gerentes de Departamento y Co-Gerentes.

- A fin de evitar la carga, el gasto, la molestia y la incertidumbre de un juicio prolongado, las partes han decidido resolver y llegar a un acuerdo con respecto a la demanda mediante la celebración de un convenio de acuerdo. Por lo tanto, los empleados que presentaron la demanda y Gristede's han aceptado un acuerdo. Gristede's depositará US$3,530,000 en un fondo que se utilizará para pagar a los Gerentes de Departamento y Co-Gerentes que reúnan las condiciones necesarias.

- De acuerdo a la formula de asignación creada por el acuerdo, usted tiene derecho a recibir no menos de aproximadamente [$_____ ] (menos todas las retenciones que correspondan). Esta suma se basa en el número de semanas que estuvo empleado por Gristede's como Gerente de Departamento o Co-Gerente.

- Sus derechos legales pueden verse afectados. Ahora debe tomar una decisión:

| SUS DERECHOS LEGALES Y OPCIONES EN ESTE ACUERDO: | |
|---|---|
| **ENVÍE EL FORMULARIO Y RECIBA UN PAGO** | Para recibir el pago indicado arriba, complete el Formulario de Certificación para Aceptar ser Parte del Grupo y la Reclamación Correspondientes al Acuerdo y envíelo en un plazo de 150 días a partir de la fecha en que se le envió por correo la notificación. |
| **EXCLÚYASE VOLUNTARIAMENTE DEL ACUERDO** | Si no desea participar en la demanda judicial, no complete el Formulario Verde incluido con la presente Notificación. Siga el procedimiento de exclusión que se explica en el Párrafo 12, más abajo.<br><br>Si se excluye voluntariamente, no tendrá derecho a pago alguno en virtud de este acuerdo. Si se excluye voluntariamente, conservará el derecho de presentar su propia demanda judicial o de participar en cualquier otra demanda judicial contra Gristede's en relación con la remuneración impaga entre el 1 de mayo de 1998 y el 30 de abril de 2009. |
| **PRESENTE OBJECIONES** | Diríjase por escrito al Tribunal explicando por qué no le gusta el acuerdo, según el procedimiento de objeción que se explica en el Párrafo 17, más abajo. |

- En la presente notificación se explican estos derechos y opciones, y las fechas límite para su ejercicio.

- El Tribunal encargado de esta causa aún no ha decidido si aprobará el acuerdo. Se efectuarán los pagos si el Tribunal aprueba el acuerdo y con posterioridad a la resolución de cualquier apelación. Por favor, tenga paciencia.

**INFORMACIÓN BÁSICA**

| **1. ¿Por qué recibí esta notificación?** |
|---|

De acuerdo a los registros de Gristede's, usted estuvo empleado por Gristede's como Gerente de Departamento o Co-Gerente durante más de 30 días entre el 1 de mayo de 1998 y el 30 de abril de 2009.

El Tribunal ordenó que se le enviara la presente notificación porque usted tiene el derecho de estar informado sobre un acuerdo propuesto en tres juicios colectivos, así como de todas las opciones que pueda tener con respecto a las mismas, antes de que el Tribunal decida si aprueba o no el acuerdo. Si el Tribunal aprueba el acuerdo, y una vez que se hayan

resuelto las objeciones y apelaciones, un Administrador nombrado por el Tribunal realizará los pagos estipulados por el acuerdo.

La presente notificación explica los tres juicios, el acuerdo, sus derechos legales y cuáles son los beneficios disponibles. El Juez Paul A. Crotty del United States District Court for the Southern District of New York (Tribunal de Distrito de los Estados Unidos correspondiente al Distrito Sur de Nueva York) está a cargo de estos casos.  Los casos se conocen como *Torres v. Gristede's Operating Corp*., 04 Civ. 3316 (PAC); *Amaro v. Gristede's Operating Corp*., No. 08 Civ. 8531 (PAC); y *Barreto v. Gristede's Operating Corp*., No. 08 Civ. 9627 (PAC).

Las personas que presentaron la demanda se denominan "Demandantes".  Gristede's Operating Corporation, Namdor, Inc., Gristede's Food, Inc., City Produce Operating Corp., Gristede's Foods NY, Inc., John Catsimatides, James Monos, y Galo Balseca se denominan "Demandados".

## 2. ¿De qué trata esta demanda judicial?

Co-Gerentes

Esta demanda judicial trata si Gristede's debería haber pagado a los Co-Gerentes una remuneración por horas extra por el tiempo adicional que trabajaron en exceso de las 40 horas semanales.  Los demandantes además sostienen que Gristede's debería haber calculado la remuneración para horas extras como 1.5 veces la "paga normal".

Gerentes de Departamento

Esta demanda judicial trata si Gristede's pagó a los Gerentes de Departamento todas las horas trabajadas, dentro o fuera del horario habitual.  En la medida que los Gerentes de Departamento trabajaron más de 40 horas semanales, sea que estuvieran o no "autorizados" para cumplir horas extra, los Demandantes sostienen que Gristede's debería haber pagado una remuneración por estas horas extra.

En virtud del acuerdo, los Co-Gerentes y los Gerentes de Departamento están divididos en subgrupos independientes.  A cada subgrupo se le asignará una parte independiente del fondo del acuerdo, tal como se describe en la sección 7, más abajo.

## 3. ¿Por qué la presente demanda se considera un juicio colectivo?

En un juicio colectivo, una o más personas, denominadas Representantes del Grupo, presentan una demanda judicial en nombre de personas que tienen reclamaciones similares.  Cada Gerente de Departamento y Co-Gerente es un Miembro del Grupo, y juntos, conforman un Grupo.  Un único tribunal resuelve las cuestiones bajo disputa para todos los Miembros del Grupo, excepto para aquellos que se excluyan voluntariamente del Grupo.

## 4. ¿Por qué se alcanzó un acuerdo?

Ambas partes creen que habrían prevalecido en el juicio, pero no hubo juicio.  En cambio, ambas partes lograron un acuerdo.  De esta manera, se evita el costo de un juicio, y las personas afectadas obtendrán una compensación.  Los Representantes del Grupo y los abogados piensan que el acuerdo es lo mejor para todos los Miembros del Grupo.

