UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————x

| | |
|---|---|
| CARLOS TORRES, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GRISTEDE'S OPERATING CORP., et al.,<br><br>Defendants. | Case No. 04-CV-3316 (PAC) |
| OSCAR AMARO, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GRISTEDE'S OPERATING CORP., et al.,<br><br>Defendants. | Case No. 08-CV-8531 (PAC) |
| DAVID BARRETO, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GRISTEDE'S OPERATING CORP., et al.,<br><br>Defendants. | Case No. 08-CV-9627 (PAC) |

Barry A. Weprin declares under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am a practicing attorney in New York, New York. This declaration is submitted in support of Plaintiffs' application for attorneys' fees and costs.

2. I am a senior partner of the firm Milberg LLP. Since joining Milberg, I have served as lead or co-lead counsel in many complex securities class action litigations as well as a number of consumer and employment class actions. I am a frequent lecturer on complex litigation issues. I am the President-Elect of the National Association of Shareholder and Consumer Attorneys.

3. I received my A.B. degree from Harvard University and my J.D. in 1978 from New York University Law School. I am admitted to practice before the courts of the State of New York. Prior to joining Milberg LLP, I was associated with the law firm of Wachtell Lipton Rosen & Katz and also served as general counsel to the New York State Housing Finance Agency and the New York State Medical Care Facilities Finance Agency.

4. Because of the importance of fee-shifting to the class action practice, I make an effort to remain current with developments in attorneys' fees awards in New York's state and federal courts.

5. I have known lawyers at Outten & Golden LLP ("O&G"), primarily Adam Klein, for many years. I worked alongside Adam Klein and O&G in *Ansoumana v. Gristede's Operating Corp.*, No. 00 Civ. 253, when Judge Hellerstein appointed me and my firm to represent a subclass of delivery workers in 2003. Based on this experience and based on my knowledge of the legal market, I believe that O&G is one of the top employment law firms in New York City and in the country. O&G has a strong national reputation for prosecuting wage and hour class actions.

6. Law firms that prosecute class actions, like Milberg and O&G, take on a significant amount of risk. They expend attorney time and advance costs and expenses

without any guarantee that they will recover those investments. The risk of little or no recovery is a realistic possibility in every contingency case, often for reasons that are unforeseeable to counsel at the start of the case such as an intervening change in law or bankruptcy of the defendant. Such risks are not present in hourly work, where attorneys generally are paid on a regular basis regardless of the outcome of the case.

7. In cases where firms like Milberg obtain a favorable settlement, we often recover attorneys' fees under the percentage of the fund method and receive a multiplier, which helps compensate us for the risk we took. In other cases, where a settlement is smaller, the percentage of the fund method results in a fee award that is lower than the total value of the attorney time we actually spent on the matter.

8. Where we are prevailing parties, fees are often awarded on a lodestar basis with no enhancement, where, even if we are awarded all of the fees we request, we are not fully compensated for the risks we took.

9. In my opinion, it is important to adequately compensate lawyers who take on high-risk, low-reward public interest cases like *Torres*. Although a firm like mine will occasionally take on small cases because they are socially important, including when courts appoint us to do so, we cannot economically afford to do so every time such cases present themselves. O&G, therefore, fulfills the important role of providing legal services to classes of workers who would otherwise have a difficult time finding similarly competent counsel.

10. Based on my knowledge of the New York plaintiff-side lawyers' market and the abilities of O&G's lawyers, I believe that Mr. Klein's hourly rate of $740 and Mr. Swartz's hourly rate of $675 are reasonable and appropriate. I have reviewed the

3

requested hourly rates that O&G charges for their other lawyers and paralegals and believe that they are reasonable and appropriate as well. Because O&G is a premier firm in the employment law field, their rates should be at the high end of the range for plaintiffs' employment lawyers.

11. They appear reasonable compared to the rates my firm charges. My current hourly rate is $825. My firm's hourly-paying clients pay this rate for my services. My firm charges our hourly-paying clients between $350 and $525 per hour for associates and between $550 and $950 for partners.

12. Based upon my review of the Court's decisions in the case and other documents, I believe that, in the *Torres* case, O&G did excellent work and obtained an excellent result. O&G obtained summary judgment on liability for some of the significant class claims. In my experience, this rarely happens in wage and hour class actions. O&G obtained summary judgment in favor of two of the Plaintiffs on their retaliation claims. I have rarely seen summary judgment granted in favor of plaintiffs on such claims.

13. I am not associated with either party in this action and have no financial interest in the outcome of this case. I am not being paid for submission of this declaration.

_____
BARRY A. WEPRIN

Dated: New York, New York
       June 30, 2011