OUTTEN & GOLDEN LLP
Justin M. Swartz
Molly A. Brooks
Mariko Hirose
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS TORRES, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GRISTEDE'S OPERATING CORP., et al.,<br><br>Defendants. | Case No. 04-CV-3316 (PAC) |
| OSCAR AMARO, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GRISTEDE'S OPERATING CORP., et al.,<br><br>Defendants. | Case No. 08-CV-8531 (PAC) |
| DAVID BARRETO, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GRISTEDE'S OPERATING CORP., et al.,<br><br>Defendants. | Case No. 08-CV-9627 (PAC) |

DECLARATION OF JAMES M. FINBERG
IN SUPPORT OF MOTION FOR ATTORNEYS' FEES

I, James M. Finberg, declare as follows:

1. I am a partner in the law firm of Altshuler Berzon LLP, based in San Francisco, California. My firm and I have extensive experience litigating class and collective actions involving labor and employment law, civil rights, and campaign and election law.

2. I received a Bachelor of Arts Degree, with honors in history and environmental studies, from Brown University in 1980. I received a Juris Doctor degree from the University of Chicago Law School in 1983. At the University of Chicago Law School, I was the Executive Editor of the *University of Chicago Law Review*.

3. From Fall 1983 through Summer 1984, I served as a law clerk to the Honorable Charles L. Levin, a Justice of the Supreme Court of the State of Michigan.

4. Since 2005, I have been selected by *Best Lawyers in America* as one of the best lawyers in America in the field of law and employment law. I am a fellow of the American College of Labor and Employment Lawyers. Since 2005, I have also been designated by *San Francisco Magazine* as one of the top 100 attorneys in Northern California. In 2004, I was selected by *The Recorder* legal newspaper as one of the top plaintiff's employment litigators in the San Francisco Bay Area. In 2006, I was selected by *The Daily Journal* as one of the Top 100 lawyers in California. In 2009, I was named a California Lawyer of the Year by the *California Lawyer* magazine in the area of civil rights law.

5. In 2008, I taught Employment Discrimination Law at the University of California, Hastings College of Law, as an adjunct professor.

6. In 2005, I served as President of the Bar Association of San Francisco. From 2000 through 2001, I served as Co-Chair of the delegation of lawyer representatives from the

Northern District of California to the Ninth Circuit Judicial Conference. From 1997 through 1998 and 2009 through 2010, I served as Co-Chair of the Board of Directors of the Lawyers' Committee for Civil Rights of the San Francisco Bay Area. I am currently serving as a member of the Executive Committee of the Board of Directors of the Legal Aid Society-Employment Law Center. From 2008 to 2010 I served on the Visiting Committee of the University of Chicago Law School.

7. I am co-author of "Statistical and Other Expert Proof," in *Employment Discrimination Law* (4th ed., Lindemann and Grossman). I also edited the 2000 and 2002 Cumulative Supplements to Chapter 29, "Statistical Proof," of that treatise (3d ed.). I was an editor of *Securities Litigation Report* (Glasser Legal Works, 2004-2006) and a contributor to *Wage and Hour Laws: A State-by-State Survey* (BNA, 2004) and to *Fair Labor Standards Act: 2004 Cumulative Supplement* (BNA, 2004).

8. In addition, I am author or co-author of the following articles, among others: Co-author with Dennis McClelland, Paul L. Bittner and Janet Herold, *Get in the Game: The Latest News and Developments in Wage and Hour Litigation* (ABA 4th Annual CLE Conference November 2010); *Ricci v. DeStefano: Sound and Fury Signifying Little, For Now* (ABA EEO Conference March 2010);Co-author with Peder Thoreen, *The Impact of Morgan v. Family Dollar Stores on FLSA Collective Actions*, ABA Section of Labor and Employment Law (2009); Co-author with David Borgen, Julia Akins Clark, Peder Thoreen, Ellen C. Kearnes, and William C. E. Robinson, *White Collar Exemptions*, ABA Section of Labor and Employment Law: The Wage & Hour Track (2008); Co-Author with Peder J. Thoreen, *the Use of Representative Testimony and Bifurcation of Liability and Damages in FLSA Collective Actions* (ABA 2007); Co-Author with Peter E. Leckman, "Holding Customers Who Assist Securities Fraud Accountable Under

