UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3 - 12-12

---

CARLOS TORRES, RUBEN MORA,
BOBBY IRIZARRY, LEWIS CHEWNING,
GILBERTO SANTIAGO,
WILLIAM HELWIG, ROBERT MISURACA,
JOSEPH CREMA, MARIO DIPRETA,

VICTOR PHELPS, JOSELITO AROCHO,
ALFRED CROKER, DANIEL SALEGNA,
FRANK DELEON, and ROBERT PASTORINO,
on behalf of themselves and all others similarly situated,

                    Plaintiffs,

            -against-

GRISTEDE'S OPERATING CORP.; NAMDOR, INC.;
GRISTEDE'S FOODS, INC.; CITY PRODUCE
OPERATING CORP.; GRISTEDE'S FOODS NY, INC.,
JOHN CATSIMATIDIS, JAMES MONOS, and
GALO BALSECA,

                    Defendants.

No. 04 CV 3316 (PAC)

STIPULATION AND
[PROPOSED] ORDER
REGARDING FINAL
DISTRIBUTION

---

WHEREAS, on December 22, 2011 the parties filed with this Court a joint proposed
stipulation ("Stipulation") to modify Paragraph 3.7(C) of the Joint Agreement of Settlement and
Release ("Settlement Agreement") entered into by the parties and approved by the Court; and

WHEREAS, on December 22, 2011 the Court approved the Stipulation and Ordered that
$200,000.00 of the settlement fund that was originally allocated to certain charities in accordance
with the Stipulation could be used for other purposes set forth in the Stipulation (the "December
22, 2011 Order"), including distribution of a portion of the $200,000 to the Class; and

WHEREAS, the Settlement Class Members have received the full amounts described in the Notice they each received; and

WHEREAS, through the December 22, 2011 Stipulation and Order, Class Counsel secured additional monies which will be paid to Settlement Class Members through an additional (third) distribution brought about through the Stipulation; and

WHEREAS, the payroll taxes to be paid in connection with the implementation of the Settlement have been greater than anticipated by the Defendants, including in part due to a change in the tax law since the execution of the Settlement Agreement; and

WHEREAS, the fees of the independent Claims Administrator have been substantially greater than anticipated by the Defendants; and

WHEREAS, the parties agree that it was a beneficial service to the Class Members to have an experienced, professional Claims Administrator available to assist Class Members and to otherwise implement the settlement; and

WHEREAS, the Claims Administrator cannot make the final distribution to the Class Members until the issues of payroll taxes and the Claims Administrators' fees are resolved; and

WHEREAS, the parties have agreed that, in order to ensure as timely a distribution to the Class Members as possible and to avoid additional motion practice regarding responsibility for the Claims Administrator's fees, a portion of the outstanding Claims Administrator fees should be paid out of the funds made available to the Class pursuant to the December 22, 2011 Stipulation and Order and a portion should be paid by Defendants; and

WHEREAS, two individuals, who were not originally identified as Settlement Class Members ("Unidentified Class Members") came forward during the Administration of this Settlement who were not included as Settlement Class Members in the initial distributions; and

WHEREAS, the parties have agreed that these individuals should be included in the Settlement and receive their proportionate settlement share as if they had originally been included in the Settlement payments, and the Claims Administrator has determined their entitlement under the Settlement to collectively be $26,664.93; and

WHEREAS, two other individuals who are Settlement Class Members were inadvertently sent incorrect amounts when they received their Settlement Checks ("Incorrect Check Class Members"), and the Claims Administrator has determined that the additional amount that should be paid to them is collectively $25,909.42; and

WHEREAS, checks totaling $23,728.33 ("Uncashed Checks") were issued to Settlement Class Members that remained negotiable for over 120 days and were never cashed (and replacement checks were never requested); and

WHEREAS, pursuant to the Settlement Agreement the amount of the Uncashed Checks is now available to be used as part of the Settlement to be distributed to Class Members who have agreed to participate in the Settlement; and

WHEREAS, there is one individual who has opted out of being a Settlement Class Member ("Opt-Out") and under the Settlement Agreement that money may be returned to Gristede's, and the Claims Administrator has determined that this individual's settlement share would have been $400.34; and

WHEREAS, the Claims Administrator has distributed the money in the Total Settlement Fund according to the Settlement Agreement, except for the $200,000.00 modified by the Stipulation and December 22, 2011 Order of this Court; and

DB1/ 69290088.1

WHEREAS, Defendants have a continuing obligation to make any payments to the Claims Administrator under Paragraph 2.1 of the Settlement Agreement which have not yet been paid;

NOW, THEREFORE, all parties, through their undersigned counsel, hereby stipulate and agree as follows, and ask that the Court issue an order that:

1.      The Stipulation, December 22, 2011 Order and Settlement Agreement are all hereby modified and superseded such that the $200,000.00 allocation discussed in the Stipulation, the Uncashed Check amount of $23,728.33, and the amount for the one opt-out of $400.34 will be divided as follows, and in the following order:

        a.      Of the $100,000 made available in the Stipulation to be distributed to Settlement Class Members, the Claims Administrator will use the first $25,909.42 to pay the Incorrect Check Class Members, use the next $20,000.00 to pay a portion of its current outstanding fees, and distribute the final $54,090.58 to the Settlement Class Members who submitted Consent to Join Settlement Class & Settlement Claim Certification Forms, using the same allocation formula used to determine the initial payments to Settlement Class Members.

