N.Y.S.D. Case # 04-cv-3316(PAC)

MANDATE

12-3336
Torres v. Gristede's Operating Corp.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand thirteen.

PRESENT: CHESTER J. STRAUB,
REENA RAGGI,
     *Circuit Judges*,
BRIAN M. COGAN,
     *District Judge*.[*]



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 12, 2013

-----------------------------------------------------------------------
CARLOS TORRES, on behalf of himself and all others similarly situated, LEWIS CHEWNING,
     *Plaintiffs–Counter-Defendants–Appellees*,

BOBBY IRIZARRY, RUBEN MORA, JOSELITO AROCHO, JOSEPH CREMA, ALFRED CROKER, FRANK DELEON, MARIO DIPRETA, WILLIAM HELWIG, ROBERT MISURACA, ROBERT PASTORINO, VICTOR PHELPS, DANIEL SALEGNA, GILBERTO SANTIAGO,
     *Plaintiffs–Appellees*,

RAYMOND ALLEN, LLANOS BLAS, NABIL ELFIKY, MOHAMMED DABASH, CARLOS MARTINEZ, LUIS MORALES, STEVE GROSSMAN, FRANKLYN

---

[*] Judge Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

MANDATE ISSUED ON 06/12/2013

COLLADO, DINO A. ZAINO, PATRICK LABELLA, ROBERT MASTRONICOLA, ANTHONY BROOKS, VICTOR BENNETT, CANDIDO MOREL, JOSE MARTINEZ, WAYNE HENDRICKS, HAROLD HORN, TROY MILLER, OUSMANE DIATTA, ELLIOT STONE, TINA RODRIGUEZ, GABRIEL KARAMANIAN, BRIAN HOMOLA, ANNA GARRETT, NELSON BETANCOURT, JOSE DELACRUZ, YURI LAMARCHE, MICHAEL GROSECLOSE, RODOLFO DELEMOS, PIO MOREL, ABIGAIL CLAUDIO, MALICK DIOUF, DAVID OTTO, ALEJANDRO MORALES, VICTOR DIAZ, PAUL PETROSINO, EDUARDO GONZALEZ, JR., JOSE BONILLA-REYES, VINCENT PEREZ, MARTIN GONZALEZ, CALVIN ADAMS, WILLIAM FRITZ, KATHERINE HALPERN, CHRISTIAN TEJADA, EDWARD STOKES, PLINIO MEDINA, TOWANA STARKS, LAWSON HOPKINS, RUBEN M. ALEMAN, EUGENE RYBACKI, EARL CROSS, MANOLO HIRALDO, ROBERT HAIRSTON,
    *Plaintiffs*,

        v.                          No. 12-3336-cv

GRISTEDE'S OPERATING CORP., NAMDOR, INC., GRISTEDE'S FOODS, INC., CITY PRODUCE OPERATING CORP., GRISTEDE'S FOODS NY, INC.,
    *Defendants–Counter-Claimants–Appellants,*

GALLO BALSECA, JOHN CATSIMATIDIS, JAMES MONOS,
    *Defendants–Appellants.*

------------------------------------------------------------------------

APPEARING FOR APPELLANTS:    IRA N. GLAUBER (Gregory E. Galterio, Bension D. De Funis, *on the brief*), Jaffe & Asher LLP, New York, New York.

APPEARING FOR APPELLEES:    JUSTIN M. SWARTZ (Adam T. Klein, Molly A. Brooks, Outten & Golden LLP; Matthew D. Brinckerhoff, Emery Celli Brinckerhoff & Abady LLP, New York, New York, *on the brief*), Outten & Golden LLP, New York, New York.

2

Appeal from a judgment and order of the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on December 21, 2010, and the fee award dated August 6, 2012, are AFFIRMED.

Defendants Gristede's Operating Corp. and certain related companies and individual officers (collectively, "Gristede's") appeal from an award of $3,858,059.85—comprising $3,415,450.00 in attorney's fees and $442,609.85 in costs—in connection with a $3,530,000 settlement on the eve of trial of class action claims under the Fair Labor Standards Act ("FLSA"), see 29 U.S.C. § 201 et seq., and New York state law, see N.Y. Lab. Law § 650 et seq.; see also 29 U.S.C. § 216(b) (authorizing award of "reasonable attorney's fee" and costs to successful FLSA plaintiff); N.Y. Lab. Law § 663(1) (same for state law claims). We review the challenged fee award only for abuse of discretion, which we will not identify unless the award is predicated on an error of law, is based on clearly erroneous factfinding, or cannot be located within the range of permissible decisions. See Millea v. Metro-N. R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011). Purporting to identify each type of error, Gristede's submits that the district court (1) failed adequately to examine plaintiffs' counsel's billing records, which task, if performed, would have prompted a reduction greater than the 15%

applied to the requested fees;[1] (2) erroneously relied on Gristede's "vigorous approach to litigating this case" to justify the fee award, Torres v. Gristede's Operating Corp., No. 04 Civ. 3316 (PAC), 2012 WL 3878144, at *4 (S.D.N.Y. Aug. 6, 2012); and (3) impermissibly awarded fees and costs in a total sum that was disproportionate to the settlement and that exceeded the customary one-third recovery in contingency fee cases.  Gristede's further maintains that the district court should not have awarded costs related to expert witnesses.  We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to affirm the challenged award in all respects.