QUIÉNES PARTICIPAN EN EL ACUERDO

## 5. ¿Cómo puedo saber si soy parte del acuerdo?

El Juez Crotty ha decidido que toda aquella persona que se ajusta a la siguiente descripción es un Miembro del Grupo:

**Todas las personas que hayan estado empleados como Gerentes de Departamento por los Demandados durante un mínimo de 30 días entre el 1 de mayo de 1998 y el 30 de abril de 2009, y que no se hayan excluido en forma voluntaria anteriormente.**

**Todas las personas que hayan estado empleados como Co-Gerentes por los Demandados durante un mínimo de 30 días entre el 1 de mayo de 1998 y el 30 de abril de 2009, y que no se hayan excluido en forma voluntaria anteriormente.**

## 6.  Aún no estoy seguro de estar incluido.

Si aún no está seguro de estar incluido, puede solicitar asistencia gratuita.  Puede comunicarse con Molly Brooks de Outten & Golden LLP, una de las abogadas de los Demandantes, al 1-877-468-8836.

---

| **7. ¿Qué establece el acuerdo?** |
| --- |

Gristede's ha aceptado crear un fondo para el acuerdo de $3,530,000, compuesto de la siguiente manera:

| $1,255,000 | Fondo del Acuerdo para Co-Gerentes |
| --- | --- |
| $2,235,000 | Fondo del Acuerdo para Gerentes de Departamento |
| $   40,000 | Pagos por Reclamaciones por Represalias |
| **$3,530,000** | **Total del Fondo del Acuerdo** |

Los Pagos por Servicios a los Demandantes aprobados por la Corte, tal como se describen a continuación en el Párrafo 16, se deducirán del Fondo del Acuerdo para Co-Gerentes y el Fondo del Acuerdo para Gerentes en sumas proporcionales.

| $1,255,000 | Fondo del Acuerdo para Co-Gerentes |
| --- | --- |
| $   120,000 | Parte Correspondiente de Pago por Servicios del Fondo del Acuerdo para Co-Gerentes |
| **$1,135,000** | **Monto a distribuir entre Co-Gerentes** |

| $2,235,000 | Fondo del Acuerdo para Gerentes de Departamento |
| --- | --- |
| $   105,000 | Parte Correspondiente de Pago por Servicios del Fondo del Acuerdo para Gerentes de Departamento |
| **$2,130,000** | **Monto a distribuir entre Gerentes de Departamento** |

Cada Miembro del Grupo que no se excluye voluntariamente del grupo del acuerdo recibirá una parte del fondo del acuerdo que se calculará mediante una fórmula. La fórmula es la siguiente:

<u>Co-Gerentes</u>

Se asignarán puntos a los Co-Gerentes Miembros del Grupo en base al número de períodos de pago que estuvieron empleados durante tres períodos diferentes: 1 de mayo de 1998 al 1 de mayo de 2002 (tres puntos); 2 de mayo de 2002 al 1 de mayo de 2006 (dos puntos), y 2 de mayo de 2006 al 30 de abril de 2009 (un punto). Cada Co-Gerente Miembro del Grupo que presentó su consentimiento para ser parte de *Torres v. Gristede's Operating Corp.*, 04 Civ. 3316 (PAC); *Amaro v. Gristede's Operating Corp.*, No. 08 Civ. 8531 (PAC); o *Barreto v. Gristede's Operating Corp.*, No. 08 Civ. 9627 (PAC) recibirá un número adicional de puntos igual al número que recibió en virtud del sistema de puntos por cada período de pago durante el cual el Miembro del Grupo estuvo empleado por Gristede's entre los tres años anteriores a la fecha en que el Co-Gerente Miembro del Grupo optó por participar del caso y el 30 de abril de 2009.

El Administrador de Reclamaciones sumará todos los puntos correspondientes a todos los Co-Gerentes Miembros del Grupo para obtener el "Denominador Total para Co-Gerentes". El Administrador de Reclamaciones luego dividirá el número de puntos de cada Co-Gerente Miembro del Grupo por el Denominador Total para Co-Gerentes para obtener la "Parte Proporcional del Fondo Neto del Acuerdo para Co-Gerentes" para cada Gerente de Departamento Miembro del Grupo. Finalmente, el Administrador de Reclamaciones multiplicará la Parte Proporcional del Fondo Neto del Acuerdo para Co-Gerentes de cada Co-Gerente Miembro del Grupo por el Fondo Neto del Acuerdo para Co-Gerentes, para determinar el monto del Fondo que recibirá cada Co-Gerente Miembro del Grupo.

Se asignarán puntos a los Gerentes de Departamento Miembros del Grupo en base al número de períodos de pago que estuvieron empleados durante dos períodos diferentes: 1 de mayo de 1998 al 31 de diciembre de 2004 (cuatro puntos) y 1 de enero de 2005 al 30 de abril de 2009 (un punto). Cada Gerente de Departamento Miembro del Grupo que presentó su consentimiento para ser parte de *Torres v. Gristede's Operating Corp.*, 04 Civ. 3316 (PAC); *Amaro v. Gristede's Operating Corp.*, No. 08 Civ. 8531 (PAC); o *Barreto v. Gristede's Operating Corp.*, No. 08 Civ. 9627 (PAC) recibirá un número adicional de puntos igual al número que recibió en virtud del sistema de puntos por cada período de pago durante el cual el Miembro del Grupo estuvo empleado por Gristede's entre los tres años anteriores a la fecha en que el Gerente de Departamento Miembro del Grupo optó por participar del caso y el 30 de abril de 2009.

El Administrador de Reclamaciones sumará todos los puntos correspondientes a todos los Gerentes de Departamento Miembros del Grupo para obtener el "Denominador Total para Gerentes de Departamento". El Administrador de Reclamaciones luego dividirá el número de puntos para cada Gerente de Departamento Miembro del Grupo por el Denominador Total para Gerentes de Departamento para obtener la "Parte Proporcional del Fondo Neto del Acuerdo para Gerentes de Departamento" para cada Gerente de Departamento Miembro del Grupo. Finalmente, el Administrador de Reclamaciones multiplicará la Parte Proporcional del Fondo Neto del Acuerdo para Gerentes de Departamento de

cada Gerente de Departamento Miembro del Grupo por el Fondo Neto del Acuerdo para Gerentes de Departamento, para determinar el monto del Fondo que recibirá cada Gerente de Departamento Miembro del Grupo.

## 8.  ¿Por cuánto será el pago que recibiré?

Basado en la fórmula que ha recibido la aprobación preliminar del Tribunal, tendrá derecho a recibir no menos de [$_____ ] (menos todas las retenciones que correspondan).  La fórmula de asignación tiene en cuenta el número de semanas que trabajó y si optó por participar del juicio o no.  El Convenio del Acuerdo contiene la fórmula de asignación exacta.  Para obtener una copia del Convenio del Acuerdo, siga las instrucciones de la sección 22, más abajo.