State Law," *Securities Litigation Report* (Vol. 3, No. 5, May 2006); Author, "State Law Wage/Hour Class Actions: Alive and Well in Federal Court," ABA Labor and Employment Section 2005; Co-Author with Melissa Matheny, "A Developing Consensus: THE PSLRA"s 'Basis' Requirement Does Not Require the Disclosure of Confidential Sources in a Complaint," *Securities Litigation Report* (Vol. 2, No. 1, July/August 2005) (Glaser Legal Works). Co-Author With Chimène I. Keitner, "New Overtime Regulations Require Heightened Vigilance," *San Francisco Attorney Magazine,* Spring 2004; Co-Author with Chimène I. Keitner, "Summary of Proposed DOL Regulations Re FLSA Overtime Exemptions" (2003) (American Bar Association - Labor and Employment Law, Federal Standards Legislation Committee Annual Report); "Title VII's Remedial Scheme: Employment Discrimination Class Actions at the Crossroads," *San Francisco Attorney* (August/September 2002); "Certification of Employment Discrimination Actions After The Passage of the 1991 Civil Rights Act: (b)(2) or Not (b)(2), That is The Question," *Class Actions & Derivative Suits,* Vol. 10 (March 2000); Co-Author with Joshua P. Davis, "Allison v. Citgo Petroleum Corp.- A Noble Retreat," *Class Actions & Derivative Suits,* Vol. 9, No. 1 (Winter 1999); Co-Author with Kelly Dermody, "Discovery in Employment Discrimination Class Actions," in *Litigation and Settlement of Complex Class Actions* (Glaser Legal Works 1998); Co-Author with Melanie M. Piech, "The Impact of the Private Securities Litigation Reform Act: Unintended Consequences," *Securities Reform Act Litigation Reporter,* Vol. 6, No. 3 (Dec. 1998); Co-Author with Karen Jo Koonan, "The Importance of Anecdotal Testimony to the Jury Trial of a Title VII Class Action: Lessons from Butler v. Home Depot," *Class Actions & Derivative Suits,* Vol. 8, No. 3 (Summer 1998); "Northern District of California Requires Internet Posting of Pleadings and Key Briefs In Securities Actions," *Securities Reform Act Litigation Reporter* (1997); "Class Actions: Useful Devices That Promote Judicial Economy

and Provide Access to Justice," 41 *New York Law School Law Review* 353 (1997); Co-Author with Melvin E. Goldman, "Deposing Expert Witnesses" in *Taking Depositions* (ABA) (1989); Co-Author with George C. Weickhardt, "New Push For Chemical Weapons," *Bulletin of the Atomic Scientist* (Nov. 1986); Comment, "The General Mining Law and The Doctrine of Pedis Possessio: The Case for Congressional Action," 49 *University of Chicago Law Review* 1027 (1982).

9. During my over 26 years of practice, I have served as an attorney in numerous State and Federal employment litigation cases. I have represented plaintiff classes in class actions on dozens of occasions, and I have served as a principal, or lead, attorney representing a plaintiff class in well over a dozen cases, including the following: *Butler v. Home Depot,* No. C94 4335 SI (N.D. Cal.) (settlement of $87.5 million, plus comprehensive injunctive relief, in gender discrimination case in 1998); *Rosenberg v. Int'l Bus. Machines Corp.,* No. CV 06-00430PJH (N.D.Cal.) ($65 million settlement of wage and hour class collective action in 2007); *Satchell v. Federal Express Corp.,* C03-2659 SI, C03-2878 SI (N.D.Cal.) (settlement of $55 million, plus comprehensive injunctive relief, of race and national origin discrimination claims in 2007); *Frank v. United Airlines,* No. C92 0692 MJI (N.D. Cal.) ($36.5 million gender discrimination settlement in 2004); *Giannetto vs. CSC Corp.,* CV 03-8201 (C.D. Cal.) ($24 million settlement of wage and hour case in 2005); *Amochaev v. Smith Barney*, C05-CV-1298 PJH (N. D. Cal.) (approval in 2008 of Consent Decree providing comprehensive injunctive relief, and $33 million in monetary relief in gender discrimination class action involving financial advisors); *Jaffe v. Morgan Stanley*, C06-CV-3903 TEH (N. D. Cal.) (approval in 2008 of Consent Decree providing comprehensive injunctive relief, plus $16 million in monetary relief, in race discrimination action involving financial advisors); *Gerlach v. Wells Fargo & Co.,*

4

05-00585 CW (N.D. Cal.) ($12.8 million settlement of wage and hour class and collective action in 2007); *Trotter v. Perdue Farms,* Case No. 99 893 (RRM) (D.Del.) ($10 million settlement in wage and hour case in 2002); *Thomas v. CSAA,* No. CH217752 (Alameda County Sup.Ct.) ($8 million settlement of insurance claim adjuster overtime case in 2002); *Gottlieb, et al v. SBC Communications, et al.,* No. CV-00-4139 AHM (C.D. Cal.) ($10 million ERISA settlement in 2002); *Buttram v. UPS.* No. 97-1590 MJJ (N.D. Cal.) ($12.2 million settlement, plus comprehensive injunctive relief, of race discrimination actions, in 1999); *Church v. Consolidated Freightways, Inc.,* 1993 WJ149840 (N.D. Cal.) ($13.5 million settlement in age discrimination case in 1993); *In re California Micro Devices Sec. Litig.* C 94 2817 VRW (N.D. Cal.) ($26 million in settlements – approximately 100% of losses); *In re Network Associates, Inc. Sec. Litig,* C99 1729 WHA (N.D. Cal.) ($30 million settlement in 2001); *In re Mediavision Tech Sec. Litig.,* C 94 1015 EFL (N.D. Cal.) (settlements and judgements totaling $218 million); *Danieli v. IBM* Case No. 08 CV 3688 (SHS) (final approval in 2010 of $7.5 million settlement of class and collective action regarding alleged misclassification of technology support workers).