        b.      The Claims Administrator will use the $23,728.33 in Uncashed Checks to pay the Unidentified Class Members, to which another $2,936.60 will be contributed by Gristede's no later than March 14, 2012 as noted in paragraph c below.

        c.      Of the $100,000 Defendant's portion, the Claims Administrator will retain $6,159.13 of interest accrued on the Settlement Fund to pay a portion of its current outstanding fees. Of the $93,840.87 balance, made available in the Stipulation to be returned to Gristede's, the Claims Administrator has already utilized $55,773.68 for the payment of tax obligations arising under the Settlement in connection with settlement payments. Of the remaining

$38,067.19, the Claims Administrator will use the first $2,936.60 to pay the Unidentified Class Members so that they are then paid in full, use the next $6,835.07 to satisfy the final outstanding payroll tax obligations in connection with any settlement payments, and use the final $28,295.52 of this amount as payment towards its current outstanding fees.

   d.  The Claims Administrator will use the $400.34 from the Opt-Out as payment towards its current outstanding fees.

   e.  The Claims Administrator will use $9,336.22 in previously undistributed funds, which consists of the net undistributed residual amount after the release of a previous 2011 Fund income tax reserve, as payment toward its current outstanding fees.

   f.  Gristede's will pay the Claims Administrator the balance of its total remaining outstanding fees, of $13,808.79 (which equates to $78,000 current outstanding less the $64,191.21 described above) pursuant to a final adjusted invoice which reflects this Stipulation and to be provided by the Claims Administrator no later than March 12, 2012, with final payment to be made by Gristede's no later than March 14, 2012.

   g.  The Claims administrator is authorized to use any final residual balance in the Net Settlement Fund resulting from any additional uncashed checks or otherwise, after a period to cash the checks of 60 days from the date the checks are mailed, to pay fees and expenses incurred in excess of the $78,000 current invoice, after notification and consent of counsel for the parties of the amount involved.

   h.  The Claims Administrator shall distribute the amounts described in Paragraph 1 (a), (c) and (d) no later than 10 business days after entry of this order.

DB1/ 69290088.1

2.      Upon cashing their checks the Unidentified Class Members are included in and covered by all of the terms of the Settlement including the release of claims contained therein, and their covered claims are fully released.

3.      The Claims Administrator shall include with the Final Payment the Court Authorized Notice attached as Exhibit 1, instead of Exhibit A attached to the Stipulation.

4.      Nothing in this agreement shall change any term of the Settlement Agreement except Paragraph 3.7(C) as specifically described herein. Except as provided herein, the Settlement Agreement will continue to be in effect without modification of any party's rights or obligations.

SO STIPULATED:

Dated:  March 9, 2012                              Dated:  March 9, 2012

OUTTEN & GOLDEN LLP                    MORGAN, LEWIS & BOCKIUS LLP

By: _____          By: _____
        Justin M. Swartz                                Christopher A. Parlo
        3 Park Avenue, 29th Floor                  101 Park Avenue
        New York, NY 10016                         New York, NY 10178
        (212) 245-1000                                  212-309-6000
        *Attorneys for Plaintiffs and Class*       *Attorneys for Defendants*

SO ORDERED.
Dated: New York, New York
        March 12, 2012

_____
U.S.D.J.

DB1/ 69290088.1

Exhibit 1

## NOTICE OF FINAL PAYMENT UNDER THE CLASS ACTION SETTLEMENT

# This is the final payment you will receive from this class action settlement. You have 60 days from the date it was mailed to cash the enclosed check

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- You are receiving this payment because you filed a Consent to Join Settlement Class & Settlement Claim Certification Form in the lawsuit by Department Managers and Co-Managers alleging that Gristede's failed to pay them overtime for hours that they worked over 40 and other wages.

- The payments that Gristede's was required to make in installments under the Settlement Agreement were accelerated. Gristede's paid a total of $2,111,327.41 on October 3, 2011, which includes the Total Settlement Fund Amount and accrued interest in the amount of $41,327.42. The payment you received in the October 2011 distribution was your share of this amount.

- On XXX, the Court ordered, by agreement of the parties, that $82,936.60 of $200,000 in settlement proceeds that was originally supposed to go to certain charities will be distributed to you and other class members. There is also $23,728.33 of checks that were distributed to Class Members and never cashed, and that amount will also be distributed to you and other class members. The balance of the $200,000 in settlement proceeds that was originally supposed to go to certain charities, will be used to pay additional tax obligations in connection with the settlement payments and additional fees owed to the Claims Administrator.

- **This is the last payment that you will receive under the Settlement Agreement.**

- **You have only 60 days from the date the enclosed check was mailed to you to cash the check. After that date the check will no longer be negotiable and the funds will not be available to you.**

- If you have questions about the settlement, you can call Mariko Hirose or Outten & Golden LLP at 1-877-468-8836, toll free; write to Gristede's Settlement, 3 Park Avenue, 29th Floor, New York, New York, 10016; or visit www.outtengolden.com.

DB1/ 69290088.1