1.  Failure To Analyze Billing Records

Gristede's contends that, although the district court reduced the amount of attorney's fees sought, it abused its discretion both by not meaningfully analyzing the contemporaneous billing records submitted by plaintiffs' counsel and by failing expressly to consider the factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), in arriving at the contested award.  Neither argument is persuasive.

---

[1] To support the fee award's reasonableness, plaintiffs cite to their own "voluntary reductions" of the requested fees by 25% and costs by 6%, prior to the district court's discounting the revised amounts.  Appellees' Br. 2.  These initial reductions corrected for, among other things, "duplicative, vague, or erroneously billed entries," Torres v. Gristede's Operating Corp., No. 04 Civ. 3316 (PAC), 2012 WL 3878144, at *4 (S.D.N.Y. Aug. 6, 2012), including billing at partner rates all time of certain associates who were promoted to partner during the litigation, see id. at *2 n.3.  Accordingly, we view plaintiffs' revised submission, inclusive of the 25% reduction, as the starting point for determining the reasonableness of the challenged award.

We begin by noting the Supreme Court's recent instruction that "[t]he essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." Fox v. Vice, 131 S. Ct. 2205, 2216 (2011). Insofar as this goal required the district court to assess counsel's billing rates, we have directed consideration of "the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees"—including the Johnson factors—"in setting a reasonable hourly rate." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008); see also id. at 186 n.3 (enumerating Johnson factors).

Gristede's does not challenge the reasonableness of the hourly rates assigned by the district court here. Nor could it. After carefully examining rates awarded in prior cases, the district court discounted by up to 25% the individual rates sought by plaintiffs' counsel, thus reducing the fee demand by $600,000. See Torres v. Gristede's Operating Corp., 2012 WL 3878144, at *3–4. This approach comports with the recognized practice of "percentage cuts as a practical means of trimming fat from a fee application." New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1146 (2d Cir. 1983); accord Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998).

To the extent Gristede's faults the district court—which presided over the litigation for more than seven years and adjudicated nine major motions and most discovery disputes during that time—for not parsing the billed hours further, we identify no abuse of discretion. Trial courts evaluating fee requests "need not, and indeed should not, become

5

green-eyeshade accountants." Fox v. Vice, 131 S. Ct. at 2216 (noting that district courts "may take into account their overall sense of a suit" in estimating compensable attorney time, which determinations are owed "substantial deference"); see McDaniel v. County of Schenectady, 595 F.3d 411, 416 (2d Cir. 2010) (reiterating that abuse-of-discretion standard "takes on special significance when reviewing fee decisions" because district court, unlike reviewing court, is "intimately familiar with" case (internal quotation marks omitted)).

Gristede's' contention that the district court abdicated its responsibility to review the applications, see Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994) (vacating fee award premised on undue deference to attorneys' billing judgment), is meritless. The district court summarized the pertinent billing records in charts appearing in its opinion and evinced familiarity with those records and the case as a whole at oral argument on the fee motion. When the court asked Gristede's at oral argument to provide it with an appropriate total number of compensable hours, Gristede's responded that only a "one-third" recovery "on a percentage basis" would be suitable. Hearing Tr. 12, J.A. 2945. We address—and reject—that contention below.

Accordingly, the district court did not abuse its discretion by failing to examine plaintiffs' billing entries in detail or to consider the factors set forth in Johnson v. Georgia Highway Express, Inc. before awarding fees and costs.

2.  Justification for Fee Award

Gristede's argues that the district court clearly erred in concluding that plaintiffs' proposed hours were reasonable in light of Gristede's' "vigorous approach to litigating th[e] case." Torres v. Gristede's Operating Corp., 2012 WL 3878144, at *4 (attributing "much of the work performed by Plaintiffs . . . to Defendants' choice of litigation tactics"). As record support for the district court's conclusion, plaintiffs point to a range of purportedly obstreperous behavior by Gristede's that added to the cost of litigation. See Kassim v. City of Schenectady, 415 F.3d 246, 252 (2d Cir. 2005) (observing that "hours required to litigate even a simple matter can expand enormously" where "attorney is compelled to defend against frivolous motions and to make motions to compel [discovery] compliance").