### CÓMO DEBE HACER PARA OBTENER EL PAGO

## 9.  ¿Cómo hago para obtener el pago?

Para obtener el pago, complete el Formulario de Certificación para Aceptar ser parte del Grupo y la Reclamación correspondientes al Acuerdo y envíelo puntualmente, es decir en un plazo de 150 días a partir de la fecha en que se le envió por correo.

## 10.  ¿Cuándo recibiré el pago?

El Juez Crotty celebrará una audiencia el martes, el 21 de diciembre de 2010 a las 11:15 a.m., con el fin de decidir si aprobará el acuerdo o no.  Si el Juez Crotty aprueba el acuerdo, es posible que después de ello haya apelaciones.  En general, no se puede saber con seguridad si las apelaciones podrán ser resueltas; además, su resolución requiere tiempo, quizás más de un año.  Por favor, tenga paciencia.

El Administrador de Reclamaciones enviará a los Miembros del Grupo tres pagos de distribución a intervalos regulares durante un período de 27 meses a partir del 30 de junio de 2010. La primera distribución se efectuará no más de 45 días después de la Aprobación Final del Acuerdo.

## 11.  ¿A qué renuncio para obtener un pago?

Para obtener el pago, exime a Gristede's de toda reclamación en virtud de leyes estatales y federales de salario y carga horaria.  Esto significa que no podrá demandar, continuar con la demanda ni ser parte de cualquier otra demanda a Gristede's en relación con reclamaciones salariales en virtud de leyes estatales y federales que se trataron o podrían haberse tratado en este juicio.  También significa que todas las órdenes del Tribunal le serán aplicables y lo obligarán legalmente.

### CÓMO SOLICITAR SU EXCLUSIÓN DEL ACUERDO

Si no desea recibir un pago de este acuerdo, pero desea mantener el derecho a demandar o continuar con la demanda a Gristede's por su cuenta con respecto a los asuntos legales de este caso, entonces debe excluirse del Grupo del Acuerdo.

## 12.  ¿Cómo hago para salir del acuerdo?

Para excluirse del acuerdo, debe completar el formulario "Opción de Excluirse del Acuerdo y del Juicio Colectivo", firmarlo y enviarlo por correo al Administrador de Reclamaciones.

El timbre postal debe estar fechado a más tardar el 26 de noviembre de 2010, y el formulario debe enviarse a:

Torres v. Gristede's Operating Corp. Settlement
c/o The Garden City Group, Inc.
P.O. Box 9349
Dublin, OH 43017-4249

Si solicita ser excluido, no obtendrá ningún pago del acuerdo y no puede objetar al mismo.  Tampoco estará obligado legalmente por nada de lo que suceda en esta demanda.  También es posible que en el futuro pueda demandar (o continuar una demanda), o no iniciar demanda judicial alguna a Gristede's.

## 13.  Si no me excluyo voluntariamente, ¿puedo demandar a Gristede's por el mismo motivo más adelante?

En general, no. Si no se excluye, está renunciando a todo derecho de demandar a Gristede's por las mismas reclamaciones que se tratan en este caso (la única posible excepción es que si no optó anteriormente por incluirse en la parte FLSA de este juicio, y no cobra el cheque que se le enviará, *posiblemente* aún pueda demandar a Gristede's en

## 14. Si me excluyo, ¿puedo obtener dinero de este acuerdo?

No. Si se excluye, no recibirá dinero de este juicio. Pero puede demandar, continuar con una demanda o ser parte de una demanda judicial distinta contra Gristede's en relación con las mismas reclamaciones.

### LOS ABOGADOS QUE LE REPRESENTAN

## 15. ¿Tengo un abogado en esta causa?

El estudio jurídico de Outten & Golden LLP le representa a usted y a los otros Miembros del Grupo. Estos abogados se denominan Asesores Legales del Grupo. No se le cobrarán a usted los servicios de estos abogados. No necesita mantener su propio abogado para participar como Miembro del Grupo. Puede comparecer a través de su propio asesor legal, si así lo desea, costeándose usted mismo los gastos.

## 16. ¿Cómo se pagará a los abogados?

Los Asesores Legales del Grupo negociarán el pago directamente con Gristede's. El fondo del acuerdo no se usará para pagar comisiones a los abogados.

### PAGOS ADICIONALES A DETERMINADOS DEMANDANTES

Los Asesores Legales del Grupo solicitarán además que el Tribunal apruebe pagos de $15,000 del fondo del acuerdo a algunos de los Representantes del Grupo en reconocimiento de los riesgos que asumieron y el servicio que prestaron al grupo.

Dos demandantes recibirán pagos adicionales de $20,000 cada uno del fondo del acuerdo para liquidar sus reclamaciones individuales por represalias.

### CÓMO OBJETAR EL ACUERDO

Usted puede decirle al Tribunal que no está conforme con el acuerdo o con parte del mismo.

## 17. ¿Cómo hago para decirle al Tribunal que no me gusta el acuerdo?

Si es Miembro del Grupo, puede objetar el acuerdo si no está conforme con alguna parte de él. Puede proporcionar los motivos por los que cree que el Tribunal no debería aprobarlo. El Tribunal tendrá en cuenta su punto de vista. Para objetar, debe enviar una carta al administrador del acuerdo indicando que objeta *Torres v. Gristede's Operating Corp.*, 04 Civ. 3316 (PAC); *Amaro v. Gristede's Operating Corp*., No. 08 Civ. 8531 (PAC); y *Barreto v. Gristede's Operating Corp*., No. 08 Civ. 9627 (PAC). Asegúrese de incluir su nombre y apellido, dirección, número de teléfono, firma y los motivos por los cuales objeta el acuerdo. El Tribunal solo considerará las razones que indique en su carta. Si desea hablar durante la audiencia en que el Tribunal considerará si aprueba o no el acuerdo, deberá seguir las instrucciones de este párrafo y de la sección 21, más abajo. Deberá enviar por correo copias de su carta de objeción a las siguientes direcciones, con timbre postal fechado a más tardar el 26 de noviembre de 2010.

Torres v. Gristede's Operating Corp. Settlement
c/o The Garden City Group, Inc.
P.O. Box 9349
Dublin, OH 43017-4249

## 18. ¿Cuál es la diferencia entre presentar una objeción y solicitar una exclusión?

Presentar una objeción significa simplemente decirle al Tribunal que a usted no le gusta algo del acuerdo. Únicamente puede objetar si permanece en el Grupo. Excluirse voluntariamente equivale a decirle al Tribunal que no desea ser parte del Grupo. Si se excluye voluntariamente, no podrá presentar una objeción porque el litigio ya que no le afecta.

### AUDIENCIA DE IMPARCIALIDAD DEL TRIBUNAL

El Tribunal ha otorgado una aprobación preliminar al acuerdo propuesto, y ha concluido en forma preliminar que el acuerdo es justo, adecuado y razonable, y que la distribución propuesta del monto del acuerdo es justa, adecuada y

razonable.  El Tribunal celebrará una audiencia con el fin de decidir si otorga la aprobación final al acuerdo propuesto.  Puede asistir y solicitar la palabra, pero no tiene la obligación de hacerlo.

---

### 19.  ¿Cuándo y dónde decidirá el Tribunal si aprueba el acuerdo?

El Tribunal celebrará una Audiencia de Imparcialidad a las 11:15 a.m. horas, el martes, el 21 de diciembre de 2010, en el United States District Court for the Southern District of New York (Tribunal de Distrito de los Estados Unidos correspondiente al Distrito Sur de Nueva York), 500 Pearl Street, New York, New York, en la Sala número 20C.

En esta audiencia, el Tribunal escuchará las objeciones, si las hubiera, y analizará si el acuerdo es justo, razonable y adecuado.  Si hay objeciones, el Tribunal las considerará.  El Juez Crotty escuchará a aquellas personas que han solicitado la palabra en la audiencia.  El Tribunal también puede decidir cuánto se pagará al Asesor Legal del Grupo.  Después de la audiencia, el Tribunal decidirá si aprueba el acuerdo.  No sabemos cuánto tiempo llevará su resolución.

---

### 20.  ¿Debo concurrir a la audiencia?

No. El Asesor Legal del Grupo contestará todas las preguntas que formule el Juez Crotty.  Pero si desea asistir costeándose usted mismo los gastos, puede hacerlo.  Si envía una objeción, no es necesario que comparezca ante el Tribunal para plantearla.  Siempre y cuando envíe por correo su objeción, por escrito y a tiempo, el Tribunal la tendrá en cuenta.  También puede pagarle a su propio abogado para que asista, pero no es necesario.

---

### 21.  ¿Puedo hablar en la audiencia?

Podrá solicitar al Tribunal permiso para hablar en la Audiencia de Imparcialidad.  Para hacerlo, debe indicar en su carta de objeción al acuerdo (descrita en la sección 17, más arriba) que desea comparecer en la audiencia.

Si se ha excluido voluntariamente del acuerdo, no podrá hablar en esta audiencia.

#### CÓMO OBTENER INFORMACIÓN ADICIONAL

---

### 22.  ¿Existen otros detalles relativos al acuerdo?

Esta notificación resume el acuerdo propuesto.  El Convenio del Acuerdo es más detallado.  Para obtener una copia del Convenio del Acuerdo, envíe una solicitud por escrito a Molly Brooks, Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, New York 10016.

---

### 23.  ¿Cómo hago para obtener más información?

Si tiene preguntas acerca del acuerdo, puede llamar a la línea gratuita 1-877-468-8836, o escribir a Gristede's Settlement, 3 Park Avenue, 29th Floor, New York, New York, 10016.

CON FECHA: el 12 de julio de 2010

ESTA NOTIFICACIÓN HA SIDO AUTORIZADA POR EL JUEZ CROTTY DEL U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK (TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS CORRESPONDIENTE AL DISTRITO SUR DE NUEVA YORK).

<table>
<tr><td>

**Must be Postmarked
No Later Than
November 26, 2010**

</td><td>

**Torres v. Gristede's Operating Corp. Settlement
c/o The Garden City Group, Inc.
PO Box 9349
Dublin, OH 43017-4249
1(800) 231-1815**



GRS

</td></tr>
</table>

## CONSENT TO JOIN THE SETTLEMENT CLASS & SETTLEMENT CLAIM CERTIFICATION FORM

PART I.

Claim Number: [          ]

[Name]
[Address]
[City, State, Zip]

| **PLEASE PROVIDE THE FOLLOWING INFORMATION:** |
|---|
| Full name: |
|  |
| Complete address: |
|  |
|  |
| City: |
| State/Country: |
| Zip Code: |

| **Daytime Telephone Number:   (          )** |
|---|

| **Evening Telephone Number:   (          )** |
|---|

| **Social Security Number:** |
|---|

<u>Instructions</u>: Please complete this Consent to Join the Settlement Class & Settlement Claim Certification Form if you want to participate in the Settlement that is described in the Notice Of Proposed Class Action and Settlement and Fairness Hearing ("Class Notice") that accompanies this Form. The deadline for mailing this Form to the Claims Administrator is November 26, 2010.

II.     <u>YOUR WORK HISTORY AT GRISTEDE'S:</u>

The amount of your Settlement Payment is based on the number of weeks you were employed as a co-manager and/or department manager during the applicable time period, May 1, 1998 to April 30, 2009 ("Covered Period"), at a Gristede's Supermarket.  According to records maintained by Gristede's, the number of Compensable Weeks (weeks during which you were actively employed, for those who worked at least 30 days) in which you were employed in this position during the Class Period were as follows:

_____     weeks as a co-manager and/or department manager

III.     <u>IF YOU DISPUTE GRISTEDE'S PAYROLL RECORDS:</u>

Please complete this Section only if you disagree with the number of weeks listed in Section II above. If you believe this information is incorrect, please:

1.     Write the number of Compensable Weeks you were employed by Gristede's as a co-manager and/or department manager during the Covered Period (as defined above):

_____     weeks as a co-manager and/or department manager

2.     Please attach to this Consent to Join Settlement Class & Settlement Claim Certification Form any documents that support the number of weeks you are claiming (for example, pay stubs or payroll records).  <u>Please be advised that Gristede's payroll records are presumed to be correct unless the documents you provide prove otherwise.</u>

IV.    CERTIFICATION OF OVERTIME HOURS WORKED.

I certify that I worked more than forty (40) hours in a workweek while employed by Gristede's as a co-manager and/or department manager.

_____
(Signature)

V.    RELEASE OF CLAIMS.

1.    I release and discharge Defendants and each of its affiliates (including without limitation parents and subsidiaries), predecessors, successors, divisions, joint ventures and assigns; and each of its affiliates (including without limitation parents and subsidiaries), predecessors, successors, divisions, joint ventures and assigns; and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, personal or legal representatives ("Defendants/Releasees"), from any and all applicable state law wage-and-hour claims, obligations, demands, actions, rights, causes of action, and liabilities against Defendants/Releasees, of whatever kind and nature, character and description, whether in law or equity, whether sounding in tort, contract, statute or other applicable law, whether known or unknown, and whether anticipated or unanticipated, including claims that I do not know or suspect to exist in my favor at the time of the entry of the Court's Judgment in the Litigation, that accrued prior to May 20, 2009, for any type of relief, including without limitation claims for wages, damages, punitive damages, interest, restitution or equitable relief, based on the following categories of allegations: (a) all claims raised in the Litigation or could have been raised under the facts alleged therein and/or under applicable state and local laws and regulations; (b) all claims under applicable state and local laws and regulations for the failure to pay any type of overtime pay, premium pay or other compensation or wages to me that were raised in the Litigation or could have been raised; (c) all claims under applicable state and local laws and regulations for the failure to provide or pay for meal, break, and/or rest periods to me that were raised in the Litigation or could have been raised; (d) all claims under applicable state and local laws and regulations stemming from or based on the alleged misclassification of me as an exempt employee; (e) all claims under applicable state and local laws and regulations stemming from or based on an alleged failure to compensate me for off the clock work, that were raised in the Litigation or could have been raised; (f) all claims under applicable state and local laws and regulations stemming from or based on wage-related fraud, that were raised in the Litigation or could have been raised in (a) through (f) above under any applicable law or regulation (collectively the "Released State Law Claims"). The Released State Law Claims are the claims meeting the above definition under any and all applicable statutes, regulations or common law, including without limitation all those state specific wage and hour laws. Notwithstanding the foregoing, this release does not release: (a) any claims against John Catsimatidis until Final Payment has been made; or (b) any claims for attorneys' fees and costs.

2.    I additionally hereby release and discharge the Defendants/Releasees from any and all claims, obligations, demands, actions, rights, causes of action, and liabilities against the Defendants/Releasees, of whatever kind and nature, character and description, whether known or unknown, and whether anticipated or unanticipated, including claims that I do not know or suspect to exist in my favor at the time of the entry of the Court's Judgment in the Litigation, that was raised or could have been raised under the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §201, *et seq.* that accrued prior to May 20, 2009, for any type of relief, including without limitations claims for wages, damages, penalties, (including late payment penalties), premium pay, liquidated damages, punitive damages, interest, restitution, or equitable relief (collectively the "Released Federal Law Claims").

VI.    MAILING INSTRUCTIONS.

Please mail this completed Consent to Join the Settlement Class & Settlement Claim Certification Form to the Claims Administrator at the address listed below. Your completed Consent to Join the Settlement Class & Settlement Claim Certification Form must be postmarked on or before November 26, 2010 or else you will forfeit your benefits under this Settlement. Even if you file an objection to the Settlement, you must submit this Form by the deadline in order to receive any benefits under the Settlement. The address of the Claims Administrator is:

**Torres v. Gristede's Operating Corp. Settlement**
**c/o The Garden City Group, Inc.**
**PO Box 9349**
**Dublin, OH 43017-4249**
**1(800) 231-1815**

VII.    NON-RETALIATION.

I understand that Gristede's may not retaliate against me in any manner as a result of my submitting this Consent to Join Settlement Class & Settlement Claim Certification Form.



VIII.   <u>CONSENT TO JOIN SETTLEMENT CLASS</u>

I, _____, hereby consent in writing to become a party plaintiff in the above-captioned action pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq., and authorize Class Counsel  to act on my behalf in all matters relating to this action, including the settlement of my claims.

IX.   <u>PLEASE SIGN BELOW.</u>

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated: _____

_____
(Signature)

_____
(Print Name)

If you have any questions about completing this Settlement Claim Certification Form,
please call the Claims Administrator at 1(800) 231-1815.

**THIS PAGE INTENTIONALLY LEFT BLANK.**

<table>
<tr><td>

**Debe estar sellado por la
Oficina Postal
a más tardar el
26 de Noviembre de
2010**

</td><td>

**Torres v. Gristede's Operating Corp. Settlement
c/o The Garden City Group, Inc.
PO Box 9349
Dublin, OH 43017-4249
1(800) 231-1815**

</td><td>

**GRS**



</td></tr>
</table>

# FORMULARIO DE CERTIFICACIÓN PARA ACEPTAR SER PARTE DEL GRUPO Y LA RECLAMACIÓN CORRESPONDIENTES AL ACUERDO

PARTE I.

Claim Number: [        ]

[Name]
[Address]
[City, State, Zip]

| **LE ROGAMOS QUE PROPORCIONE LA SIGUIENTE INFORMACIÓN**: |
| --- |
| **Nombre:** |
| |
| **Dirección:** |
| |
| |
| **Ciudad:** |
| **Estado/País:** |
| **Código postal:** |

| **Número telefónico diurno:** (        ) |
| --- |
| **Número telefónico nocturno:** (        ) |
| **Número de Seguro Social:** |

<u>Instrucciones</u>: Por favor, complete este Formulario de Certificación para Aceptar ser parte del Grupo y la Reclamación correspondientes al Acuerdo si desea participar de este Arreglo que se describe en la Notificación del Arreglo Propuesto con relación a la Demanda Conjunta y a la Audiencia de Imparcialidad ("Notificación Conjunta") que se adjunta a este Formulario. La última fecha para enviar por correo este Formulario al Administrador de Reclamaciones es el 26 de noviembre de 2010.

II.    <u>SU HISTORIAL LABORAL EN GRISTEDE'S</u>:

El monto que le corresponde del Pago del acuerdo depende del número de semanas que estuvo empleado como co-gerente o gerente de departamento durante el lapso correspondiente, del 1º de mayo de 1998 hasta el 30 de abril de 2009 (el "Período cubierto"), en el supermercado Gristede's.  Según los registros de Gristede's, el número de semanas con derecho a pago (las semanas en que usted estuvo efectivamente empleado, para quienes laboraron por un mínimo de 30 días) en las que usted estuvo empleado en esa posición (durante el Período del grupo) fueron las siguientes:

_____    semanas como co-gerente o gerente de departamento

III.    <u>SI USTED DISPUTA LOS REGISTROS DE NÓMINA DE GRISTEDE'S</u>:

Le rogamos que complete esta Sección sólo si está en desacuerdo con el número de semanas indicado en la Sección II anterior. Si cree que esa información es incorrecta, le rogamos que:

1.    Indique el número de Semanas con derecho a pago en que estuvo empleado por Gristede's como co-gerente o gerente de departamento durante el Período cubierto (según se definió más arriba):

_____    semanas como co-gerente o gerente de departamento

2.    Le rogamos que adjunte a este Formulario de certificación para aceptar ser parte del grupo y la reclamación correspondientes al acuerdo todos los documentos que sustenten el número de semanas que usted reclama (por ejemplo, talones de pago o registros de nómina).  <u>Le rogamos que tenga en cuenta que los registros de nómina de Gristede's se consideran correctos excepto si los documentos que usted proporcione demuestren lo contrario.</u>



IV.   <u>CERTIFICACIÓN DE HORAS EXTRA LABORADAS</u>:

Certifico que laboré más de cuarenta (40) horas en una semana laboral mientras me encontraba empleado por Gristede's como co-gerente o gerente de departamento.

_____
(Firma)

V.   <u>DESCARGO DE RECLAMACIONES</u>

1.   Descargo y libero a los Demandados y a todas sus filiales (inclusive, sin limitarse a ellas, empresas matrices y subsidiarias), predecesores, sucesores, divisiones, empresas conjuntas y designaciones; además de sus filiales (inclusive, sin limitarse a ellas, empresas matrices o subsidiarias), predecesores, sucesores, divisiones, empresas conjuntas y designaciones; y, asimismo, a los directores, funcionarios, empleados, socios, miembros, directivos, agentes, aseguradores, co-aseguradores, reaseguradores, accionistas, abogados, representantes legales o personales ("Demandados/Entidades liberadas"), tanto actuales como anteriores de cada una de las entidades enumeradas más arriba, de todas y cada una de las reclamaciones de horas y salarios que correspondan a las leyes estatales, obligaciones, demandas, juicios, derechos, causas de juicio y responsabilidades en contra de los Demandados/Entidades liberadas, independientemente de su clase, naturaleza, carácter y descripción, trátese de legalidad o equidad, independientemente de que se trate de responsabilidades extracontractuales, contractuales, estatutarias o de otras leyes aplicables, sean o no conocidas e independientemente de que estén o no previstas, inclusive reclamaciones a mi favor cuya existencia no sospechaba ni conocía al momento del fallo del Juicio del tribunal en el Litigio, que se hayan acumulado antes del 20 de mayo de 2009, por todo tipo de indemnización, inclusive, sin limitarse a ello, reclamaciones por salarios, perjuicios, daños, daños punitivos, intereses, restitución o indemnización equitativa, sobre la base de las siguientes categorías de acusaciones: (a) todas las reclamaciones interpuestas o que pudiesen haber sido interpuestas en el Litigio en virtud de los hechos que se alegan en el mismo o en virtud de las leyes y normativas locales y estatales correspondientes; (b) todas las reclamaciones en virtud de las leyes y normativas locales y estatales correspondientes surgidas en virtud de no habérseme pagado ningún tipo de pago por tiempo extra, sobrepago u otras compensaciones o salarios, que fueron o pudieron haber sido interpuestas en el Litigio; (c) todas las reclamaciones en virtud de las leyes y normativas locales y estatales correspondientes por no habérseme proporcionado o pagado los períodos correspondientes a comidas, pausas y/o descansos, que fueron o pudieron haber sido interpuestas en el Litigio; (d) todas las reclamaciones en virtud de las leyes y normativas locales y estatales correspondientes que provengan del hecho de que supuestamente se me clasificó erróneamente como un empleado exento; (e) todas las reclamaciones en virtud de las leyes y normativas locales y estatales correspondientes que provengan del hecho de que supuestamente no se me haya pagado el trabajo realizado fuera del registro de horas trabajadas, que fueron o pudieron haber sido interpuestas en el Litigio; (f) todas las reclamaciones en virtud de las leyes y normativas locales y estatales correspondientes que surjan o provengan de fraudes relacionados con salarios, que fueron o pudieron haber sido interpuestas en el Litigio o en los incisos (a) hasta; (f) anteriores, en virtud de cualquier ley o normativa que resulte aplicable (en su conjunto, el "Descargo de reclamaciones según la ley estatal"). El Descargo de reclamaciones según la ley estatal se refiere a las reclamaciones que satisfacen la definición anterior en virtud de todas las normas y estatutos correspondientes del derecho consuetudinario, incluso, sin limitarse a ello, todas las leyes estatales específicamente referidas a salarios y horas laboradas. No obstante lo anterior, este descargo no libera: (a) ninguna de las reclamaciones en contra de John Catsimatidis hasta que se haya efectuado el Pago final; o (b) ninguna de las reclamaciones correspondientes a honorarios y costes de abogados.

2.   Asimismo, por la presente libero y descargo a los Demandados/Entidades liberadas de todas y cada una de las reclamaciones, obligaciones, demandas, juicios, derechos, causas de juicio y responsabilidades en contra de los Demandados/Entidades liberadas, independientemente de su clase y naturaleza, carácter y descripción, sean o no conocidos y sean o no previstos, inclusive reclamaciones a mi favor cuya existencia no sospechaba ni conocía al momento de la emisión del Juicio del tribunal en el Litigio, que hayan sido o pudiesen haber sido interpuestas en virtud de la "Fair Labor Standards Act" ("FLSA", Ley de estándares laborales justos) de 1938, según la enmienda 29 U.S.C. §201, *et seq.* que se hayan acumulado hasta el 20 de mayo de 2009 por todo tipo de indemnización, inclusive, sin limitarse a ello, reclamaciones por salarios, daños y perjuicios, multas (incluso multas por pago retrasado), sobrepagos, daños y perjuicios liquidados, daños punitivos, intereses, restitución o indemnización equitativa (en su conjunto, el "Descargo de reclamaciones según la ley federal").



VI.     INSTRUCCIONES PARA ENVIAR POR CORREO

Le rogamos que, una vez que esté completado, envíe este Formulario de certificación para aceptar ser parte del grupo y la reclamación correspondientes al acuerdo al Administrador de reclamaciones a la dirección que se indica más abajo. Su Formulario de certificación para aceptar ser parte del grupo y la reclamación correspondientes al acuerdo completado debe enviarse de modo que el sello postal esté fechado a más tardar el 26 de Noviembre de 2010, de otra manera perderá el derecho a los beneficios que le corresponden en virtud de este Acuerdo. Aun si interpone una objeción al Acuerdo, debe presentar este Formulario a más tardar en la fecha límite a fin de recibir beneficios en virtud del Acuerdo. La dirección del Administrador de reclamaciones es:

**Torres v. Gristede's Operating Corp. Settlement**
**c/o The Garden City Group, Inc.**
**PO Box 9349**
**Dublin, OH 43017-4249**
**1(800) 231-1815**

VII.    REPRESALIAS

Entiendo que Gristede's no puede ejercer ningún tipo de represalia en mi contra como consecuencia de que haya presentado este Formulario de certificación para aceptar ser parte del grupo y la reclamación correspondientes al acuerdo.

VIII.   ACEPTACIÓN DE SER PARTE DEL GRUPO DEL ACUERDO

Yo, _____, acepto, por escrito y mediante la presente, ser parte del grupo demandante en el juicio indicado más arriba según la Sección 16(b) de la "Fair Labor Standards Act" ("FLSA", Ley de estándares laborales justos) de 1938, según enmienda 29 U.S.C. §201, et seq., y autorizo al Asesor legal del grupo para que actúe en mi nombre en todas las cuestiones pertinentes a este juicio, inclusive alcanzar un acuerdo respecto a mis reclamaciones.

IX.     SÍRVASE FIRMAR A CONTINUACIÓN

Declaro bajo pena de condena por falso testimonio, conforme a las leyes de los Estados Unidos de América, que la información precedente es verdadera y correcta.

Fecha: _____                        _____
                                              (Firma)

                                              _____
                                              (Nombre en letra de imprenta)

Si tiene alguna pregunta sobre cómo completar este Formulario de certificación para aceptar ser parte del grupo y la reclamación correspondientes al acuerdo le rogamos que llame al Administrador de reclamaciones al número 1(800) 231-1815.

**ESTA PÁGINA ESTA DEJADO EN BLANCO INTENCIONALMENTE.**

FORM A

# CHANGE OF NAME AND/OR ADDRESS INFORMATION

<u>Instructions:</u> Please complete this Form <u>only</u> if you wish to change your name and/or mailing address information.

<u>Former name and mailing address:</u>

Name (first, middle and last):_____

Home Street Address: _____

City, State, Zip Code:  _____

Home Telephone Number: (____) _____

Social Security Number: _____

<u>New name and/or mailing address:</u>

Name (first, middle and last):_____

Home Street Address: _____

City, State, Zip Code:  _____

Home Telephone Number: (____) _____

For purposes of verification only, I began working at Gristede's in:

_____
(Month)                          (Year)

    I understand that all future correspondence in this action, including but not necessarily limited to important notices or payments to which I am entitled (if any), will be sent to the new address listed above and not to the address previously used. I hereby request and consent to the use of the address listed above for these purposes.

Dated: _____                   _____
                                           (Signature)

                                                 _____
                                         (Print Name)

PLEASE RETURN THIS FORM VIA UNITED STATES MAIL TO:

**Torres v. Gristede's Operating Corp. Settlement**
**c/o The Garden City Group, Inc.**
**PO Box 9349**
**Dublin, OH 43017-4249**
**1 (800) 231-1815**

**THIS FORM MUST BE RECEIVED BY <u>NOVEMBER 26, 2010</u> TO CHANGE YOUR ADDRESS**

**FORMULARIO A**

# INFORMACIÓN PARA CAMBIO DE NOMBRE O DIRECCIÓN

Instrucciones: Le rogamos que complete este formulario sólo si desea modificar la información de su nombre o su domicilio.

Nombre y dirección postal anteriores:

Nombre [nombre(s) y apellido]:_____

Calle y número: _____

Ciudad, Estado, Código Postal:_____

Número de teléfono del domicilio: (_____) _____

Número de Seguro Social: _____

Nombre y dirección postal nuevos:

Nombre [nombre(s) y apellido]:_____

Calle y número: _____

Ciudad, Estado, Código Postal: _____

Número de teléfono de domicilio: (_____) _____

Para fines de verificación solamente: comencé a trabajar en Gristede's el:

_____
(Mes)                    (Año)

Comprendo que, en el futuro, toda la correspondencia con respecto a este juicio, lo que incluye (sin limitarse a ello) avisos importantes o pagos a los que tengo derecho (si los hubiera), será enviada a la nueva dirección indicada más arriba y no a la dirección utilizada anteriormente. Mediante la presente solicito y doy mi aprobación para que, con estos fines, se utilice la dirección indicada más arriba.

Fecha: _____          _____
                                   (Firma)

                                   _____
                                   (Nombre en letra de imprenta)

LE ROGAMOS QUE ENVÍE ESTE FORMULARIO, MEDIANTE EL SERVICIO POSTAL DE LOS ESTADOS UNIDOS, A:

**Torres v. Gristede's Operating Corp. Settlement**
**c/o The Garden City Group, Inc.**
**PO Box 9349**
**Dublin, OH 43017-4249**
**1 (800) 231-1815**

A FIN DE QUE SE MODIFIQUE SU DIRECCIÓN, ESTE FORMULARIO DEBE RECIBIRSE A MÁS TARDAR CON FECHA **EL 26 DE NOVIEMBRE DE 2010.**

**Must be Postmarked
No Later Than
November 26, 2010**

**FORM B**

# ELECTION TO OPT OUT OF SETTLEMENT AND CLASS ACTION

<u>Instructions:</u>    Please complete this Form only if you do **not** want to participate in the Settlement of class action lawsuits currently pending in the United States District Court for the Southern District of New York entitled *Torres v. Gristede's Operating Corp.*, 04 Civ. 3316 (PAC); *Amaro v. Gristede's Operating Corp.*, 08 Civ. 8531 (PAC); and *Barretto v. Gristede's Operating Corp.*, 08 Civ. 9627 (PAC).  If you choose to complete this Form, the deadline for mailing it to the Claims Administrator is November 26, 2010.

I.    <u>PERSONAL INFORMATION</u>

Name (first, middle and last):_____

Home Street Address:  _____

City, State, Zip Code:  _____

Home Telephone Number: (_____) _____

Social Security Number: _____

II.    <u>REQUEST FOR EXCLUSION</u>

By signing and returning this Form, I certify that I wish to be excluded from the above named Settlement.  **I understand this means that I will not receive any money or other benefits under the Settlement.**

III.    <u>MAILING INSTRUCTIONS</u>

If you choose to return this Form, you must return it to the Claims Administrator postmarked on or before November 26, 2010 at the address listed below:

Torres v. Gristede's Operating Corp. Settlement
c/o The Garden City Group, Inc.
PO Box 9349
Dublin, OH 43017-4249
1 (800) 231-1815

IV.    <u>PLEASE SIGN BELOW.</u>

I certify that the foregoing statements made by me are true and correct.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: _____        _____
                                                                   (Signature)


                                                            _____
                                                                   (Print Name)

<table>
<tr><td>Debe estar sellado por la<br>Oficina Postal<br>a más tardar el<br>26 de Noviembre de<br>2010</td></tr>
</table>

**FORMULARIO B**

# OPCIÓN DE EXCLUIRSE DEL ACUERDO Y DEL JUICIO COLECTIVO

<u>Instrucciones:</u>   Le rogamos que complete este Formulario solamente si <u>**no**</u> desea ser parte del Acuerdo alcanzado en los juicios de la demanda colectiva que se encuentran actualmente pendientes en el "United States District Court for the Southern District of New York" (Tribunal de Distrito de los Estados Unidos correspondiente al Distrito sur de Nueva York) cuyo título es "*Torres v. Gristede's Operating Corp.*, 04 Civ. 3316 (PAC); *Amaro v. Gristede's Operating Corp.*, 08 Civ. 8531 (PAC); and *Barretto v. Gristede's Operating Corp.*, 08 Civ. 9627 (PAC)" [*Torres versus Gristede's Operating Corp.*, 04 Civ. 3316 (PAC); *Amaro versus Gristede's Operating Corp.*, 08 Civ. 8531 (PAC); y *Barretto versus Gristede's Operating Corp.*, 08 Civ. 9627 (PAC)].   Si opta por completar este Formulario, la fecha límite para enviarlo por correo al Administrador de reclamaciones es el 26 de Noviembre de 2010.

I.   <u>INFORMACIÓN PERSONAL</u>

Nombre [nombre(s) y apellido]:_____

Calle y número: _____

Ciudad, Estado, Código Postal: _____

Número de teléfono del domicilio: (_____) _____

Número de Seguro Social: _____

II.   <u>SOLICITUD PARA SER EXCLUIDO</u>

Por el hecho de firmar y enviar de regreso este Formulario, certifico que deseo ser excluido del Acuerdo que se menciona más arriba.  **Comprendo que esto significa que no recibiré ningún monto monetario ni ningún otro beneficio en virtud del Acuerdo.**

III.   <u>INSTRUCCIONES PARA ENVIAR POR CORREO</u>

Si opta por regresar este Formulario, debe enviarlo al Administrador de reclamaciones, a la dirección indicada a continuación, con su sello postal fechado a más tardar el 26 de Noviembre de 2010:

Torres v. Gristede's Operating Corp. Settlement<br>
c/o The Garden City Group, Inc.<br>
PO Box 9349<br>
Dublin, OH 43017-4249<br>
1 (800) 231-1815

IV.   <u>POR FAVOR FIRME A CONTINUACIÓN</u>

Certifico que mis declaraciones precedentes son correctas y verdaderas. Estoy consciente de que si alguna de mis declaraciones precedentes fuera intencionadamente falsas, seré sancionado.

Fecha: _____              _____
                                                                (Firma)


                                                            _____
                                                            (Nombre en letra de imprenta)

# EXHIBIT B

**Torres v. Gristede's Operating
Corp. Settlement**
c/o The Garden City Group, Inc.
PO Box 9349
Dublin, OH 43017-4249

First Name, Last Name
Address
Address
City, State Zip Code

**THE DEADLINE TO RESPOND IS NOVEMBER 26, 2010.**

This postcard is to inform you that the Claims Administrator has previously sent to you a Notice in connection with the Torres v. Gristede's Operating Corp. Settlement and has not received a response from you.

To receive payment, you must fill out and mail back the Consent to Join Settlement Class & Settlement Claim Certification Form by **November 26, 2010**. Should you need copies of the documents related to the Settlement re-sent to you, please feel free to call The Garden City Group, Inc. at 1-800-231-1815.

If you wish to participate in this settlement, please fill out and mail back the Consent to Join Settlement Class & Settlement Claim Certification Form to:

| **Torres v. Gristede's Operating Corp. Settlement** c/o The Garden City Group, Inc. PO Box 9349 Dublin, OH 43017-4249 | **Outten & Golden LLP** 3 Park Avenue 29th Floor New York, NY 10016 1-877-468-8836 Attn: Molly Brooks |
| --- | --- |

# EXHIBIT C



**Must be Postmarked
No Later Than
November 26, 2010**

**FORM B**

RECEIVED

JUL 2 3 2010

THE GARDEN CITY GROUP, INC

# ELECTION TO OPT OUT OF SETTLEMENT AND CLASS ACTION

<u>Instructions</u>   Please complete this Form only if you do **not** want to participate in the Settlement of class action lawsuits currently pending in the United States District Court for the Southern District of New York entitled *Torres v Gristede's Operating Corp*, 04 Civ 3316 (PAC), *Amaro v Gristede's Operating Corp*, 08 Civ 8531 (PAC), and *Barretto v Gristede's Operating Corp*, 08 Civ 9627 (PAC)  If you choose to complete this Form, the deadline for mailing it to the Claims Administrator is November 26, 2010

**I**    <u>PERSONAL INFORMATION</u>

Name (first, middle and last) _DAVID Robert GORTON_

Home Street Address _____

City, State, Zip Code _____

Home Telephone Number _____

Social Security Number _____

**II**    <u>REQUEST FOR EXCLUSION</u>

By signing and returning this Form  I certify that I wish to be excluded from the above named Settlement  **I understand this means that I will not receive any money or other benefits under the Settlement**

**III**    <u>MAILING INSTRUCTIONS</u>

If you choose to return this Form, you must return it to the Claims Administrator postmarked on or before November 26, 2010 at the address listed below

Torres v  Gristede's Operating Corp  Settlement
c/o The Garden City Group, Inc
PO Box 9349
Dublin, OH 43017-4249
1 (800) 231-1815

**IV**    <u>PLEASE SIGN BELOW</u>

I certify that the foregoing statements made by me are true and correct  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment

Dated _7-18-16_

_____
(Signature)

_DAVID GORTON_
(Print Name)