    10.    In September 2003, I served as one of three primary trial counsel (along with Steven Zieff) representing plaintiffs in a three-week class and collective action liability phase trial involving approximately 2,700 insurance claims adjusters in *In Re: Farmers Insurance Exchange Claims Representatives' Overtime Pay Litigation*, No. MDL Docket No. 1439 (D. Or.). On November 6, 2003, Judge Robert E. Jones ruled in favor of the auto and low-level adjustors. The Court found that Farmers acted willfully in violating the FLSA, and that the auto and low-level adjustors were entitled to liquidated damages as well as actual damages. During 2004 and 2005, I and colleagues tried the damages phase of that case. Judgments totaling approximately $52.5 million were entered for plaintiffs in 2005. On March 30, 2007, a three-

judge panel of the Ninth Circuit affirmed in part, reversed in part, and remanded to the District Court for consideration of state law claims. *In re Farmers Exch., Claims Reps. Overtime Pay Litig.* 481 F.3d. 1119 (9th Cir. 2007). An $8 million settlement of that case received final approval in August, 2010.

11. Further information regarding my firm, our wage and hour practice, and my professional accomplishments can be found at http://altshulerberzon.com.

12. Over the years, I have come to know Adam Klein, Justin Swartz, Mariko Hirose, and many of the other attorneys at Outten & Golden LLP ("O&G"). I have worked with Mr. Klein and Mr. Swartz as co-counsel in class action employment cases, both wage and hour cases and employment discrimination cases, several times. I have also worked with Mr. Klein and Mr. Swartz in connection with several class action and wage and hour-related speaking engagements and other bar association activities, including activities of the American Bar Association Section on Labor and Employment Law. Mariko Hirose worked as a summer associate at Altshuler Berzon, LLP.

13. Mr. Klein and Mr. Swartz are considered national leaders in the field of employment law class actions, including wage and hour class actions. I believe that Mr. Klein and Mr. Swartz and among the top wage and hour lawyers in New York City and nationally. I and other lawyers from my firm frequently consult with Mr. Klein, Mr. Swartz, and other O&G lawyers on matters of litigation strategy in our wage and hour cases.

14. I frequently co-counsel with plaintiffs' firms around the country and in New York City. Based on this experience, I know that my firm and O&G are among a small number of top tier plaintiffs' employment firms that have the resources and experience necessary to properly litigate a complicated wage and hour class action case through trial.

6

15.     Firms like my firm and O&G are typically paid in class and collective actions on a contingency basis and must front all out-of-pocket expenses. This can cause a strain on even a large class action firm. Class action wage and hour practice is a risky practice that can result in the firm recovering none, or a small portion, of the fees and costs incurred in litigating the case. For example, in the *In re Farmers Exch., Claims Reps. Overtime Pay Litig.* (see paragraph 10, supra) we obtained a $52.5 million judgment after a trial in the district court, only to have that result reversed on appeal. 481 F.3d. 1119 (9th Cir. 2007). In that case my firm recovered only a small portion of the time and costs we invested. This is always a risk when a firm files a new class action wage and hour case. O&G took this risk when it filed *Torres*.

16.     I am informed and believe that in the *Torres case*, O&G did excellent work and obtained an excellent result. O&G obtained summary judgment on liability for some of the significant class claims. This rarely happens in wage and hour class actions in my experience. Also, I am informed and believe that O&G obtained summary judgment in favor of two of the Plaintiffs on their retaliation claims. I have rarely seen summary judgment granted in favor of plaintiffs on such claims.

17.     My current hourly rate is $825 per hour. Two clients have paid me at that hourly rate for my work on their matters this year. My partner, Eve Cervantez, who frequently works with me on wage and hour cases, charges $700 per hour. The rates of other partners at my firm range from $520 to $825 per hour, and associate attorneys' rates range from $285 to $430 per hour. Our billing rate for paralegals is $215 per hour. We believe that these rates are reasonable given the demands and complexity of our national practice.

18.     In my experience, hourly rates in New York City are typically higher than or equal to San Francisco rates.

7

19. I have reviewed O&G's hourly rates. Based on my experience, these rates are reasonable and appropriate given O&G's lawyers' skill, expertise, and reputations, and are within the range of rates charged by attorneys with similar backgrounds and expertise in similar types of matters.

20. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. If called as a witness, I could and would testify competently to the matters stated herein, except for those stated on information and belief.

Dated: San Francisco, CA
June 27, 2011

_____
James M. Finberg