We need not decide the precise extent to which these litigation tactics expanded plaintiffs' costs to conclude that the district court did not clearly err in determining that there was such an effect, which explained why plaintiffs reasonably incurred such high fees. Moreover, because the district court referenced Gristede's' litigation tactics only to explain why plaintiffs incurred such high attorney's fees and not to sanction Gristede's for defending the action as it did, there is no merit to the suggestion that the fee award penalized Gristede's for exercising its constitutional rights.

3.  Proportionality of Fee Award to Settlement Amount

Arguing that the fee award is both disproportionate to plaintiffs' success in the litigation and out of line with awards in "common fund" cases, Gristede's submits that the

"fee award in this case should have been no more than one-third." Appellants' Br. 49. On deferential abuse-of-discretion review, we disagree.

The proportionality of the $3.42 million fee award is not to be judged, as Gristedes urges, against the dollar value of the $3.53 million settlement. See Kassim v. City of Schenectady, 415 F.3d at 252 (dispelling "notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation"). Rather, "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" Farrar v. Hobby, 506 U.S. 103, 114 (1992) (quoting Hensley v. Eckerhart, 461 U.S. 424, 436 (1983)). Plaintiffs' successes here included procuring summary judgment on FLSA liability, see Torres v. Gristede's Operating Corp., 628 F. Supp. 2d 447, 457–62 (S.D.N.Y. 2008), and achieving a significant monetary recovery (up to $38,000 per class member) as well as injunctive and other non-monetary relief.

Moreover, even if this were a "common fund" case—which Gristede's concedes it is not—we would not identify error in the fee award. As Gristede's previously acknowledged, the district court would have remained "free to pick and choose" between the lodestar and percentage methods in determining a reasonable attorney's fee. Hearing Tr. 5, J.A. 2938; see McDaniel v. County of Schenectady, 595 F.3d at 426. Calculated "on the basis of the total funds made available," Masters v. Wilhelmina Model Agency, Inc., 473 F.3d 423, 437 (2d Cir. 2007)—i.e., as if it were a common settlement fund—the $3.86 million total award of costs and fees here represents 52.2% of the entire $7.39 million recovered by plaintiffs. Such

Case 1:04-cv-03316-PAC Document 471 Filed 06/12/13 Page 9 of 10

an "award does not constitute an abuse of discretion simply because it deviates materially from the percentage usually awarded in similar cases." McDaniel v. County of Schenectady, 595 F.3d at 426 (internal quotation marks and alterations omitted); see also Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir. 2000) (encouraging use of hours billed as "cross check" on percentage fee award). In short, although the district court was permitted to cap the fee request at standard contingency-fee levels, it was not required to do so where, as here, it concluded that higher fees were reasonably incurred.

Finally, Gristede's submits that an award of costs and attorney's fees that equals or exceeds the pecuniary value of a significant cash settlement contravenes the goals of fee shifting. This argument overlooks the fact that the $3.53 million settlement reduces on average to $11,194 for each of the roughly 300 individual class members. While a rational actor might not pay $10,843—the similarly prorated amount of attorney's fees—to recover but a few hundred dollars more, "[t]he whole purpose of fee-shifting statutes is to generate attorneys' fees that are disproportionate to the plaintiff's recovery." Millea v. Metro-N. R.R. Co., 658 F.3d at 169 (emphasis in original) (holding that district court impermissibly limited attorney's fees to one-third of $612.50 recovery on Family Medical Leave Act claim).

Accordingly, the district court did not abuse its discretion by awarding attorney's fees in an amount exceeding one-third of the settlement's pecuniary value.

4. <u>Expert Witness Costs</u>

Gristede's faults the district court for reimbursing plaintiffs $306,918.64 in expert witness costs, arguing that such costs are not recoverable under the FLSA. Plaintiffs respond that recovery of expert witness costs is allowed by the partial final judgment entered by the district court, <u>see</u> Partial Final Judgment ¶ 3, <u>Torres v. Gristede's Operating Corp.</u>, No. 04 Civ. 3316 (S.D.N.Y. Oct, 6, 2011), ECF No. 421 (reciting that defendants remain liable for "attorneys' fees, costs, and expenses as determined by the Court"), as well as under New York law in "extraordinary circumstances," <u>Alvarado v. Dillon</u>, 67 A.D.3d 1214, 1216, 888 N.Y.S.2d 673, 676 (3d Dep't 2009) (citing N.Y. C.P.L.R. § 8301)). We need not evaluate these counterarguments, however, because Gristede's forfeited its underlying argument regarding the legal availability of expert witness costs by failing to raise it in the district court. <u>See</u> <u>Coon ex rel. Coon v. Willet Dairy, LP</u>, 536 F.3d 171, 172 (2d Cir. 2008). Moreover, the district court did not abuse its discretion in concluding that the invoices submitted by plaintiffs were sufficient to support the requested expert witness costs.

The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit